## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CHANTAL BASTIAN, on behalf of
herself and all others similarly
situated,

     Plaintiff,

v.                                                                  Case No. 3:13-cv-1454-J-32MCR

UNITED SERVICES AUTOMOBILE
ASSOCIATION, USAA CASUALTY
INSURANCE COMPANY, GARRISON
PROPERTY AND CASUALTY
INSURANCE COMPANY, and USAA
GENERAL INDEMNITY COMPANY,

     Defendants.

---

### <u>ORDER</u>

This case is before the Court on the Defendants Garrison Property and Casualty

Insurance Company, United Services Automobile Association, USAA Casualty

Insurance Company, and USAA General Indemnity Company's (collectively, "USAA")

Motion to Seal Pursuant to Fed. R. Civ. P. 26(c)(1)(G) (Doc. 48), filed on November 21,

2014. At the Court's direction, on December 2, 2014, USAA filed a certification

pursuant to Local Rule 3.01(g) that Plaintiff Chantal Bastian did not object to the

motion to seal. (Doc. 55.) Upon due consideration, the Court determines that the

motion to seal should be granted.

USAA has filed a motion for summary judgment on Bastian's claims that it has

failed to fully reimburse its policyholders for sales tax when their automobiles are total

losses. (Doc. 47.) USAA seeks to file in support of its motion for summary judgment six business records reflecting their internal operating procedures for the handling of automobile insurance claims. (Doc. 48.) USAA wishes to file these materials with the Court because they contain information regarding payment of sales tax, including USAA's historical practice on paying sales tax and the reasons for its practices, which USAA contends is relevant to the Court's determination of whether USAA has acted improperly. (Id. at 3-4.) According to USAA, it is insurance industry practice to protect such internal operating procedures from disclosure to competitors because the procedures are the result of a significant investment of time and money and their disclosure would provide competitors these valuable materials at no cost. (Id. at 4; Doc. 48-1, ¶¶ 3, 8-11.) USAA in particular guards its internal operating procedures by storing them only electronically on the company's intranet, which is in turn password-protected and restricted to those who have agreed to USAA's information security procedures. (Doc. 48 at 4; Doc. 48-1, ¶ 7.) USAA therefore moves for leave to file these documents under seal.

The public has "a common-law right to inspect and copy judicial records and public documents." In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987) (per curiam) (citations omitted). The public's right of access to judicial records may be overcome, however, by a showing of good cause by the party seeking protection. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1313 (11th Cir. 2001); see also Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). Good cause "generally signifies a sound basis or legitimate need to take judicial action." In

re Alexander, 820 F.2d at 356.

If good cause has been shown, the court must then balance the interest in obtaining access to the information against the interest in keeping the information confidential. Chicago Tribune Co., 263 F.3d at 1313. In balancing these interests:

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero, 480 F.3d at 1246 (citations omitted). Moreover, even in the absence of any challenge to sealing the information, the court, as "the primary representative of the public interest in the judicial process," is duty-bound "to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

To aid the court in its review, Local Rule 1.09 requires any motion to seal to provide:

> (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

M.D. Fla. R. 1.09(a).

The Court finds that there is good cause for USAA to file the materials at issue under seal. USAA has shown that its internal operating procedures are proprietary

and may be relevant to the Court's consideration of USAA's motion for summary judgment. No means other than sealing is likely to protect the confidential nature of the documents while providing the Court what it needs to resolve USAA's motion for summary judgment. Moreover, the public's interest in this information is outweighed by the interest in preserving the confidentiality of this information. Finally, the Court finds good cause for the materials to remain under seal for the duration of this litigation.

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Seal Pursuant to Fed. R. Civ. P. 26(c)(1)(G) (Doc. 48) is **GRANTED**. USAA shall mail or hand-deliver the materials to be filed under seal to the Clerk. The documents will remain under seal for the duration of this litigation or until further order of the Court.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of December, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies to:

Counsel of record