**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHANTAL BASTIAN, SANDRA ADDA, ROBERT BELTRAMI, WILLIAM LAKER, OLIVER SUTTON, on behalf of themselves and all others similarly situated,

Plaintiffs,

v. Case No. 3:13-cv-1454-J-32MCR

UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, and USAA GENERAL INDEMNITY COMPANY,

Defendants.

**ORDER**

On September 29, 2015, the Court denied the motion for summary judgment filed by the four insurance company defendants in this proposed class action and took under advisement the cross motion for summary judgment filed by the four policyholder plaintiffs. (Doc. 90.) To that point, the parties and the Court had agreed to set aside the issue of class certification. (Id. at 21.) In its September 29 Order, the Court asked the parties to confer and, by November 2, 2015, file a joint report advising how they wished to proceed with the remainder of the case. (Id.) Before the deadline, on October 27, 2015, the defendants filed a motion asking the Court to amend the Order to include a certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b)

and to stay the case pending resolution of the appeal. (Doc. 92.) On November 2, 2015, plaintiffs filed a response objecting to an interlocutory appeal and opposing any stay should an interlocutory appeal be allowed. (Doc. 94.) The same day, the parties filed the requested joint report containing their competing proposals for handling the rest of the case. (Doc. 93.)

Upon due consideration, the Court concludes that defendants' motion should be granted in part. 28 U.S.C. § 1292(b) provides, in part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b) (emphasis added). If the district judge so states, the court of appeals then has discretion to permit an appeal upon proper application. Id.

The Court believes interlocutory appeal of the September 29 Order under § 1292(b) is appropriate and, consistent with authority, will amend the September 29 Order to provide the required certification and the reasons for it. McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1255 (11th Cir. 2004) (suggesting district court should specify the controlling question of law warranting interlocutory appeal); In re Hamilton, 122 F.3d 13, 14 (7th Cir. 1997) ("[I]t would be a great help to us if the district court, whenever it certifies a case for an immediate appeal under 1292(b), explained *why* it thinks the case satisfies the statutory criteria."); see Fed. R. App. P. 5(a)(3) (permitting the district court to amend its order to include the certification required to petition for appeal).

The Court will take under advisement, however, defendants' request for a stay pending the Eleventh Circuit's decision whether to allow interlocutory appeal and, if so, resolution of the appeal. Generally, an appeal under § 1292(b) does not stay proceedings in the district court absent order of the district court or court of appeals. 28 U.S.C. § 1292(b). The parties' positions set forth in the joint report paint starkly different portraits of how the case would proceed without a stay. (See Doc. 93.) The Court will therefore grant the parties' request for a scheduling conference to discuss their positions and whether a stay pending appeal is appropriate. In the meantime, though, all proceedings in this Court are stayed until further order of the Court.

Accordingly, it is hereby

**ORDERED**:

1. Defendants' Motion to Certify Order on Cross Motions for Summary Judgment for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and for a Stay of Proceedings in Connection Therewith (Doc. 92) is **GRANTED in part** and **TAKEN UNDER ADVISEMENT in part** to the extent discussed above.

2. The September 29, 2015 Order (Doc. 90) is **VACATED**, to be replaced by an amended order.

3. This case **SET** for **TELEPHONE STATUS HEARING** on **March 4, 2016**, at **2:30 p.m.**, before the undersigned.[1]

---

[1] If the Eleventh Circuit rules on the request for interlocutory appeal before this date, either party may move to advance the date of the status hearing.

**The parties are directed to contact CourtCall at (866) 582-6878 no later than March 2 to make the telephone conference call arrangements**. CourtCall will provide counsel with a number to call ten minutes before the hearing for a


**DONE AND ORDERED** at Jacksonville, Florida this 10th day of December, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

bjb.
Copies to:

Counsel of record

---

CourtCall operator who will then connect the parties with the courtroom's audioconference system. There is a fee for using this service ($30 per caller for the first 45 minutes, $7 per 15 minute increment thereafter). **The parties may not use cell phones or speaker phones during the call**.