UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CHANTAL BASTIAN, on behalf of herself
and all others similarly situated,

  Plaintiff,

vs.

UNITED SERVICES AUTOMOBILE
ASSOCIATION, et al.,

  Defendants.

CASE NO.: 3:13-cv-001454-TJC-MCR

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' SECOND NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) DATED JUNE 22, 2016**

Defendants United Services Automobile Association, USAA Casualty Insurance Company, Garrison Property and Casualty Insurance Company and USAA General Indemnity Company (collectively, "Defendants") hereby object to Plaintiffs' Second Notice of Rule 30(b)(6) Deposition dated June 22, 2016 as follows:

**OBJECTIONS TO DEFINITIONS**

1. Defendants object to the definitions of "**Form 5100FL Policy**," "**Form 5100 Insured**," "**Forms 5100FL**," "**Form 5100FL**," "**document**" and "**Representative Claim File**" on the grounds that these definitions are not used in the subject matters for examination, and are therefore superfluous. Defendants also object to the definition of "**document**" as overly broad, unduly burdensome and inappropriate for a Rule 30(b)(6) deposition notice.

2. Defendants object to the definition of "**Component of Coverage**" insofar as it includes or segregates items that are not broken out separately in the manner in which Defendants issue or record payments. Defendants also object to this definition insofar as it includes some items, such as "partial or prior payments" that are not categorized as such in

14994148-v1

Defendants' data and may fall in various categories. Defendants also object to this definition to the extent it includes items, such as personal property, rental reimbursement, transportation expenses reimbursement, towing reimbursement and delivery of gas or oil reimbursement, which are not relevant to the parties' claims or defenses in this lawsuit.

### OBJECTIONS TO SUBJECT MATTERS OF EXAMINATION

1.  The data descriptions, field definitions, data storage process, data location, data information source, how data was entered into computer systems, how data was/is maintained by Defendants, data reliability, how data was or is used by **Defendants**, how data collection and maintenance changed during the **Class Period**, data collected as part of the claim handling process, and whether any data is missing, was not retained, or was destroyed for the following information: for each and every first party **PPA physical damage total loss claim** during the **Class Period**, any and all claim and payment information, including but not limited to the following information:

   a. the insured and address including county of residence

   b. insurer, policy form, and claim number

   c. date of loss

   d. type of loss claim (collision or comprehensive)

   e. first party physical damage payment information (date, amount, and payee of each and every physical damage payment made to the insured and/or vehicle lienholder or other entity)

   f. **Insured Vehicle Value**

   g. **Insured Vehicle Sales Tax**

   h. All **Components of Coverage**

i. the amount in sales tax paid to the insured, lienholder, or other entity and date of payment

j. the maximum amount of sales tax that USAA would have paid to cover sales tax if the insured purchased a replacement vehicle and paid greater sales tax on the replacement vehicle than the sales tax on the insured vehicle determined by USAA determined or its vendors

k. amount and date of sales tax incurred or paid by the insured on a replacement vehicle (including any amounts that exceed sales tax on the insured vehicle)

l. for each lien or other security interest in the insured vehicle, amount of lien at time of settlement and holder of lien at time of settlement

m. whether the claim was owner/insured retained salvage or **non-owner retained salvage**

n. whether Car Replacement Assistance was in place

o. identify all payments and CRA Component payments relating to CRA coverage

p. claim number

q. all lien or other security interest information relating to the claim

r. all data relating to sales tax, sales tax coverage, sales tax calculations, or sales tax payments

**OBJECTION:** Defendants object that the term "data" is vague and can potentially refer to any document or electronic information. Defendants will interpret the term "data" as referring to information recorded in a database of claim or underwriting information (numerical, text or other fields) maintained by Defendants that can be queried and a report generated with the results of the query.

Defendants object to the request for testimony on "data descriptions" and "field definitions" as overly broad and unduly burdensome to the extent that, due to the breadth of the

3

subject matters listed, it is not possible to prepare a witness to testify in detail with regard to every single data field.

Defendants object to the request for testimony on the "data storage process," "data location" and "data information source" as not relevant to the claims or defenses of the parties and seeking confidential and proprietary information implicating information security. It is not necessary for Plaintiffs or their counsel to know where data is stored by Defendants (such as on which servers) or the technological process by which it is stored for purposes of this litigation.

Defendants object to the request for testimony on "how data was entered into computer systems" as overly broad, unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Defendants collect and maintain data throughout their vast organization every day, and Defendants cannot reasonably prepare a witness to testify as to every circumstance in which "data was entered into computer systems" over a seven-year period.

Defendants object to the request for testimony on "how data was/is maintained by Defendants" as vague and potentially objectionable for the same reasons as "data storage process" and "data location." Without more specificity as to what is intended by "how data was/is maintained by Defendants," Defendants cannot ascertain what objections they have or prepare a witness to testify.

Defendants object to the request for testimony on "data reliability" as vague, overly broad and unduly burdensome. Without more specificity as to what is requested, Defendants cannot ascertain what objections they have or prepare a witness to testify.

Defendants object to the request for testimony on "how data was or is used by **Defendants**" as overly broad, unduly burdensome, in large part not relevant to the claims or defenses of the parties, and not proportional to the needs of the case under Fed. R. Civ. P.

4

26(b)(1). Defendants utilize data throughout their vast organization every day, and Defendants cannot prepare a witness to testify as to all circumstances in which data has been used throughout their large organization over a seven-plus year period.

Defendants object to the request for testimony on "how data collection and maintenance changed during the **Class Period**" as vague, overly broad, unduly burdensome, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Defendants collect and maintain data throughout their vast organization every day, and Defendants cannot reasonably prepare a witness to testify as to every instance in which collection or maintenance may have changed over a seven-plus year period.

Defendants object to the request for testimony on "how data [is] collected as part of the claim handling process" as vague, overly broad, unduly burdensome, in part not relevant to the claims or defenses of the parties, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Defendants collect and maintain data throughout their vast organization every day, and many types of data are collected in connection with the "claim handling process." Much of that data has nothing to do with the issues in this lawsuit. Defendants cannot reasonably prepare a witness to testify as to all circumstances in which data has been "collected as part of the claim handling process" over a seven-plus year period.

Defendants object to the request for testimony on "whether any data is missing, was not retained, or was destroyed" as overly broad, unduly burdensome, not relevant to the claims or defenses of the parties and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Defendants collect and maintain data throughout their vast organization every day. Much of that data has nothing to do with the issues in this lawsuit. Defendants cannot reasonably

prepare a witness to testify as to all circumstances in which data may have been "missing," not retained or destroyed over a seven-plus year period.

Defendants object to the request for testimony regarding data on "each and every first party **PPA physical damage total loss claim**" as overly broad, unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Defendants cannot prepare a witness to testify regarding individual claims, where there are more than 75,000 claims potentially at issue in this lawsuit. Defendants can provide general testimony as to what types of information in specific categories are available from databases on first-party total loss automobile insurance claims.

Defendants object to the request for testimony on "any and all claim and payment information" as overly broad, unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Defendants collect and maintain data throughout their vast organization every day, and numerous types of data are collected in connection with claims and payments. Much of that data has nothing to do with the issues in this lawsuit. Defendants cannot reasonably prepare a witness to testify as to "any and all claim and payment information" over a seven-plus year period.

Defendants object to the request for testimony regarding "the insured and address" to the extent the request could be construed as seeking the identity of individual insureds or their addresses. Such information is highly confidential and not properly the subject of discovery prior to certification of a class.

Defendants object to the request for testimony regarding the "amount of lien at time of settlement and holder of lien at time of settlement" and "all lien or other security interest information relating to the claim" as not relevant to the claims or defenses of the parties. The

identity and amount of a lien or other lien information is not relevant to the sales tax issue that is the subject of Plaintiffs' claims or to class certification. Nevertheless, Defendants will provide testimony regarding the extent to which lien information is available from databases.

Defendants object to the request for testimony regarding "Car Replacement Assistance" coverage and payments regarding that coverage. As previously stated in the answer to Sutton-Adda Interrogatory No. 5, the presence or absence of Car Replacement Assistance coverage does not affect the amount of any sales tax payment.

**RESPONSE:** Defendants will produce a witness, at the agreed-upon location in San Antonio, Texas on July 15, 2016, who is generally familiar with the process of searching Defendants' databases (of numerical, text or other fields), and will be prepared to testify regarding whether Defendants can query their databases to create reports containing each of the items of information described in subparts (a) through (r) of Subject Matter for Examination No. 1.

2.  The excel data produced in the excel spreadsheet titled: CONFIDENTIAL Bastian Interrogatory Answers Exhibit A (redacted).xlsx, and all source data identified in such spreadsheet.

**OBJECTION:** Defendants object to this request as overly broad, unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1) to the extent that this request seeks testimony regarding specific items of data in a vast spreadsheet that includes hundreds of thousands of lines of information. Defendants cannot reasonably prepare a witness to testify regarding specific items of data throughout such a large spreadsheet without specific issues being identified as the subject matter for requested testimony.

Defendants object to this request as vague, overly broad, unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1) to the extent that this request seeks testimony regarding "all source data identified in such spreadsheet." The source data for such a large spreadsheet includes vast quantities of information. Defendants cannot reasonably prepare a witness to testify regarding all of the "source data" for such a large spreadsheet. Moreover, data locations are not relevant to the claims or defenses of the parties and are confidential and proprietary information implicating information security. It is not necessary for Plaintiffs or their counsel to know where data is stored by Defendants (such as on which servers) or the technological process by which it is stored for purposes of this litigation.

**RESPONSE:** Defendants will produce a witness, at the agreed-upon location in San Antonio, Texas on July 15, 2016, who created the spreadsheet that is the subject of Subject Matter of Examination No. 2, and is generally familiar with the spreadsheet and how he created it.

UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, and USAA GENERAL INDEMNITY COMPANY,

By: /s/ Wystan M. Ackerman

| | |
|---|---|
| Wystan M. Ackerman<br>(*admitted pro hac vice*)<br>Stephen E. Goldman<br>(*admitted pro hac vice*)<br>Benjamin C. Jensen<br>(*admitted pro hac vice*)<br>Robinson & Cole LLP<br>280 Trumbull Street<br>Hartford, CT 06103<br>Tel. 860-275-8200<br>Fax 860-275-8299<br>E-mail: wackerman@rc.com<br>E-mail: bjensen@rc.com | Kristen M. Van der Linde<br>Fla. Bar No. 0964573<br>Andrew Abramovich<br>Fla. Bar No. 0043128<br>Boyd & Jenerette<br>201 North Hogan Street, Suite 400<br>Jacksonville, FL 32202<br>Tel. 904-493-3766<br>Fax 904-493-3739<br>E-mail: kvanderlinde@boyd-jenerette.com<br>E-mail: aabramovich@boyd-jenerette.com<br><br>Attorneys for Defendants<br>United Services Automobile Association, USAA Casualty Insurance Company, Garrison Property and Casualty Insurance Company, and USAA General Indemnity Company |

## CERTIFICATE OF SERVICE

I hereby certify that, on July 6, 2016, a copy of the foregoing was served by e-mail and United States mail, postage prepaid, on the following:

Tracy L. Markham
Avolio & Hanlon, P.C.
2800 N 5th Street
Suite 302
St. Augustine, FL 32084

Christopher B. Hall
Hall & Lampros, LLP
1230 Peachtree Street, NE
37th Floor
Atlanta, GA 30309

_____
Wystan M. Ackerman