UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHANTAL BASTIAN, et al. on behalf of : 
themselves and all others similarly situated, : 
  : 
     Plaintiffs, : Case No.: 3:13-cv-001454-TJC-MCR
  : 
vs. : 
  : 
UNITED SERVICES AUTOMOBILE : 
ASSOCIATION, et al., : 
  : 
     Defendants. : 

**DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFFS OLIVER SUTTON'S AND SANDRA ADDA'S FIRST
INTERROGATORIES AND FIRST DOCUMENT REQUESTS**

Pursuant to Fed. R. Civ. P. 33(b) and 34(b)(2), Defendants United Services Automobile Association, USAA Casualty Insurance Company, Garrison Property and Casualty Insurance Company, and USAA General Indemnity Company (collectively, "Defendants") hereby provide their objections and responses to Plaintiffs Oliver Sutton and Sandra Adda's First Interrogatories and First Document Requests dated April 14, 2016.

## OBJECTIONS TO DEFINITIONS

Defendants object to Plaintiffs' definitions as follows:

1.     Defendants object to the definition of "Component of Coverage" insofar as it includes or segregates items that are not broken out separately in the manner in which Defendants issue or record payments. Defendants also object to this definition insofar as it includes some items, such as "partial or prior payments" that may also fall in various categories. Defendants also object to this definition to the extent it includes items, such as personal property, rental reimbursement, transportation expenses reimbursement, towing

reimbursement and delivery of gas or oil reimbursement, which are not relevant to the parties' claims or defenses in this lawsuit and would vastly increase the scope of data provided.

2.      Defendants object to the definitions of the terms "Insured Vehicle Value" and "Insured Vehicle Sales Tax" to the extent that the definitions suggest that the value of the insured vehicle and the amount of sales tax are or can appropriately be determined in an identical manner on every claim. Every claim must be adjusted in accordance with its own facts.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

1.      For each and every first party **PPA physical damage total loss claim** during the **Class Period**, identify all claim and payment information, including but not limited to the following information:[1]

> a.   the insured and address including county of residence
>
> b.   insurer, policy form, and claim number
>
> c.   date of loss
>
> d.   type of loss claim (collision or comprehensive)
>
> e.   first party physical damage payment information (date, amount, and payee of each and every physical damage payment made to the insured and/or vehicle lienholder or other entity)
>
> f.   **Insured Vehicle Value**
>
> g.   **Insured Vehicle Sales Tax**
>
> h.   All **Components of Coverage**

---

[1] Note: Plaintiffs believe that Defendants have this information in electronic format, which should not be burdensome to produce.

    i.   the amount in sales tax paid to the insured, lienholder, or other entity and date of payment

    j.   amount and date of sales tax incurred or paid by the insured on a replacement vehicle (including any amounts that exceed sales tax on the insured vehicle)

    k.   for each lien or other security interest in the insured vehicle, amount of lien at time of settlement and holder of lien at time of settlement

    l.   whether the claim was owner/insured retained salvage or **non-owner retained salvage**

    m.   whether Car Replacement Assistance was in place

    n.   identify all payments and CRA Component payments relating to CRA coverage;

**The objections and response to this interrogatory and accompanying spreadsheet are designated as "Confidential" under the Protective Order entered in this case.**

**OBJECTIONS:** Defendants object to this interrogatory to the extent it could be construed as requiring Defendants to conduct a manual, file-by-file review of more than 75,000 claim files in order to identify categories of information that are not available by searching electronic data maintained by Defendants. Any such manual file-by-file review would be extremely burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1), and would defeat the purpose of a class action if certification were appropriate. Subject to the other objections below, Defendants will provide the information requested to the extent it corresponds to data fields that are available in Defendants' electronic data. With respect to part (a), Defendants object to providing personal identifying information of putative class members, such as their name and street address, prior to certification. Such information is highly confidential and not properly the subject of discovery prior to certification of a class.

3

Defendants will provide the city or town and state as reflected in data maintained by Defendants. Defendants do not have the county of the member's residence available as a data field. With respect to part (f), Defendants object to the extent that the definitions in Plaintiffs' requests do not correspond precisely to the information that is available in data fields available to Defendants. Defendants will provide the available data concerning actual cash value and total loss settlement amount. With respect to part (g), Defendants object that there is no data field corresponding to the definition in Plaintiffs' requests. Defendants will provide the available data concerning total loss settlement tax amount and nature of payment text field. With respect to part (h), the data maintained by Defendants does not delineate with respect to every payment every "Component of Coverage" as that term is defined (see also the objection above to that definition). Defendants will provide the amount of each payment and the description of the payment if a description is available in the data. Defendants will not include personal property, rental reimbursement, transportation expenses reimbursement, towing reimbursement and delivery of gas or oil reimbursement, which are not relevant to the parties' claims or defenses in this lawsuit and, if included, would greatly increase the quantity of data. With respect to parts (i) and (j), Defendants object that they do not have data fields that correspond to the information requested, but Defendants will provide the data that is contained in a data field labeled "Total Loss Settlement Tax Amount," and will also provide the contents of the "Nature of Pay" text field, in which descriptions of payments are manually inserted. Personal identifying information will be redacted. With respect to part (k), Defendants object that they do not have a data field containing lien amount information. Defendants will provide the information in the "lien holder name" field to the extent it is populated on the claims at issue. With respect to parts (m) and (n), Defendants object that they have not been able to

locate any usable data regarding Car Replacement Assistance coverage. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** Defendants will provide herewith a Microsoft Excel spreadsheet containing the requested data for the putative class claims, to the extent that available data fields contain the information requested or similar information (at least with respect to some claims). This spreadsheet will be designated as "Confidential" under the Protective Order in this case, and designated as Exhibit A hereto. On Exhibit A, the "Base Data" (green) tab contains data concerning each of the 75,597 claims identified in the data set as first-party total loss claims under policies issued in Florida during the period from October 17, 2008 through the present (as of the date when the data was pulled).  The "Base Data Allocations" (red) tab contains data concerning each of the 282,843 indemnity payments and salvage recoveries recorded in the data set for the 75,597 claims. Defendants will explain below where information relevant to the categories in the interrogatory can be found:

(a) Defendants object to providing names and street addresses of their members, as set forth above. The member's city, state and zip code as recorded in the data can be found in Columns V, W and X of the "Base Data" (green) tab. Defendants do not have the county as an available data field.

(b) The insurance company issuing the policy to the member, as reflected in the data, is identified in Column C of the "Base Data" (green) tab. "USAA" refers to United Services Automobile Association. "CIC" refers to USAA Casualty Insurance Company. "GAR" refers to Garrison Property and Casualty Insurance Company. "GIC" refers to USAA General Indemnity Company. The policy is identified in Column B of the "Base Data" (green) tab. The first two digits of "71" refer to the auto line of business, and the last two digits refer to

5

the number of the policy (e.g., the member's first policy with Defendants is "01," second policy is "02," etc.). After a reasonable search for a source of data that would allow Defendants to identify which insurance policy form was issued to each member (policyholder) listed in the spreadsheet, Defendants were not able to identify a data source that would allow that information to be included in the spreadsheet. The claim number used by Defendants is a combination of the USAA member number, which is in Column A of the "Base Data" (green) tab, and the loss report number, which is in Column D of the "Base Data" (green) tab.

(c)     The date of loss, as reflected in the data, is in Column G of the "Base Data" (green) tab.

(d)     Whether the claim is recorded as collision or comprehensive in the data is reflected in Column AB of the "Base Data Allocations" (red) tab. "COLL" refers to collision and "COMP" refers to comprehensive.

(e)     The indemnity payments and gross salvage recovery recorded are identified on the "Base Data Allocations" (red) tab. Column Y of that tab has the date on which the payment process was initiated by Defendants. Column Z has the amount of the payment. Column AC has a description of the payment (if a description was entered) and a payee if one was entered (with names and street addresses of members redacted).

(f)     Column L on the "Base Data" (green) tab has the actual cash value, prior to tax, title and license fees, as reflected in the data. This is the available data field that appears to most closely correspond to the term "Insured Vehicle Value" as defined in Plaintiffs' requests.

(g)     Defendants do not have a data field that corresponds to the term "Insured Vehicle Sales Tax" as defined in Plaintiffs' requests. Column N of the "Base Data" (green) tab has the data populated in the "Total Loss Settlement tax amount," but that data field is not

6

populated for the vast majority of the claims at issue. Column AC of the "Base Data Allocations" (red) tab contains descriptions of payments where recorded in the data, some of which make reference to tax or sales tax.

(h)    The information requested with respect to "Components of Coverage" is not available in the manner that was requested. Column AC of the "Base Data Allocations" (red) tab contains descriptions of payments where recorded in the data.  Column O has the tax, title and license amount recorded in the data. Colum P has the registration fee amount recorded in the data.

(i)    Limited information is available in Defendants' data regarding sales tax payments. Column N of the "Base Data" (green) tab has the data populated in the "Total Loss Settlement tax amount," but that data field is not populated for the vast majority of the claims at issue. Column AC of the "Base Data Allocations" (red) tab contains descriptions of payments where recorded in the data, some of which make reference to tax or sales tax.

(j)    Information regarding sales tax incurred or paid by the insured on a replacement vehicle is not recorded in the available data except where it is paid by Defendants and the payment is identified as a sales tax reimbursement payment. See the answer to part (i) above.

(k)    The amounts of liens are not recorded in Defendants' data. The identity of a lien holder, where recorded in the data, is in Column U of the "Base Data Allocations" (red) tab.

(l)    Column S of the "Base Data Allocations" (red) tab contains the code "VEHUSAARETN" where the applicable Defendant is retaining the vehicle (according to the data). This column contains the code "VEHOWNRETN" where the vehicle owner is retaining the vehicle (according to the data). The code "NULL" or the absence of any information in

Column S indicates that there was no information in the data regarding whether the vehicle was retained by the applicable Defendant or by the member.

2.      This interrogatory relates to differences between **Defendants'** claim handling and coverage: Identify any difference in practice, procedure, or coverage between any of the **Defendants** relating to coverage for first party **PPA physical damage total loss claims for** actual cash value or sales tax during the **Class Period**.  If the policy, practice or procedure has changed for any **Defendant** during the Class period, identify the changes and relevant effective dates.

**OBJECTIONS:** Defendants object to this interrogatory to the extent it is not limited to Florida. Defendants will respond with respect to claims made under Florida policies, and the policy forms used for policies issued to Florida members (policyholders). Defendants further object that the terms "practice," "procedure," and "coverage" are vague. Defendants will assume that the term "coverage" is intended to refer to the policy forms that were used. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** During the period from October 17, 2008 to present, to the extent that each of the Defendants was issuing automobile insurance policies to Florida members (policyholders), the Defendants used the same set of policy forms during the period that each applicable form was in use. The written guidelines and procedures utilized by Defendants with respect to the adjustment of total loss claims under automobile insurance policies issued to Florida members (policyholders) did not vary based on which Defendant issued the applicable policy. The same written guidelines and procedures were applicable, during the time that they were in effect, for all Defendants issuing automobile insurance policies in Florida during that

8

time period. Claim professionals were not instructed to handle automobile total loss claims in Florida differently based on which of the Defendants issued the applicable insurance policy.

3.      This interrogatory relates to differences in policy forms: Identify any difference in first party **PPA physical damage total loss claim** coverage during the class period relating to any of **Defendants**' Florida policies during the **Class Period**.  This interrogatory relates to any such differences relating to forms 5100FL(01), 5100FL(02), and any other policy form providing **PPA physical damage total loss** coverage during the **Class Period**.

     **OBJECTIONS:** Defendants object to this interrogatory as vague with respect to "any difference in . . . coverage . . . ." Defendants understand the interrogatory to ask Defendants to identify where there are differences in the text of the applicable policy forms. Defendants object that Plaintiffs can identify any differences in policy language themselves by comparing the policy forms. It is improper for Plaintiffs to ask Defendants to perform this work for them. Subject to and without waiving the foregoing objections, Defendants respond as follows:

     **RESPONSE:** Pursuant to Fed. R. Civ. P. 33(d), the answer to this interrogatory may be ascertained by Plaintiffs by reviewing the policy forms used in the putative class members' insurance policies, which were produced in response to previous discovery requests, and can be found at Bates Numbers USAA000880-951.

4.      Identify how **Insured Vehicle Values** and **Insured Vehicle Sales Tax** have been determined during the **Class Period** by **Defendants** for first party **PPA physical damage total loss claims**.  If the methodology or procedures for determination of **Insured Vehicle Values**

and/or **Insured Vehicle Sales Tax** have changed at any time during the **Class Period**, identify the changes and relevant effective dates.

 **OBJECTIONS:** Defendants object to this interrogatory as overly broad and unduly burdensome to the extent it could be construed as asking Defendants to identify every single method that might have been used to determine a vehicle value or sales tax on more than 75,000 claims over a seven-plus year period. That information cannot possibly be determined without a detailed manual review of every single claim file. Each claim is adjusted on its own individual facts. Defendants will interpret the interrogatory as seeking a general description of the procedures used. Subject to and without waiving the foregoing objections, Defendants respond as follows:

 **RESPONSE:** ████████████████████████
████████████████████████
█████████████████████████████
█████████████████████████████
████████████████████████████
████████████████████████████
██████████████████████████
█████████████████████████████
█████████████████████████████
█████████████████████████████
███████████████████
██████████████████████████
███████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

██████████

        ████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

5.      If sales tax coverage for first party **PPA physical damage total loss claims**
during the **Class Period** should be determined with a different methodology depending on any
factor relating to an individual insured, policy, or insurer, identify all such factors and

methodologies.  Just for example, if there is a difference in the method for determining sales

tax coverage for an owner retained salvage versus an insurer retained salvage, identify such

factor and explain the different methodologies. Subject to and without waiving the foregoing

objections, Defendants respond as follows:

**OBJECTIONS:** Defendants object to this interrogatory as overly broad and unduly

burdensome to the extent it could be construed as asking Defendants to identify every single

factor that might have been considered in determining sales tax on more than 75,000 claims

over a seven-plus year period. That information cannot possibly be determined without a

detailed manual review of every single claim file. Each claim is adjusted on its own individual

facts. Defendants will interpret the interrogatory as seeking a general description of the

procedures used. Subject to and without waiving the foregoing objections, Defendants respond

as follows:

**RESPONSE:** ███████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

██████████████████



6.      Fully disclose each and every expert and expert opinion that **Defendants** may present in opposition to a motion for class certification or at trial.

**OBJECTIONS:** Defendants object to this interrogatory as premature under the scheduling order, and to the extent the interrogatory could be construed as exceeding the scope of expert disclosures provided for in Fed. R. Civ. P. 26. Defendants also cannot be expected to disclose expert opinions before Plaintiffs have done so, where Plaintiffs bear the burden of proof. Defendants will provide their expert disclosures in accordance with the scheduling order.

7.      Assume that **Forms 5100FL** "require payment of the full amount of sales tax that would be due on a vehicle comparable to the covered vehicle, regardless of whether that amount is

15

actually incurred;"[2] and that FSA 626.9743 does not permit **Defendants**, under Forms 5100FL, to withhold sales tax until incurred by the insured:  Identify each and every factor, circumstance, or condition that would require **Insured Vehicle Value** or **Insured Vehicle Sales Tax** to be determined under a different method or procedure for different first party **PPA physical damage total loss claim** insureds under Forms 5100FL.  For example if value or sales tax should be determined in a different manner as between two insureds, identify all such relevant factors.

     **OBJECTIONS:** Defendants object to this interrogatory as vague to the extent it refers to a "factor, circumstance or condition" that would result in a "different method or procedure." Defendants object to this interrogatory as overly broad and unduly burdensome to the extent it could be construed as asking Defendants to identify every single factor that might have been or might be appropriately used to determine a vehicle value or sales tax on more than 75,000 claims over a seven-plus year period. That information cannot possibly be determined without a detailed manual review of every single claim file. Each claim is adjusted on its own individual facts. Defendants will interpret the interrogatory as seeking a general description of the relevant factors. Subject to and without waiving the foregoing objections, Defendants respond as follows:

     **RESPONSE:** ███████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

---

[2] This quote is from the Amended Order on Cross Motions for Summary Judgment at 12 (Doc. 96).



8.      Identify each and every first party **PPA physical damage total loss claim** during the **Class Period** (by claim number, date of loss, and claimant name) where **Defendants** or their vendor has not calculated the **Insured Vehicle Sales Tax**.

**OBJECTIONS:** Defendants object to this interrogatory as overly broad and unduly burdensome. The information requested cannot be determined without conducting a manual review of more than 75,000 claim files. Defendants do not have a data field that would enable them to identify without a manual file-by-file review any putative class claims on which "Vehicular Sales Tax" was not calculated on a CCC Market Valuation Report. Defendants further object to providing claimant names for the reasons stated above.

9.      For any **Insured Vehicle Value** or **Insured Vehicle Sales Tax** determination under a first party **PPA physical damage total loss claim** during the **Class Period** that **Defendants** believe was in error, identify:

    a.   When **Defendants** first came to this believe that the valuation was in error;

    b.   On what claims were the valuations in error?

    c.   The application or omission of what factors caused the valuations to be in error?

    d.   What are the proper valuations?

    e.   What did **Defendants** do relating to this belief and issue, and when?

**OBJECTIONS:** Defendants object to this interrogatory as overly broad and unduly burdensome because the information requested cannot be determined without conducting a manual review of more than 75,000 claim files. The information requested also requires expert analysis of sample claim files, and the scheduling order calls for that to be completed at a later date. Defendants will provide some responsive information to the extent it is currently reasonably available. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** ███████████████████████████

████████████████████████████████████████

███████████████████████████████████

████████████████████████████████████████

███████████████████████████████████

████████████████████████████████████

█████████   ████████████████████████████

████████████████████████████████████████████



10.     Identify each first party **PPA physical damage total loss claim** insured by name, claim number, and date of loss that **Defendants** believe signed a release or other document waiving or releasing any claim asserted on behalf of a putative class member in this lawsuit. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**OBJECTIONS:** Defendants object to this interrogatory as overly broad and unduly burdensome because the information requested cannot be determined without conducting a manual review of more than 75,000 claim files. Defendants do not have a database that records

19

whether a release has been signed on automobile insurance claims. They only source of that information would be a manual review of the more than 75,000 claim files at issue.

11.     Identify each and every vendor that provided **Defendants** with vehicle valuation services relating to Florida first party **PPA physical damage total loss claims** during the **Class Period.**

     **OBJECTIONS:** Defendants object to this interrogatory as overly broad and unduly burdensome because, to the extent that, on relatively rare occasions, a vendor other than CCC was used with respect to vehicle valuations, the information requested cannot be determined without conducting a manual review of more than 75,000 claim files. Subject to and without waiving the foregoing objections, Defendants respond as follows:

     **RESPONSE:** CCC was the principal vendor used by Defendants to provide vehicle valuation services on the claims at issue in this lawsuit. In some instances, such as where a vehicle was difficult to value, or where there was a dispute over valuation and a second opinion was desired, Defendants have occasionally used other vendors to provide vehicle valuation services. A list of such vendors could not be determined without conducting a manual review of all potentially-relevant claim files.

12.     Identify each and every change in the method of communication to first party PPA physical damage total loss claimants as to the coverage provided for sales tax by form name/number/title, dates of use, and a description of the claims for which it was used.  An example of a responsive communication is the document titled "Claim and Payment Information", in Ex. H of the Amended Complaint, Claim Determination.  **Defendants'** response

should identify such responsive communications, the time period when it was used without revision, and a description of the claims for which it was used.

**OBJECTIONS:** Defendants object to this interrogatory as overly broad, unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b) to the extent it could be construed as encompassing oral communications or written records thereof, which are made on a case-by-case basis by numerous personnel and cannot be captured in an interrogatory answer. Defendants further object to this interrogatory on the same grounds to the extent it could be construed as encompassing written communications on individual claims that are made on a case-by-case basis by individual adjusters and are not standard form communications. Defendants will respond with respect to form letters used. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** Pursuant to Fed. R. Civ. P. 33(d), the answer to this interrogatory may be ascertained by Plaintiffs by reviewing the form communications produced in response to previous discovery requests (Bates Numbers USAA-001104-1108) and the form communications produced in response to Plaintiffs Oliver Sutton and Sandra Adda's First Document Requests (Bates Numbers USAA-084957-84958). The month and year during which the form communication was first used can be identified by the number in the lower right-hand corner of the document. For example, "0913" means September 2013.

13.     For any data produced in response to these interrogatories and document requests, (1) identify all data fields by description and source of data; (2) provide a definition of all field terms.

**OBJECTIONS:** Defendants object that the identity of a specific database maintained by Defendants, to the extent that is being requested, is highly confidential information security information, and is not relevant to the claims or defenses of the parties in this case. Defendants further object that the term "field terms" is vague and is not terminology that Defendants utilize. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** Exhibit A, which is designated as Confidential under the Protective Order, contains for each column a description of the data field and data source.

14.      For any data produced in response to these interrogatories and document requests, identify:

> Database Name
>
> Type of Database
>
> Software Platform
>
> Software Version
>
> Business Purpose
>
> Users
>
> Size in Records
>
> Size in Gigabytes
>
> A List of Standard Reports
>
> Database Owner or Administrator's Name
>
> Field List

Field Definitions (including field type, size and use)

**OBJECTIONS:** Defendants object that the requests made in this interrogatory are not relevant to the claims or defenses in this action. More specifically, there is no valid reason why Plaintiffs are entitled to know the "Software Platform," "Software Version," "Business Purpose," "Users," "Size in Records," "Size in Gigabytes," "List of Standard Reports" and "Database Owner or Administrator's Name" with respect to Defendants' databases. The request is also overly broad and unduly burdensome in that Defendants have very large and extensive databases and the vast majority of the information contained therein has nothing to do with this lawsuit. Defendants further object that the information sought is highly confidential and proprietary information. Defendants further object that the request for identification of "Users" is unduly burdensome and vague, potentially implicating many employees of Defendants, in addition to being irrelevant to this lawsuit. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** ████████████████████

████████████████████████████████

██████████████████████████████

████████████████████████████

██████████████████████████████

███████████████

15.     If any third party or vendor has documents or information responsive to these interrogatories and document requests, identify the third party or vendor and the interrogatories and requests for which you believe the third party or vendor has information.

**OBJECTIONS:** Defendants object to this interrogatory as overly broad, unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b) because, to the extent that, on relatively rare occasions, a vendor other than CCC was used with respect to vehicle valuations, the information requested cannot be determined without conducting a manual review of more than 75,000 claim files. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** CCC has information concerning its software used by Defendants with respect to vehicle valuations, and data concerning those vehicle valuations.

16.     If any electronic data responsive to Interrogatory No. 1 or Document Request No. 1 have been lost, discarded, or destroyed at any time since October 17, 2008, identify the responsive data and all circumstances as to why and how the data was lost, discarded, or destroyed.

**OBJECTIONS:** Defendants object that this request is not relevant to the claims or defenses of the parties in this case. Defendants further object that the very nature of a database is that data entries are continuously updated and it would be impossible to identify every instance where data in a database is overwritten with new data. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** Defendants utilize their various databases on a daily basis in operating their businesses. The data is continuously updated and occasionally migrated to new databases in the ordinary course of business. Based on a reasonable inquiry of persons expected to have knowledge of such information, other than the overwriting of individual data entries in the ordinary course of business, there has been no destruction of the type of data that was used to respond to Interrogatory No. 1.

17.     Identify (by name account number, insurer, and date of loss) each and every **non-owner retained salvage** first party **PPA physical damage total loss claim** during the **Class Period** where a Defendant paid sales tax or **Insured Vehicle Sales Tax** without information that the insured had purchased a replacement vehicle and incurred or paid sales tax in an amount equal to or exceeding the sales tax or Insured Vehicle Sales Tax coverage paid by Defendant.

**OBJECTIONS:** Defendants object to this interrogatory as unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b) because the information requested cannot be determined without conducting a manual review of more than 75,000 claim files. There is no data available to Defendants that would enable Defendants to identify, without reviewing individual claim files, claims on which sales tax was paid "without information that the insured had purchased a replacement vehicle and incurred or paid sales tax . . . ." Defendants also object to providing personal identifying information with respect to putative class members for the reasons explained above.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

Defendants object to the "Technical Specifications of Production" as unduly burdensome to the extent they exceed the technical specifications previously used for document productions made by Defendants in this lawsuit. Defendants will continue to produce documents in substantially the same manner that they have previously been produced.

1.  For each and every first party **PPA physical damage total loss claim** during the **Class Period**, produce all **documents** and data containing all claim and payment information, including but not limited to the following information:[3]

    a.  the insured and address including county of residence

    b.  insurer, policy form, and claim number

    c.  date of loss

    d.  type of loss claim (collision or comprehensive)

    e.  first party physical damage payment information (date, amount, and payee of each and every physical damage payment made to the insured and/or vehicle lienholder or other entity)

    f.  **Insured Vehicle Value**

    g.  **Insured Vehicle Sales Tax**

    h.  All **Components of Coverage**

    i.  the amount in sales tax paid to the insured, lienholder, or other entity and date of payment

---

[3] Note: Plaintiffs believe that Defendants have this information in electronic format, which should not be burdensome to produce.

26

    j.   amount and date of sales tax incurred or paid by the insured on a replacement vehicle (including any amounts that exceed sales tax on the insured vehicle)

    k.   for each lien or other security interest in the insured vehicle, amount of lien at time of settlement and holder of lien at time of settlement

    l.   whether the claim was owner/insured retained salvage or insurer retained salvage

    m.   whether Car Replacement Assistance was in place

    n.   identify all payments and CRA Component payments relating to CRA coverage;

**OBJECTIONS:** Defendants object to this request as overly broad and unduly burdensome, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b), to the extent the request seeks, or could be construed as seeking, "all documents and data containing all claim and payment information" for all of the more than 75,000 putative class claims. It is not feasible and extremely burdensome to produce "all" data, if that could even be identified. "All documents" would encompass all of the more than 75,000 claim files at issue. Defendants also incorporate herein their objections to Interrogatory No. 1, which contains the same subparts. Subject to and without waiving the foregoing objections, Defendants respond as follows:

    **RESPONSE:** See the spreadsheet designated as Exhibit A hereto, which is designated as "Confidential" under the Protective Order in this case.

2.    For any data produced in response to these discovery requests, produce all **documents** that (1) identify all data fields by description and source of data; (2) provide a glossary of all field terms.

**OBJECTIONS:** Defendants object to this request as overly broad and unduly burdensome because Defendants have very large databases containing massive amounts of information not relevant to this case. Information concerning Defendants' databases is also high confidential and proprietary information. Defendants further object that the reference to "glossary of field terms" is vague. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** Exhibit A, which is designated as Confidential under the Protective Order, contains for each column a description of the data field and data source.

3.      For any data produced in response to these discovery requests, produce all **documents** that identify:

> Database Name
>
> Type of Database
>
> Software Platform
>
> Software Version
>
> Business Purpose
>
> Users
>
> Size in Records
>
> Size in Gigabytes
>
> A List of Standard Reports
>
> Database Owner or Administrator's Name
>
> Field List
>
> Field Definitions (including field type, size and use)

**OBJECTIONS:** Defendants object that the requests made in this interrogatory are not relevant to the claims or defenses in this action. More specifically, there is no valid reason why Plaintiffs are entitled to know the "Software Platform," "Software Version," "Business Purpose," "Users," "Size in Records," "Size in Gigabytes," "List of Standard Reports" and "Database Owner or Administrator's Name" with respect to Defendants' databases. The request is also overly broad and unduly burdensome in that Defendants have very large and extensive databases and the vast majority of the information contained therein has nothing to do with this lawsuit. Defendants further object that the information sought is highly confidential and proprietary information. Defendants further object that the request for identification of "Users" is unduly burdensome and vague, potentially implicating many employees of Defendants, in addition to being irrelevant to this lawsuit. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** Exhibit A, which is designated as Confidential under the Protective Order, contains for each column a description of the data field and data source.

4.      Produce all **documents** that reference or identify any difference in policy, practice or procedure between any of the **Defendants** relating to their determination of **Insured Vehicle Value** or **Insured Vehicle Sales Tax** under first-party **PPA physical damage total loss claims** during the **Class Period**.

**OBJECTIONS:** Defendants object to this request to the extent it is not limited to Florida. Defendants will respond with respect to claims made under Florida policies, and the policy forms used for policies issued to Florida members (policyholders). Defendants further object that the terms "practice," "procedure," and "coverage" are vague. Defendants will

assume that the term "coverage" is intended to refer to the policy forms that were used. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** Defendants do not believe there are any documents responsive to this request. *See* Answer to Interrogatory No. 2 above.

5.      Produce all **documents** that reference or identify any difference in first party **PPA physical damage total loss claim** coverage for sales tax relating to any of **Defendants**' Florida policies during the **Class Period**.  This **document** request includes all **documents** identifying or referencing any such differences relating to forms 5100FL(01), 5100FL(02), and any other policy form providing **PPA physical damage total loss claim** coverage during the **Class Period**.

**OBJECTIONS:** Defendants object to this request as vague with respect to "any difference in . . . coverage . . . ." Defendants understand the request to ask Defendants to search for documents that may have identified where there are differences in the text of the applicable policy forms. Defendants object that this request is unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b) where Plaintiffs can identify any differences in policy language themselves by comparing the policy forms. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** The insurance policy forms used in the putative class members' insurance policies were previously produced in response to previous discovery requests, and can be found at Bates Numbers USAA000880-951. Any differences that may exist in the text of those forms can be ascertained by comparing them.

6.      Produce all **documents** that reference or identify the methodology used to determine **Insured Vehicle Value** during the **Class Period** for first party **PPA physical damage total loss claims**.  If **Insured Vehicle Value** was determined differently depending on any factor relating to an individual insured, policy, or insurer, this request requires **Defendants** to produce all **documents** that reference and identify the different factors and applicable methodologies.

      **OBJECTIONS:** Defendants object to this request as overly broad, unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b) to the extent that the request for "all documents that reference or identify the methodology…" could be construed as seeking to require review or production of the entirety of the putative class members' claim files, or to conduct company-wide or department-wide email searches. Every claim must be adjusted in accordance with its own facts.  Defendants will assume that the request, although broadly phrased, is intended to seek production of Defendants' internal policies, procedures or guidelines broadly disseminated to or made available to claim professionals. Subject to and without waiving the foregoing objections, Defendants respond as follows:

      **RESPONSE:** Defendants will conduct a reasonable search for and produce (subject to the Protective Order) any internal policies, procedures or guidelines broadly disseminated or made available to claim professionals, which address the determination of the value of the vehicle on first-party total loss automobile insurance claims in Florida during the "Class Period." Defendants will also conduct a reasonable search for and produce (subject to the Protective Order) any documents received by Defendants from CCC which describe how the

CCC software determines "Adjusted Vehicle Value" as set forth on a CCC Market Valuation Report.

7.      Produce all **documents** that reference or identify the methodology used to determine **Insured Vehicle Sales Tax** during the **Class Period** for first party **PPA physical damage total loss claims**.  If **Insured Vehicle Sales Tax** was determined differently depending on any factor relating to an individual insured, policy, salvage retention, or insurer, this request requires **Defendants** to produce all **documents** that reference and identify the different factors methodologies.

    **OBJECTIONS:** Defendants object to this request as overly broad, unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b) to the extent that the request for "all documents that reference or identify the methodology…" could be construed as seeking to require review or production of the entirety of the putative class members' claim files, or to conduct company-wide or department-wide email searches. Every claim must be adjusted in accordance with its own facts.  Defendants will assume that the request, although broadly phrased, is intended to seek production of Defendants' internal policies, procedures or guidelines broadly disseminated to or made available to claim professionals. Subject to and without waiving the foregoing objections, Defendants respond as follows:

    **RESPONSE:** Defendants will conduct a reasonable search for and produce (subject to the Protective Order) any internal policies, procedures or guidelines broadly disseminated or made available to claim professionals, which address the determination of amounts to be paid for sales tax on first-party total loss automobile insurance claims in Florida during the "Class Period." Defendants will also conduct a reasonable search for and produce (subject to the

Protective Order) any documents received by Defendants from CCC, if any, which describe how the CCC software determines "Vehicular Sales Tax" as set forth on a CCC Market Valuation Report.

8.      If the amount of sales tax coverage for first party **PPA physical damage total loss claims** during the **Class Period** was determined by different methodology depending on any factor relating to an individual insured, policy, salvage retention, insurer, or other factor, produce all **documents** that identify or reference the different factors and methodologies.

**OBJECTIONS:** Defendants object to this request as overly broad, unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b) to the extent that the request for "all documents that identify or reference the different factors and methodologies" could be construed as seeking to require review or production of the entirety of the putative class members' claim files, or to conduct company-wide or department-wide email searches. Every claim must be adjusted in accordance with its own facts.  Defendants will assume that the request, although broadly phrased, is intended to seek production of Defendants' internal policies, procedures or guidelines broadly disseminated to or made available to claim professionals. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** Defendants will conduct a reasonable search for and produce (subject to the Protective Order) any internal policies, procedures or guidelines broadly disseminated or made available to claim professionals, which address the determination of sales tax on first-party total loss automobile insurance claims in Florida during the "Class Period." Defendants will also conduct a reasonable search for and produce (subject to the Protective Order) any

documents received by Defendants from CCC which describe how the CCC software determines "Vehicular Sales Tax" as set forth on a CCC Market Valuation Report.

10.     For each factor identified in response to interrogatory No. 5, produce a complete claim file for a claim to which that factor was applied.

**OBJECTIONS:** Defendants object to this request as overly broad, unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b). Defendants should not be required to search through numerous claim files to identify claim files where particular factors were applied. Defendants have agreed to produce 600 randomly-selected claim files from the putative class claims, which should be sufficient, consistent with reasonable proportionality, to satisfy the apparent purpose of this request.

11.     Produce all **documents** that reference or identify any factor or individual circumstance or issue that creates a difference in the method of calculation of **Insured Vehicle Value** or **Insured Vehicle Sales Tax** for any first party **PPA physical damage total loss claim** during the **Class Period**.

**OBJECTIONS:** Defendants object to this request as overly broad, unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b) to the extent that the request for "all documents that reference or identify any factor or individual circumstance or issue" could be construed as seeking to require review or production of the entirety of the putative class members' claim files, or requiring Defendants to conduct company-wide or department-wide email searches. Every claim must be adjusted in accordance with its own

34

facts. Defendants will assume that the request, although broadly phrased, is intended to seek production of Defendants' internal policies, procedures or guidelines broadly disseminated to or made available to claim professionals. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** *See* Responses to Document Request Nos. 6-8 above.

12.     Produce all **documents** produced or provided by any **Defendant** or its counsel to any expert relating to this matter.

**OBJECTIONS:** Defendants object to this interrogatory as premature under the scheduling order, and to the extent the request could be construed as exceeding the scope of expert disclosures provided for in Fed. R. Civ. P. 26. Defendants will identify the documents that are provided to any expert witness at the appropriate time, in connection with expert disclosures. Defendants anticipate that the expert witness will be provided with documents that have been or will be produced to Plaintiffs in response to the other document requests set forth herein and in previous requests.

13.     Produce all **documents** referencing or evidencing any difference in policy, practice or procedure between any of the **Defendants** relating to their provision of coverage for sales tax, or the payment of sales tax, under first-party **PPA physical damage total loss claims** during the **Class Period** under a **Form 5100FL Policy**.

**OBJECTIONS:** Defendants object to this request to the extent it is not limited to Florida. Defendants will respond with respect to claims made under Florida policies.

Defendants further object that the terms "practice," "procedure," and "coverage" are vague. Defendants will assume that the term "coverage" is intended to refer to the policy forms that were used. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** Defendants do not believe there are any documents responsive to this request as they understand the request. *See* Answer to Interrogatory No. 2 above.

14.     Produce the expert reports and disclosures required by Fed.R.Civ.P. 26.

**OBJECTIONS:** Defendants object to this interrogatory as premature. Defendants will provide their expert disclosures in accordance with the applicable rules and applicable scheduling order.

15.     All **documents** evidencing any communication between any **Defendant** and the Florida Office of Insurance Regulation or the Florida Department of Financial Services relating in any way to this lawsuit.

**OBJECTIONS:** Defendants object that the phrase "relating in any way" is vague. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** Based on a reasonable inquiry of persons employed by USAA who would be expected to receive notice of any such communication, Defendants have not communicated with the Florida Office of Insurance Regulation or the Florida Department of Financial Services regarding this lawsuit.

16.     For any **Insured Vehicle Value** or **Insured Vehicle Sales Tax** determination under a **PPA physical damage total loss claim** during the **Class Period** that **Defendants** believe was in error, produce the claim file and all **documents** that identify:

    a.   When **Defendants** first came to this belief that the valuation was in error;

    b.   The claims where the valuations were in error;

    c.   The application or omission of those factors that caused the valuation to be in error;

    d.   The proper valuation;

    e.   What actions (and dates of such actions) **Defendants** took regarding valuations it believe to be in error.

**OBJECTIONS:** Defendants object to this request as overly broad, unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b). Defendants cannot reasonably be required to manually review the approximately 75,000 claim files at issue to determine the information requested. Based on the reinspection program utilized by Defendants on Florida total loss claims during the putative class period, those reinspections identified 1549 claims on which the reinspector's determination of vehicle value differed from (was higher or lower than) the vehicle value determined by the original claim adjuster. Review and production of all of the 1549 claim files would impose an undue and unnecessary burden and expense on Defendants. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** The spreadsheet to be produced contains the available data with respect to reinspections of the Florida total loss claims that were reinspected during the putative class period. Defendants are willing to discuss with Plaintiffs' counsel the possibility of producing an appropriately-sized sample of the relevant files.

17.     All **documents** evidencing or relating to any belief by **Defendants** that some of their vehicle valuations (including but not limited to **Insured Vehicle Values**) applied to **first party PPA physical damage total loss claims** during the **Class Period** are unreliable or in error. Responsive **documents** include but are not limited to those **documents** that identify:

  a.  When **Defendants** first came to this belief that the valuation was in error;

  b.  The claims where the valuations were in error;

  c.  The application or omission of those factors that caused the valuation to be in error;

  d.  The proper valuation;

  e.  What actions (and dates of such actions) **Defendants** took regarding valuations it believe to be in error.

**OBJECTIONS:** Defendants object to this request as overly broad, unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b). Defendants cannot reasonably be required to manually review the approximately 75,000 claim files at issue to determine the information requested. Based on the reinspection program utilized by Defendants on Florida total loss claims during the putative class period, those reinspections identified 1549 claims on which the reinspector's determination of vehicle value differed from (was higher or lower than) from the vehicle value determined by the original claim adjuster. Review and production of all of the 1549 claim files would impose an undue and unnecessary burden and expense on Defendants. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** The spreadsheet to be produced contains the available data with respect to reinspections of the Florida total loss claims that were reinspected during the putative class

38

period. Defendants are willing to discuss with Plaintiffs' counsel the possibility of producing an appropriately-sized sample of the relevant files.

18.     Produce all communications between **Defendants** and CCC Information Services, Inc. (or other third party vehicle valuation provider) relating to (1) any consideration or discussion relating to changing total loss vehicle valuation methods that were used in Florida; (2) any change in total loss vehicle valuation methods that were used in Florida; (3) any assertion that valuation methods used in Florida result, or have resulted, in inaccurate valuations. Responsive communications need not expressly reference Florida to be responsive.  If the valuation methods referenced in the communication were used in Florida for first party **PPA physical damage total loss claims**, the communication is responsive.

        **OBJECTIONS:** Defendants object to this request as overly broad, unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b) to the extent that the request seeks "all communications" and might be construed as requiring a company-wide or department-wide search. Subject to and without waiving the foregoing objections, Defendants respond as follows:

        **RESPONSE:** Defendants will conduct a reasonable search for such communications, if any, received or sent by those persons who were the principal contact person(s) with CCC during the putative class period.

19.     Produce all **documents** evidencing or describing the governing contract, operating agreement, scope of work, valuation methodologies, appeal or reconsideration, and reporting

39

procedures for vehicle valuation services during the **Class Period** by CCC Information Services, Inc. (or other third party vehicle valuation provider related entity) for the valuation of Florida first party **PPA physical damage total loss claims.**

**OBJECTIONS:** Defendants object to this request as overly broad, unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b) to the extent that the request seeks "all documents evidencing or describing" and might be construed as requiring a company-wide or department-wide search. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** Defendants will conduct a reasonable search for any such documents maintained by those persons who were the principal contact person(s) with CCC during the putative class period.

20.    For each Florida first party **PPA physical damage total loss claim** during the **Class Period**, produce all electronic data received from CCC Information Services, Inc. (or related entity) or other third party vendor that provided vehicle valuation services.

**OBJECTIONS:** Defendants object to this request as overly broad, unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b). There are over 75,000 claim files potentially implicated in this lawsuit. The request seeks a massive amount of data. Defendants further object to production of any personal identifying information of putative class members prior to certification of a class, for the reasons stated above. If production of this entire data set were required, Plaintiffs should be required to pay the costs associated therewith.

21.     The complete claim file for each **Representative Claim File**.

**OBJECTIONS:** Defendants object to this request to the extent it seeks personal identifying information of putative class members, for the reasons set forth above. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** Defendants will produce the sample claim files as agreed upon by counsel after redaction of personal identifying information, any personal health or medical information, and any information protected by the attorney-client privilege and/or work product doctrine. Defendants anticipate completing this production by July 15, 2016.

22.     For any **Insured Vehicle Value** or **Insured Vehicle Sales Tax** determination under a **PPA physical damage total loss claim** during the **Class Period** that **Defendants** believe was in error, produce the entire claim file.

**OBJECTIONS:** Defendants object to this request as overly broad, unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b). Defendants cannot reasonably be required to manually review the approximately 75,000 claim files at issue to determine the information requested. Based on the reinspection program utilized by Defendants on Florida total loss claims during the putative class period, those reinspections identified 1549 claims on which the reinspector's determination of vehicle value differed from (was higher or lower than) the vehicle value determined by the original claim adjuster. Review and production of all of the 1549 claim files would impose an undue and unnecessary burden

41

and expense on Defendants. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**RESPONSE:** The spreadsheet to be produced contains available data with respect to reinspections of the Florida total loss claims that were reinspected during the putative class period. Defendants are willing to discuss with Plaintiffs' counsel the possibility of producing an appropriately-sized sample of the relevant files.

23.     Produce all **documents** that evidence, refer to, or relate to any release or other document waiving or releasing any first party **PPA physical damage total loss claim** for sales tax during the **Class Period**.

**OBJECTIONS:** Defendants object to this request as overly broad, unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b). Defendants have no means of identifying claims on which a release was executed other than by conducting manual, file-by-file reviews of the more than 75,000 files at issue in this case. Defendants have agreed to produce 600 randomly-selected claim files from the putative class claims.

24.     Produce **documents** sufficient to identify each and every vendor that provided vehicle valuation services relating to Florida first party **PPA physical damage total loss claims** during the **Class Period.**

**OBJECTIONS:** Defendants object to this request as overly broad and unduly burdensome because, to the extent that, on relatively rare occasions, a vendor other than CCC was used with respect to vehicle valuations, the information requested cannot be determined

without conducting a manual review of more than 75,000 claim files. *See* Answer to

Interrogatory No. 11.

25.      Produce all **documents** that evidence or reflect each and every change in the method of

communication to first party PPA physical damage total loss claimants during the **Class Period**

as to the coverage provided for sales tax by form name/number/title, dates of use, and a

description of the claims for which it was used.  For example, an example of a responsive

communication is the document titled "Claim and Payment Information", in Ex. H of the

Amended Complaint, Claim Determination.  **Defendants'** response should identify such

document, the time period when it was used without revision, and a description of the claims for

which it was used.

      **OBJECTIONS:** Defendants object to this request as overly broad, unduly burdensome

and not proportional to the needs of the case under Fed. R. Civ. P. 26(b) to the extent it could

be construed as encompassing written communications on individual claims that are made on a

case-by-case basis by individual adjusters and are not standard form communications.

Defendants will respond with respect to form letters used. Subject to and without waiving the

foregoing objections, Defendants respond as follows:

      **RESPONSE:** Defendants will conduct a reasonable search for and produce an

exemplar of each form letter used on Florida total loss claims during the putative class period.

26.      Produce all documents, including the claim files, that identify any claim responsive to

or identified in response to Interrogatory No. 17.

**OBJECTIONS:** Defendants object to this interrogatory as unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26(b) because the information requested cannot be determined without conducting a manual review of more than 75,000 claim files. There is no data available to Defendants that would enable Defendants to identify, without reviewing individual claim files, claims on which sales tax was paid "without information that the insured had purchased a replacement vehicle and incurred or paid sales tax . . . ." Defendants also object to providing personal identifying information with respect to putative class members for the reasons explained above.

UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, and USAA GENERAL INDEMNITY COMPANY,

Wystan M. Ackerman
(*admitted pro hac vice*)
Stephen E. Goldman
(*admitted pro hac vice*)
Benjamin C. Jensen
(*admitted pro hac vice*)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Tel. 860-275-8200
Fax 860-275-8299
E-mail: wackerman@rc.com
E-mail: bjensen@rc.com

By  */s/ Benjamin C. Jensen* _____
   Kristen M. Van der Linde
   Fla. Bar No. 0964573
   Andrew Abramovich
   Fla. Bar No. 0043128
   Boyd & Jenerette
   201 North Hogan Street, Suite 400
   Jacksonville, FL 32202
   Tel. 904-493-3766
   Fax 904-493-3739
   E-mail: kvanderlinde@boyd-jenerette.com
   E-mail: aabramovich@boyd-jenerette.com

   Attorneys for Defendants
   United Services Automobile Association, USAA Casualty Insurance Company, Garrison Property and Casualty Insurance Company, and USAA General Indemnity Company

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 15, 2016, a copy of the foregoing was served by e-mail on

the following:

Tracy L. Markham
Avolio & Hanlon, P.C.
2800 N 5th Street
Suite 302
St. Augustine, FL 32084

Christopher B. Hall
Hall & Lampros, LLP
1230 Peachtree Street, NE
37th Floor
Atlanta, GA 30309

*/s/ Benjamin C. Jensen*
Benjamin C. Jensen