**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| CHANTAL BASTIAN, et al. on behalf of themselves and all others similarly situated, | : : : | |
| Plaintiffs, | : : | CASE NO.: 3:13-cv-001454-J-32MCR |
| vs. | : : | |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, et al., | : : : | |
| Defendants. | : | |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND SUPPORTING MEMORANDUM**

Plaintiffs Chantal Bastian et al. and Defendants United Services Automobile Association et al. respectfully request that the Court preliminarily approve the proposed class action settlement described in detail in the Class Action Settlement Agreement and exhibits thereto ("Agreement") attached hereto as Exhibit "A," and incorporated herein by reference.

**I.      CONCISE STATEMENT OF THE PRECISE RELIEF REQUESTED.**

The parties file this motion requesting that the Court preliminarily approve a class action settlement, and preliminarily certify a settlement class. The parties jointly and respectfully request that the Court grant preliminary approval of the proposed settlement, and enter an order of preliminary approval including, in substantially the same form, the content of the proposed order attached as Exhibit 1 to the Agreement.

The proposed preliminary approval order approves the form of notice to be given to the class, establishes a schedule and process for the submission of any objections or requests for exclusion from the class, and provides for a fairness hearing to be held by the Court. The parties anticipate later requesting final approval of the settlement in advance of the fairness hearing.

1

## II.     STATEMENT OF THE BASIS FOR THE REQUEST.

The parties have reached a settlement agreement for the purpose of providing to members of a settlement class who make a claim 108% of the actual damages alleged in the litigation (actual damages and 8% to account for claims of prejudgment interest).

## III.    MEMORANDUM OF LEGAL AUTHORITY.

### BACKGROUND

The parties reached the Agreement after more than three years of hotly-contested litigation, including a decision by the Court on the parties' cross-motions for summary judgment, and extensive discovery on class certification and merits issues. The parties also conducted a day-long mediation session with Terrence M. White on August 31, 2016, followed by lengthy further negotiations.

As the Court is aware, this case involves allegations that Defendants breached automobile insurance policies issued to Plaintiffs and members of the proposed class by failing to include in payments for total loss vehicles an amount for sales tax calculated based on the sales tax that would be due upon purchase of a comparable vehicle. Defendants' practice and procedure was to pay sales tax when incurred, reimbursing their members (policyholders) for sales tax paid in purchasing a replacement vehicle, which Defendants asserted was appropriate under the language of their insurance policies and Fla. Stat. § 626.9743(9) ("If sales tax will necessarily be incurred by a claimant upon replacement of a total loss or upon repair of a partial loss, the insurer may defer payment of the sales tax unless and until the obligation has actually been incurred."). The Court denied Defendants' motion for summary judgment, but subsequently certified its order for interlocutory appeal to the Eleventh Circuit, finding that there was substantial ground for difference of opinion. The Eleventh Circuit denied permission to appeal. The parties subsequently

conducted substantial discovery focused on class certification issues, prior to reaching the settlement.

If the case were to proceed through final judgment in this Court, and then an appeal to the Eleventh Circuit, both sides would bear substantial risk. The putative class would bear the risk of recovering nothing if class certification were denied or reversed on appeal, or if the Eleventh Circuit reversed this Court's summary judgment ruling. Defendants would bear the risk of having to pay the full value of the putative class members' claims plus substantial interest and attorneys' fees, if Plaintiffs prevailed on class certification, at trial, and on appeal.

Defendants changed their practice in Florida such that they include in payments for total loss vehicles an amount for sales tax calculated based on the sales tax that would be due upon purchase of a comparable replacement vehicle. Defendants have agreed to maintain that practice in place unless and until Defendants implement a change in the insurance policy forms specifying that sales tax on total loss vehicles will be paid as incurred, or a Florida District Court of Appeal, the Florida Supreme Court or the U.S. Court of Appeals for the Eleventh Circuit issues a decision on the issue favorable to Defendants' position on the issue previously presented by Defendants' summary judgment motion in this Court.

## THE PROPOSED SETTLEMENT

The proposed settlement requires Defendants to do the following: (1) make payment, to all settlement class members who submit timely claims, of an amount that is the full amount that Plaintiffs claim they would have recovered if Plaintiffs prevailed on their breach of contract claim in this lawsuit, plus 8% to account for interest that may be claimed. For example, if the sales tax on a comparable vehicle (as shown on the valuation report prepared for Defendants by CCC Information Services, Inc.) was $600.00, and a prior payment made by Defendants included

$200.00 for sales tax, a class member who submits a timely claim in the settlement will receive a payment of $432.00 (($600.00 - $200.00 = $400.00) + ($400.00 x 8% = $32.00) = $432.00). *See* Agreement (Exhibit A hereto), ¶¶ 65-68; (2) include in payments for total loss vehicles insured under Florida policies an amount for sales tax calculated based on the sales tax that would be due upon purchase of a comparable replacement vehicle unless and until Defendants implement a change in the insurance policy forms specifying that sales tax on total loss vehicles will be paid as incurred, or a Florida District Court of Appeal, the Florida Supreme Court or the U.S. Court of Appeals for the Eleventh Circuit issues a decision on the issue favorable to Defendants' position on the issue previously presented by Defendants' summary judgment motion in this Court. Defendants began paying sales tax without the requirement that sales tax be incurred by October 15, 2016.

Plaintiffs have calculated that the settlement cash value for all past claims under the terms of the settlement is approximately $34 million. Supporting Declaration of Christopher B. Hall, at ¶ 18. Plaintiffs have also calculated that the value of Defendants' agreement to change their practice, which varies based on claim volume, is approximately $600,000 per month. *Id.* at ¶ 19

Determining the amount that was paid for sales tax on many of the claims may require a detailed review of the claim file to assess the basis for each payment that was made and what was included in that payment. The proposed settlement provides for USAA (including, if USAA deems appropriate, its subcontractor(s)) to review the files of class members who make claims in the settlement, in order to make these determinations. The class member will have the opportunity to object to any determination by USAA and, if necessary, a neutral evaluator to be appointed by the Court will arbitrate any disagreement. *See* Agreement, at ¶¶ 76-80. Plaintiffs' counsel may review

4

a sample of up to 300 of the payment determinations to confirm that the payments to class members accurately follow the methodology set forth in the settlement agreement. *See id.*, at ¶ 76(f).

For the convenience of settlement class members in submitting claims, USAA will extract the available information from its claim records to pre-fill much of the information on the claim forms. *See id.*, at Exhibits 4 and 5. This type of "claims made" settlement structure, under which class members need to submit claim forms if they wish to make a claim for payment in the settlement process, is regularly approved by federal courts, including in the Eleventh Circuit. *See, e.g.*, *Bd. of Trs. of Lake Worth Employees' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2012 U.S. Dist. LEXIS 194111 (M.D. Fla. July 30, 2012) (Corrigan, J.); *Poertner v. Gillette Co.*, 618 Fed. Appx. 624, 628 (11th Cir. 2015); *Faught v. Am. Home Shield Corp.,* 668 F.3d 1233, 1238 (11th Cir. 2011); *Montoya v. PNC Bank, N.A.*, 2016 U.S. Dist. LEXIS 50315, *40-41 (S.D. Fla. Apr. 13, 2016); *Braynen v. Nationstar Mortg., LLC*, 2015 U.S. Dist. LEXIS 151744, *43-44 (S.D. Fla. Nov. 9, 2015); *Hall v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 177155, *23-24 (S.D. Fla. Dec. 17, 2014).

The proposed settlement further provides that class counsel may make an application for fees and costs to be awarded in the Court's discretion, not to exceed $5,100,000, and Defendants will not oppose that application. *See* Agreement, ¶¶ 83-86. The proposed settlement also provides that class counsel may make an application for incentive awards to the named plaintiffs to compensate them for their service as class representatives, not to exceed $10,000 each for named plaintiffs Chantal Bastian, William Laker and Oliver Sutton (who responded to written discovery requests, sat for depositions and participated more extensively in the case for a longer time period), and not to exceed $8,000 for named plaintiffs Ryann Love and Terry Smith (who first became

involved in the case shortly before the mediation), and Defendants will not oppose that application. *See id.*

## PRELIMINARY APPROVAL OF THE SETTLEMENT IS WARRANTED

Preliminary approval of a class action settlement "is not binding, and it is granted unless a proposed settlement is obviously deficient." *Smith v. Wm. Wrigley Jr. Co.*, 2010 U.S. Dist. LEXIS 67832, *6 (S.D. Fla. June 15, 2010). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Id.* at *7. These requirements are readily satisfied here, as demonstrated above and in the exhibits hereto. *City of L.A. v. Bankrate, Inc.*, 2016 U.S. Dist. LEXIS 115071, *14-15 (S.D. Fla. Aug. 24, 2016) (granting preliminary approval of proposed class action settlement where "the proposed settlement was made after mediation was conducted," "[t]he negotiations appear to have been made in good faith and there do not appear to be any obvious deficiencies," and the settlement amount "appears to be within the range of reasonableness"); *Almanzar v. Select Portfolio Servicing, Inc.*, 2015 U.S. Dist. LEXIS 178149, *5-6 (S.D. Fla. Oct. 15, 2015) (granting preliminary approval, finding that proposed class action settlement was based on "informed, good-faith, arms-length negotiations between the Parties and their capable and experienced counsel," and settlement was "within the range of reasonableness and possible judicial approval").

In deciding whether to grant preliminary approval, some courts have also made a preliminary inquiry into whether the requirements of Fed. R. Civ. P. 23 for certification of a class for settlement purposes are satisfied. Each of those requirements are satisfied here for settlement purposes.

The numerosity requirement is satisfied for purposes of settlement because Defendants have produced records demonstrating that they determined that there are more than 75,000 members (policyholders) during the class period who had total loss auto claims in Florida and may be entitled to additional payment for sales tax as members of the proposed settlement class. (Hall Declaration, at ¶ 25.)

The commonality requirement is satisfied for purposes of settlement because there is a common question of law that either Plaintiffs or Defendants might prevail on at the appellate level, regarding whether Defendants were required to pay sales tax at the time that Defendants made payment of the actual cash value of the vehicle, based on the cost of a vehicle comparable to the total loss vehicle, or were permitted to pay sales tax only when incurred under Fla. Stat. § 626.9743. This issue applies to all of the claims of the proposed settlement class, and would be a central issue on an appeal if the case were further litigated. (Hall Declaration, at ¶¶ 26, 28.)

The typicality requirement is satisfied for purposes of settlement because the Named Plaintiffs' claims are typical of those of the putative class members in that they were not paid the amount of sales tax that is claimed to be owed. (Hall Declaration, at ¶ 27.)

The adequacy of representation requirement is satisfied for purposes of settlement. Class Counsel's declaration demonstrates that Named Plaintiffs have adequately performed their duties as class representatives. (Hall Declaration, at ¶¶ 28-30.) There is no evidence that the Named Plaintiffs have any conflict of interest with the Proposed Class. *Id.* The declaration of Class Counsel demonstrate that they have competently represented the proposed class to date, and are qualified to represent the settlement class. (Hall Declaration, at ¶¶ 31-43).

With respect to the requirements of Fed. R. Civ. P. 23(b)(3), for purposes of this settlement, common questions of law or fact predominate over any questions affecting only individual

members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Given that Defendants have, by agreeing to the proposed settlement, agreed to make payments of additional sales tax amounts based only upon the vehicle valuations that were previously performed, and have effectively waived, for purposes of settlement, any opportunity they may have to present evidence with regard to vehicle valuations, individualized questions do not predominate and a class action is superior to other available methods of adjudication. (Hall Declaration, at ¶ 28).

## CONCLUSION

The parties jointly and respectfully request that the Court grant preliminary approval of the proposed settlement, and enter an order of preliminary approval including, in substantially the same form, the content of the proposed order attached as Exhibit 1 to the Agreement.

The proposed preliminary approval order approves the form of notice to be given to the class, establishes a schedule and process for the submission of any objections or requests for exclusion from the class, and provides for a fairness hearing to be held by the Court. The parties anticipate later requesting final approval of the settlement in advance of the fairness hearing.

This 25th day of April, 2017,

        CHANTAL BASTIAN, WILLIAM LAKER, OLIVER SUTTON, RYANN LOVE, and TERRY SMITH on behalf of themselves and all others similarly situated

| | |
|---|---|
| By:/s/Christopher B. Hall<br>Christopher B. Hall<br>Appearing Pro Hac Vice<br>Hall & Lampros, LLP<br>1230 Peachtree Street, NE<br>Suite 950<br>Atlanta, GA 30309<br>Tel. (404) 876-8100 | Tracy L. Markham<br>Florida Bar No. 0040126<br>Avolio & Hanlon, P.C.<br>2800 N 5th Street, Suite 302<br>St. Augustine, Florida 32084<br>Tel. (904) 794-7005<br>Fax (904) 794-7007<br>E-mail: tlmarkhamlaw@gmail.com |

Fax (404) 876-3477
E-mail: chall@hallandlampros.com

|  | UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, and USAA GENERAL INDEMNITY COMPANY, |
|---|---|
|  | By /s/Kristen M. Van der Linde |
| Stephen E. Goldman | Kristen M. Van der Linde |
| (pro hac vice) | Fla. Bar No. 0964573 |
| Wystan M. Ackerman | Boyd & Jenerette |
| (pro hac vice) | 201 North Hogan Street, Suite 400 |
| Benjamin C. Jensen | Jacksonville, FL 32202 |
| (pro hac vice) | Tel. 904-493-3766 |
| Robinson & Cole LLP | Fax 904-493-3739 |
| 280 Trumbull Street | E-mail: kvanderlinde@boyd-jenerette.com |
| Hartford, CT 06103 |  |
| Tel. 860-275-8200 |  |
| Fax 860-275-8299 |  |
| E-mail: sgoldman@rc.com |  |
| E-mail: wackerman@rc.com |  |
| E-mail: bjensen@rc.com |  |

**CERTIFICATE OF SERVICE**

      I hereby certify that, on April 25, 2017, a copy of the foregoing was filed electronically. A copy of this filing will be sent by e-mail to all parties who have appeared in this action by operation of the Court's electronic filing system, and by first-class mail, postage prepaid, to any parties that do not have access to the Court's electronic filing system.

                              /s/Christopher B. Hall