# EXHIBIT A

| | | |
|---|---|---|
| CHANTAL BASTIAN, et al. on behalf of themselves and all others similarly situated, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | CASE NO.: 3:13-cv-001454-J-32MCR |
| | : | |
| vs. | : | |
| | : | |
| UNITED SERVICES AUTOMOBILE | : | |
| ASSOCIATION, et al., | : | |
| | : | |
| Defendants. | : | |

## CLASS ACTION SETTLEMENT AGREEMENT

**TABLE OF CONTENTS**

<div align="right">**Page**</div>

EXHIBITS .................................................................................................................. ii

RECITALS ................................................................................................................. 1

I.     ADDITIONAL DEFINITIONS .............................................................. 2

II.    PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS ......................... 8

III.   THE SETTLEMENT ADMINISTRATOR ..................................... 12

IV.   CLASS NOTICE ................................................................................. 13

V.    COSTS OF CLASS NOTICE .............................................................. 15

VI.   FINAL APPROVAL OF THE PROPOSED SETTLEMENT ...................................... 15

VII.  DISMISSAL OF ACTION AND RELEASE OF CLAIMS ........................................ 17

VIII. PAYMENTS TO CLASS MEMBERS ................................................ 18

IX.   SUBMISSION OF CLAIMS BY CLASS MEMBERS ................................ 20

X.    CLAIMS ADMINISTRATION ........................................................... 22

XI.   COMMUNICATIONS WITH MEMBERS OF THE SETTLEMENT CLASS ............. 26

XII.  COSTS OF SETTLEMENT ADMINISTRATION ....................................... 26

XIII. ATTORNEYS' FEE AND INCENTIVE AWARDS ...................................... 27

XIV. DEFENDANTS' MONETARY OBLIGATION UNDER THE SETTLEMENT ......... 27

XV.  REPRESENTATION OF OPT OUTS; CONFIDENTIALITY AGREEMENT ............. 28

XVI. DISAPPROVAL OR TERMINATION OF THE PROPOSED SETTLEMENT ........... 29

XVII. REQUESTS FOR EXCLUSION AND OBJECTIONS TO THE SETTLEMENT ....... 31

XVIII. DENIAL OF LIABILITY .................................................................. 33

XIX. RETENTION OF RECORDS ............................................................. 34

XX.  MISCELLANEOUS PROVISIONS .................................................... 34

## **EXHIBITS**

1. Proposed Preliminary Approval Order

2. Mailed Notice

3. Emailed Notice

4. Claim Form

5. Electronic Claim Form

6. Proposed Final Order and Judgment

7. Press Release

This Class Action Settlement Agreement ("Agreement") is made by and between (1) Chantal Bastian, William Laker, Oliver Sutton, Ryann Love and Terry Smith (the "Named Plaintiffs"), on behalf of themselves and as putative representatives of the Settlement Class defined in Paragraph 36 below (collectively, "Plaintiffs"), and (2) United Services Automobile Association, USAA Casualty Insurance Company, Garrison Property and Casualty Insurance Company and USAA General Indemnity Company (individually, a "Defendant" and collectively, "Defendants"). Plaintiffs and Defendants are referred to collectively as "the Parties."

This Agreement is entered into to effect a full and final settlement and dismissal with prejudice of all of the Released Claims (as defined in Paragraph 33 below) against all Released Persons (as defined in Paragraph 34 below) relating to the above-captioned lawsuit (the "Action") on the terms and to the full extent set forth below, subject to the approval of the Court.

## RECITALS

WHEREAS, on or about October 17, 2013, Chantal Bastian originally filed a Class Action Complaint in the Seventh Judicial Circuit Court in and for St. Johns County, Florida, Class Action Complaint, which was removed to and is now pending, as subsequently amended with additional Plaintiffs added, in the United States District Court for the Middle District of Florida, in Case No. 3:13-cv-001454-J-32MCR (the "Action"); and

WHEREAS, the Action alleges that Defendants, in making Actual Cash Value Payments (as defined in Paragraph 1 below) on first-party insurance claims for physical damage to private passenger automobiles, under Florida automobile insurance policies issued by Defendants, improperly failed to include Full ACV Sales Tax (as defined in Paragraph 21 below) in such payments; and

WHEREAS, Defendants have denied and continue to deny all material allegations of the Action, as to which Defendants have also raised numerous additional defenses; maintain that they have acted consistently in accordance with their insurance policies and all applicable laws and regulations; and further maintain that the Action does not satisfy the requirements of a class action under the Federal Rules of Civil Procedure and applicable federal class action law, other than for purposes of settlement as provided in this Agreement; and

WHEREAS, the Named Plaintiffs and Class Counsel, while believing that the claims asserted in the Action have substantial merit, have considered the risks associated with the continued prosecution of this complex and time-consuming litigation, as well as the likelihood of success on the merits of the Action at trial and upon any appeal therefrom, and believe that, in consideration of all the circumstances, the Proposed Settlement embodied in this Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members; and

WHEREAS, Defendants, while denying wrongdoing of any kind whatsoever, and without admitting liability, nevertheless have agreed to enter into this Agreement to avoid further burden, expense and risk of protracted litigation and to be completely free of any further controversy with respect to the Released Claims, and to effect a full and final settlement with prejudice of such claims on the terms set forth below;

NOW, THEREFORE, IT IS HEREBY AGREED by and between the Parties, through their respective counsel, that the Action be settled and compromised by the Named Plaintiffs, the Settlement Class, and Defendants on the following terms and conditions, subject to the approval of the Court after hearing:

## I.  ADDITIONAL DEFINITIONS

In addition to terms defined elsewhere in this Agreement, the following terms shall be defined as follows:

1.  "Actual Cash Value Payment" means a payment made by a Defendant that was based on an estimate of the amount that it would cost, at the time of loss, to buy a comparable vehicle, i.e., a vehicle of the same make, model, model year, body type, and options with substantially similar mileage and physical condition, minus any applicable deductible. An Actual Cash Value Payment made by a Defendant may or may not have included sales tax.

2.  "Actual Cash Value Sales Tax" means the amount of sales tax that would be due based on the estimate of the amount that it would cost, at the time of loss, to buy a comparable vehicle, i.e., a vehicle of the same make, model, model year, body type, and options with substantially similar mileage and physical condition, minus any applicable deductible.

3.  "Automobile Insurance Policy" means a Florida policy of insurance issued by a Defendant, in effect during the Class Period, providing first-party physical damage coverage for a private passenger automobile.

4.  "Attorneys' Fee Award" means the Court-determined award of attorneys' fees, costs, and expenses to Class Counsel, as provided in Paragraphs 83-86.

5.  "Claim Form" means the Court-approved paper claim form, without material alteration from Exhibit 4, that a Settlement Class Member may submit to be considered for payment under the Final Settlement, as provided in Paragraphs 71-75.

6.  "Claim Resolution Process" means the procedures described in Paragraphs 65-80 of this Agreement for the presentation, evaluation, and resolution of claims.

7.  "Claim Payment" shall have the meaning given such term in Paragraphs 65-70.

8.  "Claims Submission Deadline" means the date by which qualifying Claim Forms must be postmarked or Electronic Claim Forms must be electronically submitted in order to be considered timely, as further provided in Paragraph 74.

9.  "Class Counsel" means the attorneys approved and appointed by the Court to represent the Settlement Class Members, as provided in Paragraph 41.

10. "Class Period" means the period of October 17, 2008 through October 15, 2016.

11. "Confidential Information" shall have the meaning given such term in Paragraph 89.

12. "Covered Total Loss" means any Total Loss to a private passenger automobile that (a) occurred within the Class Period, (b) was determined by a Defendant or by a court or arbitrator of competent jurisdiction to be covered by an Automobile Insurance Policy issued by that Defendant, and (c) resulted in an Actual Cash Value Payment by that Defendant within the Class Period.

13. "Court" means the United States District Court for the Middle District of Florida.

14. "Effective Date" means the date when each and all of the following conditions have occurred:

    (a)    This Agreement has been fully executed by the Parties and/or their counsel;

    (b)    No Party has terminated the Agreement;

    (c)    Orders have been entered by the Court certifying a Settlement Class, granting preliminary approval of this Agreement, and approving a form of notice and claim forms, all as provided in this Agreement;

    (d)    The Court has entered the Final Order and Judgment, including substantially the same content in Exhibit 6 without material alteration, finally approving this Agreement and releasing all of the Released Persons from all of the Released Claims, and dismissing the Action with prejudice and without leave to amend, as provided in this Agreement;

    (e)    the Court has fully resolved any application made by Class Counsel under Paragraph 76(f); and

    (f)    The judgment has become Final as defined in Paragraph 17.

15. "Electronic Claim Form" means the Court-approved electronic claim form, without material alteration from Exhibit 5 except for conversion to electronic format with the functionality described in Paragraph 73, that a Settlement Class Member may submit electronically to be considered for payment under the Final Settlement, as provided in Paragraph 73.

16. "Eligible Class Member" means a Settlement Class Member who timely submits a Claim Form or Electronic Claim Form in accordance with Paragraphs 71-75, and satisfies the eligibility criteria stated in Paragraphs 65-70.

17. "Final," when referring to a judgment order, means that (a) the judgment is a final, appealable judgment; and (b) either (i) no appeal has been taken from the judgment as of the date on which all times to appeal therefrom have expired, or (ii) an appeal or other review proceeding of the judgment having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the Final Order and Judgment.

18.  "Fairness Hearing" means the fairness hearing conducted by the Court to consider final approval of this Agreement and Proposed Settlement, as provided in Paragraph 62.

19.  "Final Order and Judgment" means the Proposed Final Order and Judgment Approving Class Action Settlement, including substantially the same content in Exhibit 6 without material alteration, disposing of all claims asserted in the Action against Defendants and all claims settled under the Final Settlement, as further provided in Paragraphs 62-64.

20.  "Final Settlement" means the settlement approved by the Court in the Final Order and Judgment as reasonable, adequate, and in the best interests of the Settlement Class Members as provided in Paragraph 62.

21.  "Full ACV Sales Tax" means the amount of sales tax that would be paid upon purchase, in the state and county where the Settlement Class Member had his or her domicile at the time of the Total Loss, of a comparable vehicle, i.e., a vehicle of the same make, model, model year, body type, and options with substantially similar mileage and physical condition as the vehicle which suffered the Total Loss.

22.  "Full ACV Sales Tax Percentage" means the sales tax percentage used to calculate the Full ACV Sales Tax, which includes, for Settlement Class Members domiciled in Florida, a 6% Florida state sales tax, and in some instances, a local discretionary sales tax that applies to the first $5,000 of the vehicle value.

23.  "Incentive Award" means the potential award to the Named Plaintiffs, if and as determined by the Court and provided in Paragraphs 83-86.

24.  "Legally Authorized Representative" means an administrator/administratrix, personal representative, or executor/executrix of a deceased Settlement Class Member's estate; a guardian, conservator, or next friend of an incapacitated Settlement Class Member; or any other legally appointed Person or entity responsible for handling the business affairs of a Settlement Class Member.

25.  "Mailed and Emailed Notice" means the Court-approved notice, without material alteration from Exhibit 2 (for Mailed Notice) or from Exhibit 3 (for Emailed Notice), mailed and emailed to potential Settlement Class Members, as provided in Paragraphs 53-55. The term "Mailed Notice" refers only to the physical mailing and not the e-mailed notice. The term "Emailed Notice" refers only to the emailed notice and not the physical mailing.

26.  "Mailed Notice Date" means the date that the initial mailing of the Mailed Notice to potential Settlement Class Members, as provided in Paragraph 53, is completed.

27. "Neutral Evaluator" means a neutral third party agreed to by the Parties and approved by the Court as provided in Paragraphs 43, 45(*l*) and 62(n), whose duties are limited to those set forth in Paragraphs 76(g) and 76(h).

28. "Opt-Out List" shall have the meaning given such term in Paragraphs 45(o) and 99.

29. "Person" means any natural person, individual, corporation, association, partnership, trust, or any other type of legal entity.

30. "Proposed Preliminary Approval Order" means the proposed order without material alteration from Exhibit 1, and as further provided in Paragraph 45.

31. "Proposed Settlement" means the settlement described in this Agreement, before final approval by the Court in the Final Order and Judgment.

32. "Release" shall have the meaning given such term in Paragraphs 33-34, 39, and 63-64.

33. "Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether *ex contractu* or *ex delicto*, statutory, common law or equitable, including but not limited to breach of contract, bad faith, or extracontractual claims, and claims for punitive or exemplary damages, or prejudgment or postjudgment interest, arising from or relating in any way to any insufficiency in the amount of any payment made to a Settlement Class Member for sales tax with respect to any Covered Total Loss under an Automobile Insurance Policy occurring during the Class Period. Released Claims do not include any claim for enforcement of the contemplated Settlement Agreement and/or Final Order and Judgment.

    In addition, each of the Named Plaintiffs also releases any claims arising from or relating in any way to any automobile insurance claim made by him or her for any Covered Total Loss under an Automobile Insurance Policy occurring during the Class Period.

34. "Released Persons" means (a) Defendants United Services Automobile Association, USAA Casualty Insurance Company, Garrison Property and Casualty Insurance Company and USAA General Indemnity Company; (b) all of the past and present divisions, parent entities, affiliates, and subsidiaries, of the entities listed in Subparagraph 34(a); (c) all past and present officers, directors, agents, attorneys, employees, stockholders, successors, assigns, insurers, reinsurers, independent contractors, and legal representatives of the entities and/or Persons listed in Subparagraphs 34(a)-(b); and (d) all of the heirs, estates, successors, assigns, and legal representatives of any of the entities or Persons listed in this Paragraph.

35. "Settlement Administrator" means Dahl Administration, LLC.

36.     "Settlement Class" is defined as follows:

Each and every Person who:

(a)     was insured by a Defendant under an Automobile Insurance Policy;

(b)     during the Class Period suffered a Covered Total Loss;

(c)     received from a Defendant an Actual Cash Value Payment for the Covered Total Loss.

(d)     excluding:

    (i)     claims that were the subject of any individual (non-class action) lawsuit filed during the Class Period alleging causes of action related to any Released Claims, except for the Named Plaintiffs' claims;

    (ii)    claims for which Defendants received an executed release during the Class Period; and

    (iii)   Defendants, all present or former officers and/or directors of Defendants, the Neutral Evaluator, Class Counsel, a Judge of this Court, and Defendants' counsel of record.

37.     "Settlement Class Member" means any Person who is included within the definition of the Settlement Class.

38.     "Total Loss" means a vehicle that sustained damage and with respect to which a Defendant issued an Actual Cash Value Payment.

39.     "Unknown Claim" means any claim and its related relief and/or damages arising out of newly discovered facts and/or facts found hereafter to be other than or different from the facts now believed to be true. The Released Claims defined in Paragraph 33 include any and all Unknown Claims arising from or relating in any way to any insufficiency in the amount of any payment made to a Settlement Class Member for sales tax with respect to any Covered Total Loss under an Automobile Insurance Policy occurring during the Class Period. Upon the final approval of the Final Settlement, each Settlement Class Member who has not timely and properly excluded himself or herself from the Settlement Class shall be deemed to have expressly waived and released any and all Unknown Claims that he or she has or might have arising from or in any way related to the Released Claims.

In addition, with respect to each of the Named Plaintiffs, the Released Claims also include any Unknown Claim arising from or relating in any way to any automobile insurance claim made by him or her for any Covered Total Loss under an Automobile Insurance Policy occurring during the Class Period.

## II. PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS

40. The Parties stipulate to certification, for settlement purposes only, of the Settlement Class defined in Paragraph 36.

41. Solely for the purpose of implementing this Agreement and effectuating the Proposed Settlement, Defendants stipulate that the Court may enter the Proposed Preliminary Approval Order, preliminarily certifying the Settlement Class, appointing the Named Plaintiffs as representatives of the Settlement Class, and appointing the following as Class Counsel for the Settlement Class:

> Christopher B. Hall
> Hall & Lampros, LLP
> 1230 Peachtree Street, NE
> Suite 950
> Atlanta, GA 30309
> Tel. 404-876-8100
>
> Tracy L. Markham
> Avolio & Hanlon, P.C.
> 2800 N 5th Street, Suite 302
> St. Augustine, FL 32084
> Tel. 904-794-7005

42. Solely for the purpose of implementing this Agreement and effectuating the Proposed Settlement, the Parties stipulate that Dahl Administration, LLC shall be appointed by the Court as Settlement Administrator.

43. Solely for the purpose of implementing this Agreement and effectuating the Proposed Settlement, the Parties stipulate that Michael T. Callahan shall be appointed by the Court as the Neutral Evaluator.

44. The Parties and their respective counsel agree that the settlement of this Action is not a concession by Defendants that a litigation class could properly be certified in this Action, and Plaintiffs and Class Counsel agree not to argue, in this or any other proceeding, that the fact of this settlement, or Defendants' stipulation to the certification of the Settlement Class, constitutes a concession by Defendants that a litigation class could properly be certified.

45. Promptly after execution of this Agreement, the Parties shall submit this Agreement to the Court and request entry of the Proposed Preliminary Approval Order, without material alteration from Exhibit 1, that, among other things:

   (a) preliminarily approves this Agreement;

   (b) finds that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to preliminarily approve this Agreement and all Exhibits thereto;

(c)     preliminarily certifies the Settlement Class, approves the Named Plaintiffs as class representatives of the Settlement Class, and appoints Class Counsel as counsel for the Settlement Class;

(d)     provides that Defendants shall retain all rights to assert that the Action may not be certified as a class action except for settlement purposes;

(e)     schedules the Fairness Hearing to consider the fairness, reasonableness, and adequacy of the Proposed Settlement and whether it should be finally approved by the Court;

(f)     finds that the Proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the Settlement Class;

(g)     finds that the Class Action Fairness Act Notice given by the Settlement Administrator on behalf of Defendants as set forth in Paragraph 59 is in full compliance with 28 U.S.C. § 1715(b);

(h)     approves the Mailed and Emailed Notice, the content of which is without material alteration from Exhibit 2 (for Mailed Notice) or Exhibit 3 (for Emailed Notice), to be sent to the Persons described in Paragraph 36, and directs its mailing by first-class mail and email to the last-known mail and email addresses for each such Person as set forth in Paragraph 53, and, for Mailed Notices returned, directs the Settlement Administrator to follow the procedures set forth in Paragraph 54;

(i)     approves the Claim Form, the content of which is without material alteration from Exhibit 4, and the Electronic Claim Form, the content of which is without material alteration from Exhibit 5 except for conversion to electronic format with the functionality described in Paragraph 73, for distribution to and/or use by potential Settlement Class Members, and sets a Claims Submission Deadline after which the Claim Forms and Electronic Claim Forms shall be deemed untimely (thirty (30) days after the Final Approval Hearing);

(j)     approves the settlement website as described in Paragraph 56, which may be amended during the course of the settlement as appropriate and agreed to by the Parties, and which shall be maintained for at least 180 days after the Claims Submission Deadline;

(k)     appoints Dahl Administration, LLC as the Settlement Administrator;

(l)     appoints Michael T. Callahan as the Neutral Evaluator;

(m)     directs the Settlement Administrator to maintain a toll-free VRU telephone system containing recorded answers to frequently asked questions, along with an option permitting potential Settlement Class Members to speak to live operators or leave messages in a voicemail box;

(n)  determines that the notice provided to potential Settlement Class Members (including the Mailed and Emailed Notice and the settlement website) (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and of their right to object or to exclude themselves from the Proposed Settlement; and (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice;

(o)  requires the Settlement Administrator to file proof of mailing of the Mailed Notice and emailing of the Emailed Notice at or before the Fairness Hearing, along with the Opt-Out List, which shall be a list of all Persons who timely and properly requested exclusion from the Settlement Class, and an affidavit attesting to the accuracy of the Opt-Out List;

(p)  requires each Settlement Class Member who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than sixty (60) days after the Mailed Notice Date, to the Settlement Administrator at the address in the Mailed Notice, and that complies with the requirements in Paragraphs 96-97, and further requires that any exclusion be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, except that such exclusion requests may be submitted by a Settlement Class Member's Legally Authorized Representative;

(q)  rules that any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Action, even if such Settlement Class Member never received actual notice of the Action or this Proposed Settlement;

(r)  provides that preliminary certification and all actions associated with preliminary certification are undertaken on the condition that the certification and designations shall be automatically vacated if this Agreement is terminated or is disapproved in whole or in part by the Court, the Court of Appeals or the Supreme Court, or if the agreement to settle is revoked pursuant to Paragraphs 92-95, in which event this Agreement and the fact that it was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any Party of liability or of the certifiability of any class, as set forth in Paragraphs 47, 62(h), 94, and 108-110 of this Agreement;

(s)  requires each Settlement Class Member who has not submitted a timely request for exclusion from the Settlement Class, and who wishes to object to the fairness, reasonableness, or adequacy of this Agreement or

any term or aspect of the Proposed Settlement or to intervene in the Action, to follow the procedures set forth in Paragraphs 101-106 of this Agreement;

(t)     requires any attorney hired by a Settlement Class Member for the purpose of objecting to any term or aspect of this Agreement or to the Proposed Settlement or intervening in the Action to provide to the Settlement Administrator (who shall forward it to Class Counsel and Counsel for Defendants) and to file with the Clerk of the Court a notice of appearance no later than sixty (60) days after the Mailed Notice Date;

(u)     provides that the right to object to the Proposed Settlement or to intervene must be exercised individually by a Settlement Class Member or his or her attorney, and not as a member of a group, class, or subclass, except that such objections and motions to intervene may be submitted by a Settlement Class Member's Legally Authorized Representative;

(v)     directs the Settlement Administrator to rent a post office box to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications, and provides that only the Settlement Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise expressly provided in this Agreement;

(w)     directs the Settlement Administrator promptly to furnish Class Counsel and Counsel for Defendants copies of any and all objections, written requests for exclusion, motions to intervene, notices of intention to appear, or other communications that come into its possession, as set forth in this Agreement;

(x)     stays all proceedings in the Action until further order of the Court, except that the Parties may conduct such limited proceedings as may be necessary to implement the Proposed Settlement or to effectuate the terms of this Agreement; and

(y)     contains any additional provisions agreeable to the Parties that might be necessary to implement the terms of this Agreement and the Proposed Settlement.

46.     Preliminary certification of the Settlement Class and appointment of the class representative and Class Counsel for purposes of this Proposed Settlement by the Court shall be binding only with respect to the Proposed Settlement. Upon the preliminary approval of this Agreement and the Proposed Settlement as provided in Paragraph 45, all proceedings in the Action shall be stayed until further order of the Court; provided, however, that the Parties may conduct such limited proceedings as may be necessary to implement the Proposed Settlement or to effectuate the terms of this Agreement.

47.     In the event that the Proposed Settlement is not consummated for any reason, whether due to a termination of this Agreement in accordance with its terms, a failure or refusal of the Court to approve the Proposed Settlement, or a reversal or modification of the Court's approval of the Proposed Settlement on appeal, or for any other reason, then (a) the Parties shall stipulate to and the Court shall vacate the certification of the Settlement Class; and (b) in any further court proceedings, the Parties, their attorneys and the Court shall proceed as though the Agreement had never been entered and the Settlement Class had never been certified, neither Plaintiffs nor Class Counsel shall cite or reference this Agreement, and Defendants shall have the right to contest the certification of any class; and (c) nothing in this Agreement may be used as an admission or offered into evidence in any proceeding involving Defendants whatsoever, as further provided in Paragraphs 94 and 108-110.

## III.     THE SETTLEMENT ADMINISTRATOR

48.     The Parties agree to the appointment of Dahl Administration, LLC as Settlement Administrator to perform the services described herein. Defendants shall be solely responsible for the payment of the Settlement Administrator's fees and costs, including all of the costs of notice and settlement administration.

49.     The Settlement Administrator shall assist with various administrative tasks, including, without limitation, (i) mailing or arranging for the mailing of the Mailed Notice, emailing the Emailed Notice and submitting to the Parties and the Court an affidavit detailing same and offering proof thereof; (ii) handling returned mail not delivered and making any additional mailings required under the terms of the Agreement; (iii) responding, as necessary, to inquiries from Settlement Class Members; (iv) providing to Class Counsel and Counsel for Defendants within five (5) business days of receipt copies of all objections, motions to intervene, notices of intention to appear, and requests for exclusion from the Settlement Class; (v) preparing a list of all Persons who timely requested exclusion from the Settlement Class and submitting to the Court the Opt-Out List and supporting affidavit; (vi) preparing a list of all Persons who submitted objections to the settlement and submitting an affidavit testifying to the accuracy of that list; and (vii) promptly responding to requests for information and documents from Class Counsel, Defendants, and Defendants' Counsel.

50.     The Settlement Administrator shall rent a post office box to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications. Only the Settlement Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise expressly provided in this Agreement.

51.     The Settlement Administrator shall establish procedures and capabilities for receiving and processing Claim Forms and Electronic Claim Forms.

52.  The Parties agree to notify each other of the receipt of any request for exclusion or objection to this settlement received from a potential Settlement Class Member within two (2) business days of receipt.

## IV.  CLASS NOTICE

53.  As soon as practicable after the preliminary approval of the Proposed Settlement as provided in Paragraph 45, Defendants shall make a reasonable search of their computer/electronic databases to ascertain the name, last-known address, and if previously provided to USAA, the most-recently provided email address of each potential Settlement Class Member (if the Settlement Class Member has provided Defendants with an email address for use in communications as reflected in Defendants' records of email addresses). Prior to mailing the Mailed and Emailed Notice and Claim Form, the Settlement Administrator shall run the physical mailing addresses once through the National Change of Address Database ("NCOA") to attempt to obtain a more current name and/or physical mailing address for each potential Settlement Class Member. The Settlement Administrator may also perform such further reasonable search for a more current name and/or physical mailing address for the potential Settlement Class Member, including potentially an Experian search or skip tracing, to the extent the Settlement Administrator determines in its sole discretion that a physical mailing address provided to it may not be accurate. The Settlement Administrator will not perform any searches for additional e-mail addresses for potential Settlement Class Members, but will use only e-mail addresses provided by Defendants. The Settlement Administrator shall: (a) send a copy of the Mailed Notice and a Claim Form by first-class mail to each potential Settlement Class Member identified as a result of the above search(es); and (b) send an Emailed Notice with a link to the settlement website (which will contain a prominent button titled "Make a Claim" to access a pre-filled Electronic Claim Form by use of Claimant ID and USAA Member last name) to each potential Settlement Class Member identified as a result of the above search(es).

The Emailed Notice shall be without material alteration from Exhibit 3 hereto.

The Settlement Administrator will utilize its standard procedures, including notifying web-based email providers, to increase the likelihood that the Emailed Notice will be received by Settlement Class Members and not treated by e-mail systems as spam.

Defendants and the Settlement Administrator shall use their best efforts to complete the mailing of the Mailed and Emailed Notice and Claim Form to potential Settlement Class Members within forty-five (45) days after entry of the Preliminary Approval Order.

The Settlement Administrator shall report to Class Counsel and Defendants the number of emails sent to Class Members and the dates that such emails were sent.

54.     If any Mailed Notice and/or Claim Form mailed to any potential Settlement Class Member in accordance with Paragraph 53 is returned to the Settlement Administrator as undeliverable, the Settlement Administrator will promptly log each Mailed Notice and/or Claim Form that is returned as undeliverable and provide copies of the log to Defendants and Class Counsel as requested. The Settlement Administrator will not log or re-send any e-mails that are returned by any e-mail system or automated reply. If the mailing is returned to the Settlement Administrator with a forwarding address, the Settlement Administrator shall forward the mailing to that address. For the remaining returned mailings, the Settlement Administrator will conduct an updated NCOA database search, Experian search and, if those searches are unsuccessful, use skip tracing to identify a new address and those mailings shall be forwarded to any new address obtained through such a search. In the event that any Mailed Notice is returned as undeliverable a second time, no further mailing shall be required. It is agreed by the Parties that the procedures set forth in the preceding Paragraph and this Paragraph constitute reasonable and the best practicable notice under the circumstances and an appropriate and sufficient effort to locate current addresses for Settlement Class Members such that no additional efforts to do so shall be required. Upon request, Defendants and the Settlement Administrator shall provide Class Counsel such reasonable access to the notice process as they may need to monitor compliance with the notice campaign.

55.     The envelope on the Mailed Notice shall reference "Bastian et al. v. USAA et al." and "USAA Florida Auto Sales Tax Class Action Notice."

56.     The Settlement Administrator shall establish the website USAAFloridaAutoSalesTaxSettlement.com for the settlement and post the Agreement, Mailed Notice, Claim Form, Electronic Claim Form, Preliminary Approval Order, and frequently asked questions; the website may be amended from time to time as agreed to by the Parties. The website shall also contain Spanish translations of the Mailed Notice and Claim Form. The Settlement Administrator shall maintain the website for at least 180 days after expiration of the Claims Submission Deadline. The home page of the website shall have a prominent "Make A Claim" button permitting a Class Member to access a pre-filled Electronic Claim Form by providing Claimant ID and USAA Member last name, with a method to submit the Electronic Claim Form with an electronic signature, and a method (by use of Claimant ID or USAA Member Number and USAA Member last name) to request that another copy of the pre-filled paper Claim Form be mailed or emailed to the Settlement Class Member. A class member will also be able to request another copy of the pre-filled paper Claim Form from the Settlement Administrator by telephone or e-mail.

57.     The Mailed Notice and Claim Form, along with Spanish translations of those documents, will also be made available to all potential Settlement Class Members by request to the Settlement Administrator, who shall send via first-class U.S. mail any of these documents as requested from the Settlement Administrator by any potential Settlement Class Member.

58.    The Settlement Administrator shall maintain a toll-free VRU telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

## V.    CLASS ACTION FAIRNESS ACT NOTICE

59.    Pursuant to 28 U.S.C. § 1715(b), within 10 days after this Agreement is filed with the Court, the Settlement Administrator, on behalf of Defendants, will give notice to the Attorney General of the United States, Federal Reserve Board, the Chief Financial Officer of the State of Florida, the Florida Insurance Commissioner, and the primary insurance regulatory or supervisory official of each state and territory of the United States, serving on them the documents described in 28 U.S.C. § 1715(b)(1) through (8), as applicable (the "Class Action Fairness Act Notice").

## VI.    COSTS OF CLASS NOTICE

60.    Defendants will pay all of the costs of the initial mailing and emailing of the Mailed and Emailed Notice and Claim Form to all potential Settlement Class Members as described in Paragraph 53, including the costs of printing and reproducing the Mailed Notice and Claim Form and the cost of mailing and emailing the Mailed and Emailed Notice and Claim Form to such potential Settlement Class Members. Defendants will also pay the costs of the address searches and remailings described in Paragraph ~~54~~.

61.    Defendants will pay all of the costs of mailing and/or emailing the Mailed and Emailed Notice and Claim Form to any potential Settlement Class Members who contact the Settlement Administrator and request copies of those materials.

## VII.    FINAL APPROVAL OF THE PROPOSED SETTLEMENT

62.    After the completion of the mailing described in Paragraphs 53-54, the completion of the website described in Paragraph 56, the deadline for seeking exclusion from the Settlement Class as provided in Paragraphs 45(p) and 96, and the deadline for filing objections to the Proposed Settlement as provided in Paragraphs 45(s) and 102, Class Counsel will file a motion seeking the Court's final approval of the Proposed Settlement at the Fairness Hearing to be held at a time, date, and location that will be stated in the Mailed and Emailed Notice and in the Preliminary Approval Order or other order.  The Parties shall request the Court to enter a Final Order and Judgment without material alteration from Exhibit 6 that, among other things:

(a)    certifies the Settlement Class for settlement purposes only;

(b)    finds that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Agreement and all Exhibits thereto;

(c)     gives final approval to the Proposed Settlement without material alteration, and directs the Parties and counsel to comply with and consummate the terms of this Agreement;

(d)     finds that Class Counsel and the Named Plaintiffs have adequately represented the Settlement Class;

(e)     finds that the terms of this Agreement are fair, reasonable, and adequate to the Settlement Class Members; consistent and in compliance with all requirements of due process and federal law;

(f)     finds that the Mailed and Emailed Notice, the settlement website, and the notice methodology implemented pursuant to this Agreement (i) constituted the best practicable notice; (ii) were reasonably calculated to apprise potential Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the Proposed Settlement and to appear at the Fairness Hearing; and (iii) were reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice;

(g)     finds that the Class Action Fairness Act Notice provided by the Settlement Administrator on behalf of Defendants was in compliance with 28 U.S.C. § 1715(b), and that the Class Action Fairness Act Notice was given more than 90 days prior to any order of final approval, in accordance with 28 U.S.C. § 1715(d);

(h)     determines that the Agreement and the settlement provided for herein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party of liability or of the certifiability of a litigation class; provided, however, that reference may be made to this Agreement and the settlement provided for herein in such proceedings as may be necessary to effectuate the provisions of this Agreement, as further set forth in this Agreement;

(i)     approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment;

(j)     provides that the Named Plaintiffs, all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have submitted a Claim Form or Electronic Claim Form, and regardless of whether they

have received actual notice of the Proposed Settlement, have conclusively compromised, settled, discharged, and released all Released Claims against Defendants and the Released Persons, and are bound by the provisions of this Agreement, including the Release in Paragraphs 32-34, 39, and 63-64;

(k)    dismisses all claims (individual and class claims) in the Action as to Defendants on the merits and with prejudice, and without fees or costs except as provided herein, and entering final judgment thereon;

(l)    determines the amount of the Attorneys' Fee Award to Class Counsel, and the Incentive Award to the Named Plaintiffs, as set forth in Paragraphs 83-86;

(m)    appoints Dahl Administration, LLC as the Settlement Administrator;

(n)    appoints Michael T. Callahan as Neutral Evaluator;

(o)    authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Agreement and all Exhibits hereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not reduce or limit any rights of Settlement Class Members; and

(p)    provides that any Party to this Agreement, the Neutral Evaluator, the Settlement Administrator, counsel in any capacity in which they may act under the authority of this Agreement, and any employees, representatives, or agents of such Persons or entities shall not be liable for anything done or omitted in connection with this Agreement and/or the claims administration process.

Defendants will not oppose final approval of the settlement in the form attached hereto as Exhibit 6, and may submit their own material with respect to settlement approval and the Fairness Hearing.

## VIII.    DISMISSAL OF ACTION AND RELEASE OF CLAIMS

63.    Upon the Effective Date, the Named Plaintiffs, all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have submitted a Claim Form or Electronic Claim Form, and regardless of whether they have received actual notice of the Proposed Settlement, will be bound by the Final Order and Judgment and conclusively deemed to have fully released, acquitted, and forever discharged, to the fullest extent permitted by law, all of the Released Persons from all of the Released Claims, and agree not to institute, maintain, or assert any claims

against the Released Persons on the Released Claims. Nothing contained in this Agreement shall (a) preclude the enforcement of the terms of this Agreement or the Final Order and Judgment or (b) preclude the Settlement Class Members from participating in the Claim Resolution Process.

64.     Upon entry of the Final Order and Judgment, the Action will be dismissed with prejudice as to Defendants, and the Named Plaintiffs, and all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, will release all the Released Persons from all of the Released Claims, and covenant not to sue any of the Released Persons with respect to any of the Released Claims. The provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, and/or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and/or approved by a court are hereby expressly, knowingly, and voluntarily waived by and on behalf of the Named Plaintiffs and all Settlement Class Members who have not been excluded from the Settlement Class. The Named Plaintiffs, and the Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, expressly acknowledge and assume all risk, chance, or hazard that the damage allegedly suffered may be different, or may become progressive, greater, or more extensive than is now known, anticipated, or expected. Furthermore, the Named Plaintiffs, and all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, specifically release any right they may now or hereafter have to reform, rescind, modify, or set aside this Release or this Agreement through mutual or unilateral mistake or otherwise; and they assume the risk of such uncertainty and mistake in consideration of the consideration herein mentioned and in consideration of this being a final settlement. Without limiting the foregoing in any way, the Named Plaintiffs, and all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, expressly waive all rights under Section 1542 of the California Civil Code, realizing and understanding that Section 1542 provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

## IX.     PAYMENTS TO CLASS MEMBERS

65.     This settlement shall be a claims-made settlement. To be eligible for a Claim Payment under this settlement, a Settlement Class Member or his or her Legally Authorized Representative must timely submit a Claim Form or Electronic Claim Form that satisfies the requirements of Paragraphs 71-75 and must not have submitted a request for exclusion. Settlement Class Members who submit a qualifying Claim Form or Electronic Claim Form satisfying the requirements

of Paragraphs 71-75 will be eligible to receive a Claim Payment calculated as set forth in Paragraphs 65-70.

66. The amounts paid to Eligible Class Members will be calculated as follows:

(a) Each Eligible Class Member who submitted a claim for a Covered Total Loss with a date of loss during the Class Period and received an Actual Cash Value Payment from a Defendant will receive a payment calculated by: (1) determining the Full ACV Sales Tax for the vehicle that was a Total Loss; subtracting (2) any amount of sales tax that was included in any prior payment made by the Defendant on the claim; and adding (3) an additional amount of eight percent (8%) of the difference calculated by subtracting the amount calculated in subpart (2) from the amount of item (1) of this paragraph. For example, if the Full ACV Sales Tax was $600.00 and a prior payment included $200.00 for sales tax, the Eligible Class Member will receive a payment of $432.00, calculated as:

Full ACV Sales Tax = $600

Amount of Sales Tax Included in Prior Payment = $200

$600-$200 = $400

$400 x 8% = $32

$400.00 + 32.00 = $432

As an additional example, if the Full ACV Sales Tax was $600.00 and a prior payment included $600.00 for sales tax, the Eligible Class member would receive $0 payment calculated as:

Full ACV Sales Tax = $600

Amount of Sales Tax Included in Prior Payment = $600

$600-$600 = $0

$0 x 8% = $0

$0 + 0 = $0

(b) Where the Actual Cash Value Payment made by the applicable Defendant was based upon the most recent market valuation report prepared by CCC Information Services, Inc., the amount of sales tax shown on that report shall be the Full ACV Sales Tax for purposes of this settlement, unless the amount of sales tax shown on that report is clearly erroneous.

67.     To be eligible for a payment described in Paragraph 66, a Settlement Class Member must:

(a)     Have suffered a Covered Total Loss under an Automobile Insurance Policy and filed a claim for that Covered Total Loss during the Class Period that resulted in an Actual Cash Value Payment by a Defendant.

Submit a timely Claim Form or Electronic Claim Form certifying as set forth on Exhibit 4 or 5 hereto, as applicable.

68.     Settlement Class Members whose claims were previously resolved through the appraisal process under their Automobile Insurance Policy or by arbitration are ineligible to receive the payment described in Paragraphs 65-67. Persons who filed an individual (non-class action) lawsuit to recover Actual Cash Value and/or Sales Tax or whose claims were the subject of a release are excluded from the definition of the Settlement Class as set forth in Paragraph 36 above.

69.     The Parties acknowledge and agree that this Agreement does not and shall not constitute an admission by Defendants that their payment or nonpayment of sales tax on any individual claim or on the Settlement Class Members' claims was incorrect or improper.

70.     The payments described in Paragraphs 65-67 are the only payments to which any Settlement Class Members will be entitled under the Proposed Settlement. The payments are deemed to be inclusive of any claims for any potential applicable penalties and/or interest and/or fees. The payments shall be in full and final disposition of the Action, and in consideration for the release of any and all Released Claims as against any and all Released Persons. Any rights to settlement claim payments under this Agreement shall inure solely to the benefit of Class Members and are not transferable or assignable to others.

## X.     SUBMISSION OF CLAIMS BY CLASS MEMBERS

71.     The Claim Form shall be without material alteration from Exhibit 4, and the Electronic Claim Form shall be without material alteration from Exhibit 5 except for conversion to electronic format and shall have the functionality described in Paragraph 73.

72.     Each Settlement Class Member will be provided an opportunity to submit, at his or her option, either a Claim Form or an Electronic Claim Form (explained further below) requesting a payment calculated in accordance with Paragraphs 65-70. Claim Forms will be pre-filled as set out in Exhibit 4 (unless Defendants cannot provide such pre-filled information from data bases maintained by Defendants or CCC Information Services, Inc. to the Settlement Administrator). Nothing in this paragraph shall be construed to require Defendants to conduct a manual review of claim files, in order to extract information for the purposes of pre-filling information on Claim Forms. Data compiled by CCC Information Services, Inc. and all other USAA data available to USAA in the ordinary course

of business will be provided to the Settlement Administrator, if necessary, to be used to enable Claim Forms to be pre-filled with the class member name, mailing address, USAA member number, total loss vehicle make, model, and year, and date of loss. Claim Forms shall be included with the Mailed Notices mailed to Settlement Class Members and in the Emailed Notice a link to the settlement website shall be provided enabling access to the Electronic Claim Form and Claim Form as provided in Paragraphs 53-54. In addition, the Settlement Administrator will provide blank Claim Forms to Settlement Class Members upon request. Claim Forms may be submitted on behalf of the Settlement Class Member by that Settlement Class Member's Legally Authorized Representative. Any rights to Claim Payments under this Agreement shall inure solely to the benefit of Settlement Class Members or their Legally Authorized Representative and are not transferrable or assignable to others. Defendants represent that (although they have not at this juncture devoted the time and expense necessary to pull the data that will be provided to the Settlement Administrator) they have not identified a group of Settlement Class Members for which Defendants (with the use of data from CCC Information Services, Inc., if necessary to be used to enable Claim Forms to be pre-filled with any and all information necessary to pre-fill the Claim Forms and Electronic Claim Forms) cannot (or reasonably may not be able to) pre-fill all of the information indicated in Exhibit 4 to be pre-filled. Defendants anticipate that there may be individual instances where some of the pre-filled information may be incomplete or not available from a data source used to populate the pre-filled information on some claims. The Settlement Administrator will provide Class Counsel, upon Class Counsel's request, with a random sample of 300 of the Mailed and Emailed Notices as sent to Settlement Class Members. The Settlement Administrator will identify to Class Counsel on a rolling basis every ten (10) days the total number of Mailed and Emailed Notices sent to Class Members, and the number of such Mailed and Emailed Notices that did not contain all of the pre-filled information showing all of class member name, mailing address, USAA member number, total loss vehicle make, model, and year, and date of loss. If the aggregate percentage of Mailed and Emailed Notices without all of class member name, mailing address, USAA member number, total loss vehicle make, model, and year, and date of loss exceeds 3% of the total number of Mailed and Emailed Notices, then Class Counsel shall have the right to file a motion with the Court if Class Counsel have a reasonable, good faith basis to believe that the process used by Defendants was fundamentally inconsistent with this Agreement. If such a motion is filed, the settlement process shall be stayed and all deadlines herein shall be automatically tolled until the Court has ruled on Class Counsel's motion, at which point all remaining deadlines herein shall run as if the time period commenced upon the Court's ruling (for example, if there is a 30-day deadline for a particular event to occur, that 30-day period will commence on the date of the Court's ruling).

73. The Settlement Administrator will also arrange for Electronic Claim Forms to be submitted through the settlement website. In order to submit an Electronic Claim Form, the class member will need to visit the settlement website, click on a button to submit an Electronic Claim Form, and insert a unique Claimant ID

code from the Mailed Notice or Emailed Notice and their USAA member last name. The Electronic Claim Form will then prepopulate electronically with the same pre-filled information contained in that Settlement Class Member's Mailed Notice, which they will have the ability to review and make changes to, if necessary. The Settlement Class Member will be able to sign the form electronically. A person who wishes to submit a claim form as a guardian or representative of an estate of a Settlement Class Member will have an opportunity to upload through the website documentation establishing their authority to act on behalf of the Settlement Class Member as part of the Electronic Claim Form (or alternatively they may choose to mail in such documentation to the Settlement Administrator, if they prefer).

74.     To be considered for payment, a Claim Form must be completed in accordance with Paragraph 72, mailed to the address specified in the Claim Form, and postmarked no later than thirty (30) days after the Fairness Hearing.  Claim Forms will not be considered for payment if they are postmarked more than thirty (30) days after the date of the Fairness Hearing. Electronic Claim Forms must be completed in accordance with Paragraph 73 and submitted electronically no later than 11:59 pm on the thirtieth (30th) day after the Fairness Hearing. The Electronic Claim Form will be deactivated by the Settlement Administrator after that deadline.

75.     To be considered for payment, a Claim Form or Electronic Claim Form must, to the best of the Settlement Class Member's ability and if not pre-filled onto the Claim Form, supply the name and current address of the Settlement Class Member, and the USAA member number or policy number.  The Claim Form or Electronic Claim Form must contain a signature, or in the case of an Electronic Claim Form, an electronic signature, certifying the claim under penalty of perjury.

## XI.     CLAIMS ADMINISTRATION

76.     Claim Forms that are timely mailed to the correct address shall be processed as follows (and subject to the additional condition that Defendants shall not be obligated to make any Claim Payments until after the Effective Date):

(a)     If a Claim Form is not signed, is illegible, or does not identify the USAA Member Number or policy number involved in the claim, the Settlement Administrator shall send the claimant a letter, with a copy contemporaneously to Defendants and Class Counsel, informing him or her of the defect and providing the claimant with thirty (30) days in which to cure that defect.  If the claimant does not provide the Settlement Administrator with a Claim Form that is signed and identifies the USAA Member Number or policy number, and is postmarked within thirty (30) days of date of the Settlement Administrator's letter, that Claim Form shall be conclusively deemed defective and not eligible for payment, that defect may not be the subject of an objection by the claimant, and the

claimant shall not have an additional opportunity to cure the defect. (This process shall not be necessary for Electronic Claim Forms by virtue of the electronic verification procedure.)

(b) By no later than thirty (30) days after the Claims Submission Deadline (but in any event no earlier than the Effective Date), the Settlement Administrator shall (i) make a determination as to whether each submitted Claim Form contains a signature and identifies the USAA Member Number or policy number involved in the claim and is postmarked within thirty (30) days of the Final Approval Hearing (no such determination will be necessary for Electronic Claim Forms); (ii) shall make available to Class Counsel and counsel for Defendants all Claim Forms and Electronic Claim Forms (or data resulting therefrom) that have been received; and (iii) shall prepare and make available to Class Counsel and counsel for Defendants a list (with the list including the Settlement Class Member's name and claim number) of all Claim Forms and Electronic Claim Forms received and an indication whether the Claim Form was properly submitted and timely mailed. In addition, the Settlement Administrator shall make available to Defendants and Class Counsel all compliant Claim Forms on a rolling basis, or as otherwise requested by Defendants or Class Counsel. The Settlement Administrator's determination whether a Claim Form was timely submitted, was signed, legible and identifies the USAA Member Number or policy number involved in the claim shall be final, binding, and non-appealable, and may not be the subject of an objection by the claimant or an opportunity to cure, other than that provided in Subparagraph 76(a).

(c) Within one-hundred and fifty (150) days after the Claims Submission Deadline (but in no event before the Effective Date), Defendants shall (i) make a determination of the payment, if any, due in response to each Claim Form timely mailed to the correct address and Electronic Claim Form timely submitted and (ii) prepare a list of each such determination and provide it to Class Counsel through the Settlement Administrator. The review process conducted by Defendants in connection with making their determinations under this paragraph may include the use of contractor(s), in Defendants' unilateral discretion. The list of each determination shall include the Settlement Class Member name, claim number, and amount to be paid. Defendants may deny a claim if the claim form is so deficient that Defendants are unable to locate the claim in their records after a reasonable search based on the information provided on the claim form. Any such determination will explain any such deficiency on the claim form, and the Settlement Administrator will send a copy of any such determination to Class Counsel.

(d) Within thirty (30) days of receiving Defendants' determinations in Subparagraph 76(c), the Settlement Administrator shall mail to all Settlement Class Members who submitted Claim Forms, with copies to

Class Counsel and Defendants, (i) a notice informing the Settlement Class Member of the determination as to whether and how much money (if any) the Settlement Class Member is entitled to receive; and (ii) for those qualifying claims, enclosing a check in the amount of the Claim Payment (if the payment is due under Paragraph 77). If Defendants determined that the information provided by the Settlement Class Member was deficient as set forth in Subparagraph 76(c), the letter mailing shall also inform the Settlement Class Member of that determination and of the Settlement Class Member's one opportunity to correct the deficiency, as further provided in Subparagraph 76(e). The checks shall also indicate on their face that they are void after one hundred eighty (180) days from the date issued. Any checks not cashed by that date shall be voided, and Defendants shall not be liable for payment of those Claim Payments.

(e)    A Settlement Class Member who objects to Defendants' determination of the payment, if any, due in response to his or her Claim Form or Electronic Claim Form must mail to the Settlement Administrator within thirty (30) days after the date the Settlement Administrator mailed the determination a written and signed statement setting forth the basis for that objection and curing any deficiencies noted by Defendants in the information originally provided in the Claim Form which prevented Defendants from locating the claim in their records. Any objection that is not postmarked within thirty (30) days after the Settlement Administrator mailed the determination shall be waived. The Settlement Administrator shall forward any such objections to Defendants and Class Counsel within two (2) business days of receipt.

(f)    Class Counsel shall be entitled to review a random sample of no more than 300 of Defendants' payment determination calculations, which will identify the member number or policy number and the amount, if any, to be paid. Class Counsel will not, however, be provided with copies of individual claim files. Within thirty (30) days after the date the Settlement Administrator mailed the determination letter, Class Counsel may object to any individual determinations within the sample of 300, or file a motion with the Court if Class Counsel have a reasonable, good faith basis to believe that the process used by Defendants was fundamentally inconsistent with this Agreement. If such a motion is filed, the settlement process shall be stayed and all deadlines herein shall be automatically tolled until the Court has ruled on Class Counsel's motion, at which point all remaining deadlines herein shall run as if the time period commenced upon the Court's ruling (for example, if there is a 30-day deadline for a particular event to occur, that 30-day period will commence on the date of the Court's ruling). Upon the timely submission of an objection by a Settlement Class Member under Subparagraph 76(e) or by Class Counsel under Subparagraph 76(f), Defendants shall have thirty (30) days after receipt of the objection to

consider the objection. At the end of this thirty (30) day period, Defendants shall provide the Settlement Administrator written notice of their decision regarding the objection. Within five (5) business days of receiving Defendants' written notice, the Settlement Administrator shall mail, with a copy to Defendants and Class Counsel, to the Settlement Class Member Defendants' decision regarding the objection and inform the objecting Settlement Class Member of his or her right to submit the claim to a Neutral Evaluator pursuant to Subparagraph 76(g).

(g)    A Settlement Class Member who wishes to object to Defendants' determination in Subparagraph 76(c) and request review by the Neutral Evaluator of that determination must mail a copy of that objection to the Settlement Administrator, requesting review by the Neutral Evaluator, within thirty (30) days after the date that the Settlement Administrator mails the decision regarding the objection pursuant to Subparagraph 76(f). Any such objection that is not postmarked within the thirty (30) day period shall be waived. The Settlement Administrator shall forward any such objections, along with a copy of the Settlement Class Member's Claim Form and any documentation previously submitted by the Settlement Class Member, including the Settlement Class Member's initial objection, to the Neutral Evaluator, Defendants, and Class Counsel within two (2) business days of receipt.

(h)    Defendants shall have thirty (30) days after receipt to respond in writing, with a copy to Class Counsel, to an objection submitted to a Neutral Evaluator in accordance with Subparagraph 72(g). The Neutral Evaluator shall issue a decision, based solely on the written submissions, with respect to each such objection within thirty (30) days after his/her receipt of Defendants' response. The decision of the Neutral Evaluator shall be binding on the Parties and not subject to appeal.

(i)    Claim Forms that are not timely received by the Settlement Administrator will not be considered for payment, and the Settlement Class Members whose Claim Forms are deemed untimely will be provided written notice thereof.

77.    Defendants shall pay each claim that is due a payment under Paragraph 76, either by direct payment or though payments funded by Defendants and issued by the Settlement Administrator (at Defendants' unilateral option), no later than thirty (30) days after the latest of (a) the date on which the Settlement Class Member agrees in writing to accept Defendants' determination of the claim if the Settlement Class Member has objected to Defendants' payment determination, (b) the date on which the time for objecting to that determination under Paragraphs 76(e) and 76(f) expires, (c) the date on which the time for presenting an objection to a Neutral Evaluator under Paragraph 76(g) expires if an objection was made by the Settlement Class Member to Defendants' payment determination, (d) the date on which the Neutral Evaluator resolves such an

objection under Paragraph 76(h) if the Neutral Evaluator is presented the claim for resolution, (e) the Court has fully resolved any application made by Class Counsel under Paragraph 76(f), or (f) the Effective Date. Defendants, in their sole discretion, may choose to pay a claim before these dates.

78. The Neutral Evaluator's role in the settlement administration shall be limited to the decision(s) (if any) set forth in Paragraph 76(h).

79. The Neutral Evaluator shall be bound by Paragraphs 89-91, protecting Confidential Information.

80. If there are no disputes, Defendants will pay the Neutral Evaluator a flat fee of $1,000. If there are between one (1) and twenty (20) disputed claims, Defendants will pay the Neutral Evaluator a flat fee of $10,000 to resolve all of those disputes in accordance with Paragraph 76(h). If more than twenty (20) claim files proceed to the Neutral Evaluator for resolution, then Defendants will pay the Neutral Evaluator up to $500 for each additional claim beyond the initial twenty (20) claims. The Neutral Evaluator must submit billing records to Defendants to support the amount of fees requested above $10,000.

## XII. COMMUNICATIONS WITH MEMBERS OF THE SETTLEMENT CLASS

81. The Mailed Notice, Emailed Notice and settlement website shall list the law firms designated as Class Counsel and the name, address, and telephone number of the Settlement Administrator. Communications with potential Settlement Class Members regarding the Proposed Settlement shall primarily be handled through the Settlement Administrator, or Class Counsel if required. Defendants or their agents are permitted to respond to inquiries they may receive regarding the Agreement, and discuss matters unrelated to the Agreement with their customers.

## XIII. COSTS OF SETTLEMENT ADMINISTRATION

82. Defendants will pay the costs of printing, reproducing, and mailing the checks, forms, notices, and responses that are sent in connection with the administration of the claims process described in Paragraphs 53-61 and 76-77, and/or in connection with the determination of claims submitted in the course of the claims process. In addition, Defendants will pay the fees charged by the Neutral Evaluator as set forth in Paragraph 80, and the costs associated with the services of the Settlement Administrator to undertake any duties reasonably required to assist in the management of this Proposed Settlement, including, but not limited to, fees associated with the establishment of an automated toll-free telephone number to answer frequently asked questions, live operators to respond to questions, and the establishment of a website concerning the Proposed Settlement.

## XIV. ATTORNEYS' FEE AND INCENTIVE AWARDS

83.     Class Counsel's entitlement, if any, to an Attorneys' Fee Award, and the Named Plaintiffs' entitlement, if any, to an Incentive Award, will be determined by the Court. Defendants and Class Counsel did not negotiate the amount of any such awards, fees, costs, or expenses until they resolved all other material elements of the Proposed Settlement. The terms of this Proposed Settlement are not conditioned upon any maximum or minimum Attorneys' Fee Award or Incentive Award, except as provided in Paragraphs 84-85.

84.     Class Counsel will file a motion with the Court prior to the Fairness Hearing requesting an award of attorneys' fees, costs, and expenses payable to Class Counsel in a total amount that shall not exceed Five Million One Hundred Thousand Dollars ($5,100,000.00) (the "Maximum Attorneys' Fee Award") and an incentive awards to the Named Plaintiffs not to exceed the amount of Ten Thousand Dollars ($10,000.00) each for named plaintiffs Chantal Bastian, William Laker and Oliver Sutton, and not to exceed Eight Thousand Dollar ($8,000.00) each for named plaintiffs Ryann Love and Terry Smith (the "Maximum Incentive Awards"). Defendants' payment of any Attorneys' Fee Award or Incentive Awards and of the costs of the administration of this settlement are separate and apart from and in addition to the payments made available to Settlement Class Members in Paragraphs 65-70.

85.     Defendants will not object to Plaintiffs' motion requesting an award of attorneys' fees, costs, and expenses to be paid to Class Counsel in a total amount that shall not exceed the Maximum Attorneys' Fee Award, and Incentive Awards to the Named Plaintiffs in an amount not to exceed the Maximum Incentive Award. Defendants agree to pay these Attorneys' Fee Award and Incentive Awards or any lesser amount the Court may award. Plaintiffs and Class Counsel waive any Attorneys' Fee Award and any Incentive Awards in excess of the limitations set forth in this paragraph, and agree they will not seek to enforce or recover, and will not accept any Attorneys' Fee Award in excess of the Maximum Attorneys' Fee Award, or any Incentive Awards in excess of the Maximum Incentive Awards. However, if the Court should choose to award Class Counsel a sum less than the Maximum Attorneys' Fee Award, or award any Named Plaintiff a sum less than the Maximum Incentive Award, Defendants shall be obligated to pay only the amounts awarded by the Court, and this Agreement shall remain fully enforceable in all respects.

86.     Any Attorneys' Fee Award and any Incentive Award made by the Court shall be payable within ten (10) days after the Effective Date.

## XV. DEFENDANTS' MONETARY OBLIGATION UNDER THE SETTLEMENT

87.     Defendants' liability under this settlement shall be limited to (a) paying the Claim Payments to Eligible Settlement Class Members (as calculated in Paragraphs 65-70); (b) paying all of the costs of notice and settlement

administration, including the fees and costs of the Settlement Administrator and the Neutral Evaluator (as limited in Paragraph 80); (c) paying any Attorneys' Fees Award awarded by the Court; and (d) paying any Incentive Awards to the Named Plaintiffs awarded by the Court. In no event shall Defendants be liable under this settlement to pay any additional amounts. In no event shall Defendants be liable for making any payments under this settlement for Claim Payments, the Attorneys' Fee Award, and the fees and costs of the Neutral Evaluator before the deadlines set forth in this Agreement, and in no event before the Effective Date.

## XVI.    REPRESENTATION OF OPT OUTS; CONFIDENTIALITY AGREEMENT

88.    Class Counsel agree that any representation, encouragement, solicitation or other assistance, including but not limited to referral to other counsel, to any Person seeking exclusion from the Settlement Class or any other Person seeking to litigate with Released Persons over any of the Released Claims in this matter, prior to the Fairness Hearing, could place Class Counsel in a conflict of interest with the Settlement Class. Accordingly, Class Counsel and their respective firms agree not to represent, encourage, solicit, or otherwise assist, in any way whatsoever, including but not limited to referrals to other counsel, any Person in requesting exclusion from the Settlement Class.

89.    The following constitutes highly confidential and proprietary business information of Defendants (the "Confidential Information"): (a) the names, addresses, policy and/or member numbers, and other data concerning potential Settlement Class Members compiled by Defendants and/or the Settlement Administrator in effectuating the Proposed Settlement; and (b) the electronic data processing and other record keeping procedures and materials to be utilized by Defendants and/or the Settlement Administrator in identifying the potential Settlement Class Members and effectuating Defendants' other obligations under the Agreement and/or the Proposed Settlement. The confidentiality of all Confidential Information shall be protected from disclosure by Class Counsel and/or other attorneys for Plaintiffs in this Action to any Persons other than those described in this Paragraph 89.

90.    No Persons other than Defendants, Defendants' counsel and clerical/administrative personnel employed by Defendants' counsel, Class Counsel and clerical/administrative personnel employed by Class Counsel, the Settlement Administrator, the Neutral Evaluator and any clerical/administrative personnel employed by him, and such other Persons as the Court may order, after hearing on notice to all counsel of record, shall be allowed access to any Confidential Information.

91.    Within 30 days after the Effective Date, Class Counsel and/or other attorneys for Plaintiffs in this Action shall return to Defendants all Confidential Information, and all confidential documents, data, or information, and all copies thereof in their possession, custody, or control, and any other confidential

documents (exclusive of documents filed with the Court) provided by Defendants to Class Counsel or anyone they employed or retained in this Action in discovery, settlement negotiations or in connection with this Agreement. Within 45 days after the Effective Date, Class Counsel shall deliver an affidavit to Defendants certifying their compliance with this paragraph. Further, the Parties agree that neither Class Counsel, nor anyone employed with, retained by, or otherwise associated with Class Counsel's firms shall use any of this Confidential Information or confidential material in any other litigation, current or future, unless independently obtained through discovery or other procedures in such other litigation. In the event that any Confidential Information or confidential documents have already been destroyed, Class Counsel will include in the affidavit the name and address of the Person(s) who destroyed the Confidential Information and/or documents.

## XVII.  DISAPPROVAL OR TERMINATION OF THE PROPOSED SETTLEMENT

92.     Within twenty (20) days after notice of the occurrence of any of the following events, Defendants shall have the right, exercisable at their own discretion, to terminate this Agreement by delivering written notification of such election to Class Counsel, if

(a)     the Court, or any appellate court(s), rejects, denies approval, disapproves, or modifies the Agreement or any portion of this Agreement that Defendants, in their sole judgment and discretion believe to be material, including, but not limited to, the terms of the Settlement Class relief, the provisions relating to notice, the definition of the Settlement Class, the Released Claims and Released Persons, the Proposed Preliminary Approval Order, the Mailed and Emailed Notice, the Claim Form, and the Proposed Final Order and Judgment.

(b)     the Court, or any appellate court(s), does not enter or completely and unconditionally affirm any portion of the Agreement, Proposed Preliminary Approval Order, or Proposed Final Order and Judgment that Defendants, in their sole judgment and discretion, believe to be material;

(c)     any regulatory agency or governmental agency challenges any of the terms of the Agreement in any way that is materially adverse to Defendants' interests without Defendants' written consent;

(d)     the number of Settlement Class Members who exclude themselves from the Settlement Class equals or exceeds three percent (3%) of the Settlement Class;

(e)     a Named Plaintiff, or any Settlement Class Member with an attorney-client relationship to Class Counsel or their firms, opts out of, excludes himself or herself from, or objects to the Settlement Class or Agreement;

(f)     any financial obligation is imposed upon Defendants in addition to and/or greater than those specifically accepted by Defendants in this Agreement; or

(g)     if the Court permits or allows a certified class of Persons who are also members of the Settlement Class to opt out of the Proposed Settlement.

93.     If an option to withdraw from and terminate this Agreement arises under Paragraph 92, Defendants are not required for any reason or under any circumstance to exercise that option.

94.     If the proposed Agreement shall fail for any reason other than a breach by one of the Parties, or if this Agreement shall be terminated by Defendants pursuant to Paragraph 92:

(a)     This Agreement and the Proposed Settlement shall have no further force or effect, and all proceedings that have taken place with regard to this Agreement and the Proposed Settlement shall be without prejudice to the rights and contentions of the Parties hereto and any of the Settlement Class Members;

(b)     This Agreement, all of its provisions (including, without limitation, any provisions regarding class certification), and all negotiations, statements, and proceedings relating to them shall be without prejudice to the rights of any of the Parties, each of whom shall be restored to his, her, or its respective position existing immediately before settlement negotiations and the execution of this Agreement;

(c)     This Agreement, any provision of this Agreement (including without limitation the provisions regarding class certification), and the fact of this Agreement having been made shall not be admissible or entered into evidence for any purpose whatsoever and shall not be subject to discovery;

(d)     Any judgment or order entered after the date of this Agreement, including, without limitation, any order certifying the Settlement Class, will be vacated and will be without any force or effect. The Parties agree that they will promptly file a joint motion with the Court to vacate all orders entered pursuant to the terms of this Agreement;

(e)     The Parties hereby agree that they will not thereafter argue or raise a claim or defense, including, but not limited to, waiver, estoppel and other similar or related theories, that the Agreement and related pleadings and filings, any provision of this Agreement (including without limitation the provisions regarding class certification), the fact of this Agreement having been made, and any settlement negotiations preclude Defendants from opposing certification or the claims in the Action or any other proceeding; and

(f)     The Parties will proceed as set forth in Paragraph 47.

95.     Paragraph 94 shall survive any termination of this Agreement.

## XVIII.    REQUESTS FOR EXCLUSION AND OBJECTIONS TO THE SETTLEMENT

96.     Settlement Class Members who wish to exclude themselves from the Settlement Class must submit timely, written requests for exclusion. To be effective, such a request must include the Settlement Class Member's name and address, a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class, and the signature of the Settlement Class Member or the Legally Authorized Representative of the Settlement Class Member. The request must be mailed to the Settlement Administrator at the address provided in the Mailed Notice and must be postmarked no later than sixty (60) days after the Mailed Notice Date. Requests for exclusion must be exercised individually by the Settlement Class Member, not as or on behalf of a group, class, or subclass, except that such exclusion requests may be submitted by a Settlement Class Member's Legally Authorized Representative.

97.     The Named Plaintiffs and Class Counsel agree that the Named Plaintiffs shall not elect or seek to opt out or exclude themselves from the Settlement Class.

98.     The Settlement Administrator shall promptly log each request for exclusion that it receives and provide copies of the log and all such requests for exclusion to Defendants and Class Counsel as requested.

99.     The Settlement Administrator shall prepare a list of all Persons who timely and properly requested exclusion from the Settlement Class (the "Opt-Out List") and shall, before the Final Approval Hearing, submit an affidavit to the Court attesting to the accuracy of the Opt-Out List.

100.    All potential Settlement Class Members who do not timely and properly exclude themselves from the Settlement Class shall be bound by this Agreement, and all their claims shall be dismissed with prejudice and released as provided for herein, even if they never received actual notice of the Action or this Proposed Settlement, or never submitted a claim pursuant to the settlement.

101.    Settlement Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement. Settlement Class Members who choose to object to the Proposed Settlement must file written notices of intent to object. Any Settlement Class Member who has timely filed an objection in compliance with this paragraph may appear at the Fairness Hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness, and adequacy of the Proposed Settlement, and on the applications for awards of attorneys' fees and costs and incentive awards.

102. To be timely, the objection or motion to intervene must be postmarked and mailed to the Settlement Administrator, and filed with the Court, no later than sixty (60) days after the Mailed Notice Date.

103. The right to object to the Proposed Settlement or to intervene in the Action must be exercised individually by a Settlement Class Member or his or her attorney, and not as a member of a group, class, or subclass, except that such objections may be submitted by a Settlement Class Member's Legally Authorized Representative.

104. To be effective, a notice of intent to object to the Proposed Settlement must:

    (a)     Contain a heading which includes the name of the case and case number;

    (b)     Provide the name, address, telephone number, and signature of the Settlement Class Member filing the objection;

    (c)     Indicate the specific reasons why the Settlement Class Member objects to the Proposed Settlement;

    (d)     Contain the name, address, bar number, and telephone number of the objecting Settlement Class Member's counsel, if represented by an attorney.  If the Settlement Class Member is represented by an attorney, he or she must comply with all applicable rules of the Court; and

    (e)     State whether the objecting Settlement Class Member intends to appear at the Fairness Hearing, either in person or through counsel.

105. In addition, a notice of intent to object must contain the following information, if the Settlement Class Member or his or her attorney requests permission to speak at the Fairness Hearing:

    (a)     A detailed statement of the legal and factual basis for each and every objection;

    (b)     A list of any and all witnesses whom the Settlement Class Member may seek to call at the Fairness Hearing, with the address of each witness and a summary of his or her proposed testimony (whether any such testimony is allowed will be in the discretion of the Court, in accordance with the rules of the Court);

    (c)     A detailed description of any and all evidence the Settlement Class Member may offer at the Fairness Hearing, including photocopies of any and all exhibits which the objector may seek to introduce at the Fairness Hearing (whether any such evidence is admitted or otherwise considered will be determined by the Court, in accordance with the rules of the Court);

(d)     A list of any legal authority the Settlement Class Member will present at the Fairness Hearing; and

(e)     Documentary proof of membership in the Settlement Class.

106.    Any Settlement Class Member who does not file a timely notice of intent to object in accordance with Paragraphs 101-105 may, in the discretion of the Court, waive the right to object or to be heard at the Fairness Hearing and be barred from making any objection to the Proposed Settlement. Settlement Class Members have the right to exclude themselves from the Proposed Settlement and pursue a separate and independent remedy against Defendants by complying with the exclusion provisions set forth in Paragraphs 96-100. Settlement Class Members who object to the Proposed Settlement shall remain Settlement Class Members, and have voluntarily waived their right to pursue an independent remedy against Defendants. To the extent any Settlement Class Member objects to the Proposed Settlement, and such objection is overruled in whole or in part, such Settlement Class Member will be forever bound by the Final Order and Judgment of the Court. Settlement Class Members can avoid being bound by any judgment of the Court by complying with the exclusion provisions in Paragraphs 96-100.

107.    The Settlement Administrator shall provide Defendants' counsel and Class Counsel a copy of each notice of intent to object received by the Settlement Administrator.

## XIX.     DENIAL OF LIABILITY

108.    Defendants have indicated their intent to vigorously contest the Action. Defendants maintain that they have at all times acted in accordance with the governing laws and regulations of the State of Florida applicable to this Action, and abided by the terms of the applicable insurance policies. Defendants nonetheless have concluded that it is in their best interests that the Action be settled on the terms and conditions set forth in this Agreement. Defendants reached this conclusion after considering the factual and legal issues in the Action, the substantial benefits of a final resolution of the Action, and the expense that would be necessary to defend the Action through trial, appeal, and any subsequent proceedings that may occur.

109.    As a result of the foregoing, Defendants enter into this Agreement without in any way admitting, conceding, or acknowledging any fault, liability, or wrongdoing of any kind. Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind on the part of Defendants. This Agreement shall not be offered or received in evidence in any action or proceeding in any court, administrative panel, or proceeding, or other tribunal as an admission or concession of liability or

wrongdoing of any nature on the part of Defendants, or as an admission or concession that this Action may properly be maintained as a litigation class action against Defendants.  In the event the Proposed Settlement is not finally approved for any reason, the parties shall proceed as set forth in Paragraph 47 and Defendants shall retain the right to object to the maintenance of this or any other case as a class action and to contest this or any other case on any ground.

110.    Neither this Agreement, nor the negotiations of the settlement, nor the settlement procedures, nor any act, statement, or document related in any way to the settlement negotiations or settlement procedures, nor any pleadings or other document or action related in any way to the Agreement shall be (1) offered into evidence in the Action or in any other case or proceeding in support of or in opposition to a motion to certify a contested class against Defendants or (2) otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class against Defendants.

## XX.    RETENTION OF RECORDS

111.    The Settlement Administrator, Class Counsel, and Defendants shall retain copies or images of all returned Mailed Notices, Claim Forms, Electronic Claim Forms (and/or data resulting therefrom) and correspondence relating thereto, for a period of up to two (2) years after the Effective Date.  After this time, Class Counsel shall destroy documentary records that they have in their possession. Nothing in this Agreement shall be construed to require the Settlement Administrator, Class Counsel, and Defendants to retain records beyond their respective discretionary record retention policies.

## XXI.    MISCELLANEOUS PROVISIONS

112.    While this proposed settlement is pending and if a Final Order and Judgment is entered and becomes Final, Defendants agree to continue to include Actual Cash Value Sales Tax in Actual Cash Value Payments under Florida Automobile Insurance Policies, unless and until the earlier of the following occurs: (1) Defendants implement a change in their Florida Automobile Insurance Policies specifying that sales tax on total loss vehicles will be paid as incurred, at which point the new policy language will be followed if and when it becomes effective; or (2) a Florida District Court of Appeal, the Florida Supreme Court or the U.S. Court of Appeals for the Eleventh Circuit issues a new decision after the execution of this Agreement on a contested issue as to the payment of sales tax, and permits sales tax to be paid as incurred after purchase of a replacement vehicle under automobile insurance policy language that, in Defendants' judgment, is reasonably equivalent to Defendants' Florida Automobile Insurance Policies. In the event that Defendants commit a breach of this paragraph of this Agreement that is an isolated breach and constitutes a violation with respect to 50 or less claims, any individual claimant may pursue any rights they have under applicable law but such breach shall not entitle any person to any further remedy under this Agreement. Nothing in this paragraph shall permit

Defendants to breach its obligations to pay Class Members who timely submit Claim Forms under this Settlement Agreement based on any assertion that any court has issued a decision on a contested issue as to the payment of sales tax, and permits sales tax to be paid as incurred after purchase of a replacement vehicle under automobile insurance policy language that, in Defendants' judgment, is reasonably equivalent to Defendants' Florida Automobile Insurance Policies.

113. Each Party to this Agreement warrants that he, she, or it is fully authorized to enter into this Agreement, and is acting upon his, her, or its independent judgment and upon the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

114. The Parties hereto and their undersigned counsel agree to undertake their best efforts and to cooperate with each other to effectuate this Agreement and the terms of the Proposed Settlement, including taking all steps and efforts contemplated by this Agreement, and any other reasonable steps and efforts which may become necessary by order of the Court or otherwise. The Parties further agree to cooperate in respect to reasonable, agreed extensions to the timetable hereunder, subject to such Court approval as may be required.

115. The undersigned represent that they are fully authorized to execute and enter into the terms and conditions of this Agreement.

116. The headings and captions contained in this Agreement are for reference purposes only and in no way define, extend, limit, describe, or affect the scope, intent, meaning, or interpretation of this Agreement.

117. Unless otherwise noted, all references to "days" in this Agreement shall be to calendar days. In the event any date or deadline set forth in this Agreement falls on a weekend or federal or state legal holiday, such date or deadline shall be on the first business day thereafter.

118. Except as otherwise provided in a written amendment executed by the Parties or their counsel, this Agreement contains the entire agreement of the Parties hereto and supersedes any prior agreements or understandings between them. All terms of this Agreement are contractual and not mere recitals and shall be construed as if drafted by all parties hereto. The terms of this Agreement are and shall be binding upon each of the Parties hereto, upon each of their agents, attorneys, employees, successors, and assigns, and upon all other Persons claiming any interest in the subject matter hereof through any of the parties hereto, including any Settlement Class Member.

119. This Agreement may be amended or modified only by a written instrument signed by all Parties (should one or more of the named Plaintiffs no longer serve

in that capacity for any reason, the remaining named Plaintiffs and any substitute named Plaintiff approved by the Court may act on behalf of the Settlement Class). Amendments and modifications may be made without additional notice to the potential Settlement Class Members unless such notice is required by the Court.

120.    This Agreement shall be subject to, governed by, construed in light of, and enforced pursuant to the laws of the State of Florida, without regard to principles of conflicts of law.

121.    The exhibits to this Agreement are integral parts of the settlement and are hereby incorporated and made parts of this Agreement.

122.    To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to any action, suit, or other proceeding which may be instituted, prosecuted, or attempted in breach of this Agreement.

123.    This Agreement shall be deemed to have been executed upon the last date of execution by all the undersigned Parties and/or counsel.

124.    This Agreement may be executed in counterparts, each of which shall constitute an original, and may be exchanged by electronic means with signatures scanned into an electronic copy or copies, which shall be treated in the same manner as original signatures.

125.    None of Class Counsel, Named Plaintiffs, nor Defendants shall make any public statements or statements to the media about the Proposed Settlement, except to (1) provide information that is contained in the Approved Press Release; or (2) refer or provide to the media documents that have been filed in the Court's public record on PACER and/or the settlement website of the Action.

Dated this *20* day of April, 2017.

SIGNED AND AGREED:

*For the Named Plaintiffs and the Settlement Class*:

Chantal Bastian

_____
William Laker

_____
Oliver Sutton

_____
Ryann Love

_____
Terry Smith

Tracy L. Markham
Avolio & Hanlon, P.C.
2800 N 5th Street, Suite 302
St. Augustine, Florida 32084
Tel. (904) 794-7005
Fax (904) 794-7007
E-mail: tlmarkhamlaw@gmail.com

Christopher B. Hall
Appearing Pro Hac Vice
Hall & Lampros, LLP
1230 Peachtree Street, NE
Suite 950
Atlanta, GA 30309
Tel. (404) 876-8100
Fax (404) 876-3477
E-mail: chall@hallandlampros.com

Counsel for the Named Plaintiffs and
Proposed Counsel for the Settlement Class

Dated this 21st day of April, 2017.

SIGNED AND AGREED:

*For the Named Plaintiffs and the Settlement Class*:

_____
Chantal Bastian

_____
William Laker

_____
Oliver Sutton

_____
Ryann Love

_____
Terry Smith

_____
Tracy L. Markham
Avolio & Hanlon, P.C.
2800 N 5th Street, Suite 302
St. Augustine, Florida 32084
Tel. (904) 794-7005
Fax (904) 794-7007
E-mail: tlmarkhamlaw@gmail.com

Christopher B. Hall
Appearing Pro Hac Vice
Hall & Lampros, LLP
1230 Peachtree Street, NE
Suite 950
Atlanta, GA 30309
Tel. (404) 876-8100
Fax (404) 876-3477
E-mail: chall@hallandlampros.com

Counsel for the Named Plaintiffs and
Proposed Counsel for the Settlement Class

Dated this _18_ day of April, 2017.

SIGNED AND AGREED:

**For the Named Plaintiffs and the Settlement:Class**

_____
Chantal Bastian

_____
William Laker

_____
Oliver Sutton

_____
Ryann Love

_____
Terry Smith

_____
Tracy L. Markham
Avolio & Hanlon, P.C.
2800 N 5th Street, Suite 302
St. Augustine, Florida 32084
Tel. (904) 7947005
Fax (904) 7947007
E-mail: tlmarkhamlaw@gmail.com

Christopher B. Hall
Appearing Pro Hac Vice
Hall & Lampros, LLP
1230 Peachtree Street, NE
Suite 950
Atlanta, GA 30309
Tel. (404) 8768100
Fax (404) 8768477
E-mail: chall@hallandlampros.com

Counsel for the Named Plaintiffs and
Proposed Counsel for the Settlement Class

Dated this _18_ day of April, 2017.

SIGNED AND AGREED:

**_For the Named Plaintiffs and the Settlement Class_:**

_____

Chantal Bastian

_____

William Laker

_____

Oliver Sutton

_____

Ryann Love

_____

Terry Smith


_____

Tracy L. Markham
Avolio & Hanlon, P.C.
2800 N 5th Street, Suite 302
St. Augustine, Florida 32084
Tel. (904) 794-7005
Fax (904) 794-7007
E-mail: tlmarkhamlaw@gmail.com

Christopher B. Hall
Appearing Pro Hac Vice
Hall & Lampros, LLP
1230 Peachtree Street, NE
Suite 950
Atlanta, GA 30309
Tel. (404) 876-8100
Fax (404) 876-3477
E-mail: chall@hallandlampros.com

Counsel for the Named Plaintiffs and
Proposed Counsel for the Settlement Class

Dated this ___ day of April, 2017.

SIGNED AND AGREED:

*For the Named Plaintiffs and the Settlement Class*:

Chantal Bastian

*William Laker*

William Laker


Oliver Sutton


Ryann Love


Terry Smith


Tracy L. Markham
Avolio & Hanlon, P.C.
2800 N 5th Street, Suite 302
St. Augustine, Florida 32084
Tel. (904) 794-7005
Fax (904) 794-7007
E-mail: tlmarkhamlaw@gmail.com

Christopher B. Hall
Appearing Pro Hac Vice
Hall & Lampros, LLP
1230 Peachtree Street, NE
Suite 950
Atlanta, GA 30309
Tel. (404) 876-8100
Fax (404) 876-3477
E-mail: chall@hallandlampros.com

Counsel for the Named Plaintiffs and
Proposed Counsel for the Settlement Class

-37-

*For the Defendants:*

_____

Print Name: John F. Gillard

Title: AVP Enterprise Litigation

_____

Kristen M. Van der Linde
Boyd & Jenerette
201 North Hogan Street, Suite 400
Jacksonville, FL 32202
Tel. 904-493-3766
Fax 904-493-3739
E-mail: kvanderlinde@boyd-jenerette.com

Stephen E. Goldman
(pro hac vice)
Wystan M. Ackerman
(pro hac vice)
Benjamin C. Jensen
(pro hac vice)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Tel. 860-275-8200
Fax 860-275-8299
E-mail: sgoldman@rc.com
E-mail: wackerman@rc.com
E-mail: bjensen@rc.com

Counsel for Defendants

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
| CHANTAL BASTIAN, et al. on behalf of themselves and all others similarly situated, | : | |
| | : | |
| Plaintiffs, | : | CASE NO.: 3:13-cv-001454-J-32MCR |
| | : | |
| vs. | : | |
| | : | |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, et al., | : | |
| | : | |
| Defendants. | : | |

## PROPOSED ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

WHEREAS Plaintiffs Chantal Bastian, William Laker, Oliver Sutton, Ryann Love and Terry Smith (the "Named Plaintiffs"), individually and as Class Representatives on behalf of a proposed Settlement Class (collectively, "Plaintiffs"), and Defendants United Services Automobile Association, USAA Casualty Insurance Company, Garrison Property and Casualty Insurance Company and USAA General Indemnity Company (collectively, "Defendants"), all acting by and through their respective counsel, have agreed, subject to Court approval, to settle this Action upon the terms and conditions stated in the Class Action Settlement Agreement filed with the Court on April 24, 2017 (the "Agreement");

NOW, THEREFORE, based upon the Agreement, upon all of the files, records, and proceedings herein, statements of counsel, and it appearing to the Court that a hearing should be held to determine whether the Proposed Settlement described in the Agreement should be finally approved as fair, reasonable, and adequate;

IT IS HEREBY ORDERED THAT:

1.      The Agreement (including Exhibits) is hereby incorporated by reference in this Order, and all terms defined in the Agreement will have the same meanings in this Order.

2.      This Court has personal jurisdiction over all Settlement Class Members because the Settlement Class Members are defined as persons to whom Florida Automobile Insurance Policies were issued by Defendants. This Court has subject matter jurisdiction over this case under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because there is diversity of citizenship between at least some Settlement Class Members and the Defendants, and the amount in controversy for the proposed class exceeds $5 million.

3.      The Court preliminarily approves the Agreement (including Exhibits), finding that the Proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the Settlement Class.

4.      For purposes of determining whether the terms of the Proposed Settlement should be finally approved as fair, reasonable and adequate, the following Settlement Class is preliminarily certified for settlement purposes only:

Each and every Person who:

(a)      was insured by a Defendant under an Automobile Insurance Policy;

(b)      during the Class Period suffered a Covered Total Loss; and

(c)      received from a Defendant an Actual Cash Value Payment for the Covered Total Loss.

(d)      excluding:

(i)      claims that were the subject of any individual (non-class action) lawsuit filed during the Class Period alleging causes of action related to any Released Claims, except for the Named Plaintiffs' claims;

2

(ii)     claims for which Defendants received an executed release during the Class Period; and

(iii)    Defendants, all present or former officers and/or directors of Defendants, the Neutral Evaluator, Class Counsel, a Judge of this Court, and Defendants' counsel of record.

Defendants shall retain all rights to assert that the Action may not be certified as a class action except for settlement purposes.

5.     The Named Plaintiffs are preliminarily appointed as representatives of the Settlement Class ("Class Representatives"), and the following attorneys for Plaintiffs are preliminarily appointed as counsel for the Settlement Class ("Class Counsel"):

Christopher B. Hall
Hall & Lampros, LLP
1230 Peachtree Street, NE
Suite 950
Atlanta, GA 30309
Tel. 404-876-8100

Tracy L. Markham
Avolio & Hanlon, P.C.
2800 N 5th Street, Suite 302
St. Augustine, FL 32084
Tel. 904-794-7005

6.     The Parties have prepared the Mailed Notice, Emailed Notice, Claim Form and Electronic Claim Form, which have been submitted to the Court as Exhibits 2 through 5, respectively, to the Agreement. The Court has carefully reviewed and hereby approves the Mailed Notice, Emailed Notice, Claim Form and Electronic Claim Form as to form and content and directs that they be without material alteration from those attached to the Agreement as Exhibits 2 through 5, respectively (and, with respect to the functionality of the Electronic Claim Form, as further described in Paragraph 73 of the Agreement), unless otherwise modified by agreement of the Parties and approved by the Court. The Court directs that the Mailed and Emailed Notice and

Claim Form be sent to the Persons described and in the manner set forth in Paragraph 53 of the Agreement and, for Mailed Notices returned, directs the Settlement Administrator to follow the procedures set out in Paragraph 54 of the Agreement.

7.      Specifically, as soon as practicable after the preliminary approval of the Proposed Settlement, Defendants shall make a reasonable search of their computer/electronic databases to ascertain the name and last-known physical mailing address and email address of each potential Settlement Class Member. Before mailing and emailing the Mailed and Emailed Notice and Claim Form, the Settlement Administrator shall run these physical mailing addresses once through the National Change of Address Database ("NCOA") to attempt to obtain a more current name and/or address for each potential Settlement Class Member. The Settlement Administrator may also perform such further reasonable search for a more current name and/or physical mailing address for the potential Settlement Class Member, including potentially a search of the Experian database and skip tracing, in the discretion of the Settlement Administrator. The Settlement Administrator shall not be required to perform any searches for additional e-mail addresses, but shall use only those e-mail addresses provided by Defendants. The Settlement Administrator shall send a copy of the Mailed Notice and a Claim Form by first-class mail, and shall send the Emailed Notice by email, to each potential Settlement Class Member identified as a result of the above search(es). Defendants and the Settlement Administrator shall use their best efforts to complete the mailing of the Mailed and Emailed Notice and Claim Form to potential Settlement Class Members within forty-five (45) days after entry of this Preliminary Approval Order.

8.      If any Mailed Notice and/or Claim Form mailed to any potential Settlement Class Member is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall promptly log each Mailed Notice and/or Claim Form that is returned as undeliverable and

provide copies of the log to Defendants and Class Counsel as requested. If the mailing is returned to the Settlement Administrator with a forwarding address, the Settlement Administrator shall forward the mailing to that address. For the remaining returned mailings, if an Experian search and/or skip tracing was not previously conducted for those mailings, such a search shall be conducted by the Settlement Administrator and those mailings shall be forwarded to any new address obtained through such a search. The Settlement Administrator shall not be required to log any e-mail notices returned by any e-mail system or automated reply. In the event that any Mailed Notice is returned as undeliverable a second time, no further mailing shall be required. The Court finds that the procedures set forth herein constitute reasonable and the best practicable notice under the circumstances and an appropriate and sufficient effort to locate current addresses of Settlement Class Members. Defendants and the Settlement Administrator shall provide Class Counsel such reasonable access to the notice process as they may request to monitor compliance with the notice campaign.

9.     To be timely, Claim Forms must be postmarked on or before the Claims Submission Deadline, which is _____ (30 days after the Fairness Hearing). Any Claim Form postmarked after the Claims Submission Deadline shall be deemed untimely. The Electronic Claim Form must be submitted electronically on or before 11:59pm on the date of the Claim Submission Deadline, after which point the Settlement Administrator shall deactivate the Electronic Claim Form.

10.     Dahl Administration, LLC is preliminarily appointed as the third-party Settlement Administrator.

11.     Michael T. Callahan is preliminarily appointed as the Neutral Evaluator.

12.     In addition to the Mailed and Emailed Notice mailed in accordance with Paragraphs 6-8 above, the Settlement Administrator shall establish a website as described in Paragraph 56 of the Agreement and post the Agreement, Mailed Notice, Claim Form, Electronic Claim Form (with the functionality provided for in the Agreement), Preliminary Approval Order, frequently asked questions, and other information agreed to by the Parties; the website shall be maintained for at least 180 days after the Claims Submission Deadline. The website shall also contain Spanish translations of the Mailed Notice and Claim Form. Furthermore, the Settlement Administrator shall maintain a toll-free VRU telephone system containing recorded answers to frequently asked questions, along with an option permitting potential Settlement Class Members to speak to live operators or to leave messages in a voicemail box, as provided in the Agreement.

13.     The costs of providing the dissemination of notice as required by Paragraphs 7-8 above shall be borne by Defendants as provided in the Agreement.

14.     The Court preliminarily finds that the notice provided to potential Settlement Class Members (including the Mailed and Emailed Notice and the settlement website) (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and of their right to object or to exclude themselves from the Proposed Settlement; and (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice.

15.     The Court further finds that the Class Action Fairness Act Notice provided by the Settlement Administrator on behalf of Defendants pursuant to Paragraph 59 of the Agreement, as verified in the Declaration of _____, was in compliance with 28 U.S.C. § 1715(b), and that the Class Action Fairness Act Notice was given more than 90 days prior to any order of final approval, in accordance with 28 U.S.C. § 1715(d).

16.     Potential Settlement Class Members who wish to exclude themselves from the Settlement Class must submit timely, written requests for exclusion as set forth in the Agreement and Mailed and Emailed Notice. To be effective, such a request must include the Settlement Class Member's name and address, a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class, and the signature of the Settlement Class Member or his or her Legally Authorized Representative. The request must be mailed to the Administrator at the address provided in the Mailed and Emailed Notice and must be postmarked no later than _____ (60 days after the Mailed Notice Date). Requests for exclusion must be exercised individually by the Settlement Class Member or his or her Legally Authorized Representative, and not as or on behalf of a group, class, or subclass.

17.     No later than 7 days before the Fairness Hearing, the Settlement Administrator shall file proof of mailing of the Mailed and Emailed Notice, along with the Opt-Out List, which shall be a list of all Persons who timely and properly requested exclusion from the Settlement Class, and an affidavit or declaration attesting to the accuracy of the Opt-Out List.

18.     Potential Class Members who submit timely and valid requests for exclusion in the manner set forth in the Mailed and Emailed Notice and the Agreement shall be excluded from the Settlement Class. Such Persons shall have no rights under the Proposed Settlement, shall not share in any distribution of funds under the Proposed Settlement, and shall not be bound by the Proposed Settlement or by any Final Order and Judgment approving the Proposed Settlement.

19.     All Settlement Class Members who do not submit a timely, written request for exclusion in the manner set forth in the Mailed and Emailed Notice and Agreement shall be bound by any Final Order and Judgment entered, even if such Settlement Class Members never received actual notice of this Action or this Proposed Settlement, or never submitted a claim pursuant to the

Proposed Settlement, and if final approval of the Proposed Settlement is granted, they shall be barred, now and in the future, from asserting any of the Released Claims, as defined in the Agreement, against any Released Persons, as defined in the Agreement. If a Final Order and Judgment is entered approving the Proposed Settlement, all Settlement Class Members who have not made timely, written requests for exclusion shall be conclusively deemed to have fully and finally released all of the Released Persons from any and all Released Claims.

20.     Settlement Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement. Settlement Class Members who choose to object to the Proposed Settlement must file written notices of intent to object or intervene, as described in the Agreement and below. Any Settlement Class Member who has timely filed an objection in compliance with the Agreement and this Order may appear at the Fairness Hearing, in person or by counsel, and be heard to the extent allowed by the Court. The right to object to the Proposed Settlement must be exercised individually by an individual Settlement Class Member or his or her attorney or his or her Legally Authorized Representative, and not as a member of a group, class, or subclass.

21.     To be timely, any objection or motion to intervene must be postmarked and mailed to the Settlement Administrator, and filed with the Court, no later than _____, which is sixty (60) days after the Mailed Notice Date. Any untimely objection or motion to intervene may not be considered, in the discretion of the Court.

22.     A notice of intent to object to the Proposed Settlement should also:

(a)     Contain a heading which includes the name of the case and case number;

(b)     Provide the name, address, telephone number, and signature of the Settlement Class Member filing the objection;

(c)     Indicate the specific reasons why the Settlement Class Member objects to the Proposed Settlement;

(d)     Contain the name, address, bar number, and telephone number of the objecting Settlement Class Member's counsel, if represented by an attorney. If the Settlement Class Member is represented by an attorney, he or she must comply with all applicable rules of the Court; and

(e)     State whether the objecting Settlement Class Member intends to appear at the Fairness Hearing, either in person or through counsel.

A lack of substantial compliance with these requirements may result in the objection not being considered by the Court.

23.     In addition, a notice of intent to object should contain the following additional information, if the Settlement Class Member or his/her or its attorney requests permission to speak at the Fairness Hearing:

(a)     A detailed statement of the specific legal and factual basis for each objection;

(b)     A list of any and all witnesses whom the Settlement Class Member may seek to call at the Fairness Hearing, with the address of each witness and a summary of his or her proposed testimony;

(c)     A detailed description of any and all evidence the Settlement Class Member may seek to offer at the Fairness Hearing, including photocopies of any and all exhibits which the objector may seek to introduce at the Fairness Hearing;

(d)     A list of any legal authority the Settlement Class Member will present at the Fairness Hearing; and

(e)     Documentary proof of membership in the Settlement Class.

A lack of substantial compliance with these requirements may result in the Court declining the Settlement Class Member or his/her or its attorney permission to speak or present evidence or testimony at the Fairness Hearing. The scope of any presentation, evidence or testimony allowed

at the Fairness Hearing will be in the discretion of the Court, consistent with the rules of court and this Order.

24.     Settlement Class Members have the right to exclude themselves from the Proposed Settlement and pursue a separate and independent remedy against Defendants by complying with the exclusion provisions set forth herein. Settlement Class Members who object to the Proposed Settlement shall remain Settlement Class Members, and have voluntarily waived their right to pursue an independent remedy against Defendants. To the extent any Settlement Class Member objects to the Proposed Settlement, and such objection is overruled in whole or in part, such Settlement Class Member will be forever bound by the Final Order and Judgment of the Court.

25.     The Court directs the Settlement Administrator to rent a post office box to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications, and provides that only the Settlement Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise expressly provided in the Agreement or by further order of the Court. The Court also directs the Settlement Administrator promptly to furnish Class Counsel and Counsel for Defendants copies of any and all objections, written requests for exclusion, motions to intervene, notices of intention to appear, or other communications that come into its possession, as set forth in the Agreement.

26.     Class Counsel agree, and the Court finds, that any representation, encouragement, solicitation, or other assistance, including but not limited to referral to other counsel, to any Person seeking exclusion from the Settlement Class, or any other Person seeking to litigate with the Released Persons over any of the Released Claims in this matter, prior to the Fairness Hearing, could place Class Counsel in a conflict of interest with the Settlement Class. Accordingly, Class

Counsel and their respective firms shall not represent, encourage, solicit, or otherwise assist, in any way whatsoever, including but not limited to referrals to other counsel, any Person requesting exclusion from the Settlement Class or seeking to litigate with the Released Persons over any of the Released Claims.

27.     The Proposed Settlement is not to be deemed an admission of liability or fault by Defendants or by any other Person, or a finding of any wrongdoing or of any violation of law by Defendants, or an admission by Defendants that the Action is or should be certified as a litigation class. The fact of this Proposed Settlement, the Agreement (including Exhibits), and any documents, attachments, or other materials submitted to the Court in furtherance of this proposed settlement shall not be offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal as an admission or concession by Defendants of any liability or fault by Defendants, or of any wrongdoing or violation of law by Defendants, or that the Action is or should be certified as a class action. If final approval of the Proposed Settlement is not granted, or if the Agreement and Proposed Settlement are terminated or disapproved in whole or in part by this Court, and/or any other court of review, or if the agreement to settle is revoked by any Party pursuant to Paragraphs 92-95 of the Agreement, then this Order and all actions associated with preliminary certification, including but not limited to the above description and preliminary certification of the Settlement Class and the preliminary appointment of the Class Representatives and Class Counsel, shall be automatically vacated. In such event, the Agreement and the fact that it was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including the "certifiability" of any class, as discussed in Paragraphs 47, 94, and 108-110 of the Agreement; and Defendants shall retain the right to object

to the maintenance of the Action and/or any other case as a class action and to contest the Action and/or any other case on any grounds.

28.     The Court will hold a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the Proposed Settlement on _____ at ____.m., at the Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202. During the Fairness Hearing, the Court will consider whether the proposed settlement described in the Agreement should be approved as fair, reasonable, and adequate, and whether the Court should enter the proposed Final Order and Judgment approving the Proposed Settlement and dismissing this Action on the merits, with prejudice. The Court will also consider the amount of any Attorneys' Fee Award and whether to make and the amount of any Incentive Awards to the Named Plaintiffs. The Fairness Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to Settlement Class Members other than on the settlement website, and the Court's docket.

29.     Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

30.     The Court stays all proceedings in this Action until further Order of the Court, except that the Parties may conduct such limited proceedings as may be necessary to implement the Proposed Settlement or to effectuate the term of the Agreement.

IT IS SO ORDERED.

Dated:_____                   _____
                                               Timothy J. Corrigan
                                               United States District Judge

# EXHIBIT 2

# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

**A class action settlement**
**involving USAA automobile insurance**
**may provide payments to those who qualify.**

*A court authorized this Notice.*
*This is not a solicitation from a lawyer.*
*You are not being sued.*

**If you are a Class Member, your legal rights are affected whether you act or don't act.**

<u>PLEASE READ THIS NOTICE AND THE ENCLOSED CLAIM FORM CAREFULLY</u>

This Notice provides information about a proposed settlement in a class action lawsuit concerning whether USAA insurance companies United Services Automobile Association, USAA Casualty Insurance Company, Garrison Property and Casualty Insurance Company and USAA General Indemnity Company (collectively, "USAA") have properly included sales tax when paying claims for Total Losses under Automobile Insurance Policies in the State of Florida. USAA denies any wrongdoing.

You may be eligible for a payment if you qualify and timely submit a valid Claim Form or Electronic Claim Form. You were sent this Notice because USAA's records show that you may have been insured by USAA and had at least one first-party total loss auto insurance claim during the period October 17, 2008 through October 15, 2016, and you may not have received the full amount of sales tax due under the terms of this settlement. If you are eligible for payment as explained herein, the settlement will provide payment to you of the amount of sales tax that would be due upon purchase of a comparable vehicle minus the amount paid to you for sales tax (if any) by USAA. Florida sales tax during the relevant time period has been between 6-7.5% of the actual cash value of the vehicle. **Please do not contact USAA regarding this settlement. If you contact USAA regarding the settlement, they will refer you to the Settlement Administrator at [toll-free number] or [email address] or [web address].**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment under the settlement. |
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you to ever be a part of any other lawsuit against the Defendants about the legal claims in this case. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no payment. Give up rights. |

These rights and options, and the deadlines to exercise them, are explained in this Notice.

The Court in charge of this case still has to decide whether to approve this settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**

1. Why was this Notice issued?
2. Which USAA Companies are part of the settlement?
3. What is this lawsuit about?
4. What is a Total Loss?
5. What is an Actual Cash Value Payment?
6. What is a Florida Automobile Insurance Policy?
7. Why is this a class action?
8. Why is there a settlement?

**WHO IS IN THE SETTLEMENT**

9. How do I know if I am part of the settlement?
10. Are there exceptions to being included?
11. Understanding Class membership.
12. I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY**

13. What does the settlement provide?
14. How do I qualify for a payment?
15. How much will payments be?

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM**

16. How can I get a payment?
17. When will I get my payment?
18. What if I disagree with the amount of my payment?
19. What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

20. How do I get out of the settlement?
21. If I don't exclude myself, can I sue the Defendants for the same thing later?
22. If I exclude myself, can I get a payment from this settlement?

**THE LAWYERS REPRESENTING YOU**

23. Do I have a lawyer in the case?
24. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**

25. How do I tell the Court that I don't like the settlement?
26. What's the difference between objecting and excluding yourself?

---

**THE COURT'S FAIRNESS HEARING**

27. When and where will the Court decide whether to approve the settlement?
28. Do I have to come to the Hearing?
29. May I speak at the Hearing?

**IF YOU DO NOTHING**

30. What happens if I do nothing at all?

**GETTING MORE INFORMATION**

31. How do I get more information about the settlement?

## BASIC INFORMATION

### 1. Why was this Notice issued?

The Court authorized this Notice because you have a right to know about a proposed settlement of this class action, including the right to make a claim for monetary payment, and about all of your options, before the Court decides whether to give "final approval" to the settlement. If the Court approves the parties' Class Action Settlement Agreement ("Settlement Agreement"), and after any objections and appeals are resolved, payments will be made to those who qualify and submit a valid claim.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available under the settlement, who is eligible for them, and how to get them.

Judge Timothy J. Corrigan of the United States District Court for the Middle District of Florida is overseeing this class action. This case is known as *Chantal Bastian et al. v. United Services Automobile Association et al.,* Case No. 3:13-cv-001454-J-32MCR. The persons who sued are called the Plaintiffs, and the companies they sued are called the Defendants.

### 2. Which USAA companies are part of the settlement?

This settlement includes United Services Automobile Association, USAA Casualty Insurance Company, Garrison Property and Casualty Insurance Company and USAA General Indemnity Company. This Notice also sometimes refers to these USAA companies as "USAA" or "Defendants."

### 3. What is this lawsuit about?

The lawsuit claims that USAA or persons acting on its behalf improperly failed to include the appropriate amount of sales tax when making some Actual Cash Value Payments, in adjusting claims for Total Losses under Florida Automobile Insurance Policies, during the period from October 17, 2008 through October 15, 2016.

USAA maintains that it complied with the terms of the insurance policies and applicable law. USAA has denied all allegations that it acted wrongfully or unlawfully.

### 4. What is a Total Loss?

A Total Loss is a vehicle damaged in an accident that USAA has determined to be a total loss and for which it has issued an Actual Cash Value Payment. One reason why USAA determines that a vehicle is a total loss is if the cost to repair the vehicle would be greater than its actual cash value minus its salvage value after the loss. A vehicle that is a Total Loss often is referred to as a "totaled vehicle."

### 5. What is an Actual Cash Value Payment?

An Actual Cash Value Payment means a payment made by USAA under a Florida Automobile Insurance Policy that was based on an estimate of the amount that it would cost, at the time of loss, to buy a comparable vehicle, i.e., a vehicle of the same make, model, model year, body type, and options with substantially similar mileage and physical condition, minus any applicable deductible. USAA's records reflect that you likely received an Actual Cash Value Payment on a Total Loss vehicle, but the records maintained by USAA on your claim have not yet been reviewed to determine whether USAA included or did not include payment for sales tax.

### 6. What is a Florida Automobile Insurance Policy?

A Florida Automobile Insurance Policy is a Florida policy of insurance issued by a Defendant, in effect during the Class Period, providing first-party physical damage coverage for a private passenger automobile.

## 7. Why is this a class action?

In a class action lawsuit, one or more people called "Class Representatives" (in this case, Chantal Bastian, William Laker, Oliver Sutton, Ryann Love and Terry Smith) sue on behalf of people who have similar claims. The people together are a "Class" or "Class Members." One court resolves the issues for everyone in the Class, except for those people who choose to exclude themselves from the Class.

## 8. Why is there a settlement?

***The Court did not reach a judgment in favor of Plaintiffs or Defendants.*** Instead, both sides agreed to a settlement. That way, they avoid the risk and cost of a trial, and the people affected will get compensation. The Class Representatives and Class Counsel think that the settlement is in the best interests of the Class and that the settlement is fair, adequate, and reasonable.

## WHO IS IN THE SETTLEMENT

To see if you are eligible under this settlement, you first have to decide if you are a member of the Class explained below.

## 9. How do I know if I am an eligible Class Member and part of the settlement?

USAA's records indicate that you likely are a member of the class and that you may be eligible for payment. The Class includes everyone who is, or was, insured under a Florida Automobile Insurance Policy issued by USAA that:

- suffered one or more Total Losses to their vehicles during the period from October 17, 2008 through October 15, 2016 that was determined to be covered by USAA;

- received from USAA an Actual Cash Value Payment(s); and

See Question 10, below, for exceptions to the Class definition. Also, a complete definition of the Settlement Class can be found at Paragraph 36 of the Settlement Agreement (available at [website]).

## 10. Are there exceptions to being included?

You are not included in the settlement if (i) you filed a lawsuit against USAA relating to payment or handling of the Total Loss claim that would otherwise be the subject of your claim in this settlement; (ii) you asserted any claims relating to your Total Loss claim that would otherwise be the subject of your claim in this settlement, for which USAA received an executed release; or (iii) you are a present or former officer and/or director of USAA, the Neutral Evaluator, Class Counsel, a Judge of the Court, or Defendants' counsel of record.

## 11. Understanding Class Membership

USAA's general practice with respect to paying claims for Total Losses of vehicles in Florida during the applicable time period was to pay sales tax on the claim only if the USAA member (policyholder) purchased a replacement vehicle and paid sales tax on the replacement vehicle. USAA would pay the lesser of the sales tax on the insured (damaged) vehicle as compared to the sales tax paid on the replacement vehicle. If you purchased a replacement vehicle that was equal to or greater than the value of your insured (damaged) vehicle, and notified USAA of that purchase and submitted information concerning the amount of tax paid, USAA may have paid you the full amount of sales tax, and you may not be entitled to any payment in this settlement. Otherwise, if you had a claim for

a Total Loss of your vehicle and you did not replace your vehicle or you did not tell USAA you replaced your vehicle, or you replaced your vehicle with a vehicle that was less expensive than the Actual Cash Value of your damaged vehicle, you may be entitled to payment for sales tax, in whole or in part, in this settlement. If you are unsure or do not remember whether sales tax was paid on your claim, you may submit a Claim Form and USAA will review its records to determine what, if any, amounts you are entitled to under this settlement.

This series of questions may also help you determine if you are a Class Member. Please answer all of the questions in order.

| Question | Yes or Not Sure | No |
|---|---|---|
| Do you or did you have a Florida Automobile Insurance Policy from United Services Automobile Association, USAA Casualty Insurance Company or USAA General Indemnity Company? | Continue to next question. | You are not a Class Member. |
| Did you have a Total Loss of a vehicle that was covered under a Florida Automobile Insurance Policy issued by one of the USAA companies listed above, and occurred during the period from October 17, 2008 through October 15, 2016? | Continue to next question. | You are not a Class Member. |
| Did you receive an Actual Cash Value Payment from USAA for your claim? | Continue to next question. | You are not a Class Member. |
| **Question** | **Yes** | **No or Not Sure** |
| Did you file a lawsuit against USAA relating to payment or handling of the Total Loss claim that would be the subject of your claim in this settlement? | You are not a Class Member. | Continue to next question. |
| Did you provide an executed release to USAA for your claim that would be the subject of your claim in this settlement? | You are not a Class Member | You could be a Class Member. |

## 12.  I'm still not sure if I am included?

If you are still not sure whether you are included, you can get free help. You can call the Settlement Administrator toll-free at _____; send an e-mail to _____; or visit [website] for more information. Or you can fill out and return the Claim Form enclosed with this Notice or the Electronic Claim Form available at [wesite] to see if you qualify. **Questions about the settlement should be directed to the Settlement Administrator. You should NOT contact USAA to ask questions about the settlement or about the payments made on your claim.**

There will be no penalty if you submit a Claim Form or Electronic Claim Form in good faith and it is later determined that you are not eligible to be included.

| THE SETTLEMENT BENEFITS – WHAT YOU GET IF YOU QUALIFY |
|---|

| **13. What does the settlement provide?** |
|---|

The settlement will pay to compensate eligible Class Members for Defendants' alleged improper failure, in making some Actual Cash Value Payments on Total Loss vehicles, to include the full amount of sales tax that would be paid if purchasing a vehicle comparable to the damaged vehicle, plus 8% of that amount . See Question 15 below for further details. The total cash benefit available to Settlement Class Members exceeds $34 million. Defendants also have agreed to additional relief from which you may benefit. The Settlement benefits are described in further detail in the Settlement Agreement, which is available at [website].

| **14. How do I qualify for a payment?** |
|---|

If you submit a Claim Form, USAA will review its records to determine whether you qualify for a payment. You may qualify for a payment if (i) you suffered a Total Loss to your vehicle during the period from October 17, 2008 through October 15, 2016 that resulted in an Actual Cash Value Payment by USAA under a Florida Automobile Insurance Policy; and (ii) you did not receive, as part of your payment(s) from USAA, an amount equal to the amount of sales tax that you would have paid if you had purchased a vehicle comparable to your damaged vehicle.

| **15. How much will payments be?** |
|---|

Eligible Class Members will receive a payment calculated by: (1) determining the Full ACV Sales Tax for the vehicle that was a Total Loss; subtracting (2) any amount of sales tax that was included in any prior payment made by USAA on the claim; and then adding (3) an additional amount of eight percent (8%) of the amount calculated by subtracting the amount in part (2) from the amount in subpart (1). For example, if the Full ACV Sales Tax was $600.00 and a prior payment included $300.00 for sales tax, the Eligible Class Member will receive a payment of $324.00, calculated as follows:

Full ACV Sales Tax = $600

Prior sales tax payment = $200

$600 - $200 = $400

$400 x 8% = $32

Amount paid to Eligible Class Member = $400 + $32 = $432.

Not every person receiving this Notice and submitting a completed a Claim Form or Electronic Claim Form will receive a payment. If USAA already paid the Full ACV Sales Tax on your claim, you will not receive any payment as a result of this settlement.

Plaintiffs' Counsel has calculated that approximately 70% of claimants did not receive the full sales tax amount and for those claimants has estimated that the average amount that may be claimed in this settlement is more than $450. Plaintiffs' Counsel has further calculated that approximately 30% of claimants may have already received the full sales tax amount from USAA and may not be eligible to recover any payment in this settlement.

"Full ACV Sales Tax" means the amount of sales tax that would be paid upon purchase, in the state and county where you had your principal residence at the time of the Total Loss, of a comparable vehicle, i.e., a vehicle of the same make, model, model year, body type, and options with substantially similar mileage and physical condition

as the vehicle which suffered the Total Loss. Where the Actual Cash Value Payment made by USAA was based upon a market valuation report prepared by CCC Information Services, Inc., the amount of sales tax shown on that report will be the Full ACV Sales Tax for purposes of this settlement, unless the amount of sales tax shown on that report is clearly erroneous.

---

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### 16. How can I get a payment?

To be eligible to receive a payment, you must mail in a valid and timely Claim Form or submit an Electronic Claim Form on the Internet at [website].

**1.      To Submit Your Claim by Mail:**

A paper Claim Form is included in this mailing and titled "CLAIM FORM." You may also get a paper Claim Form on the Internet at [website], or by calling _____, or by sending an e-mail to _____ and asking for one.

You should read the instructions on the Claim Form carefully and fill out the entire Claim Form. You also must sign your Claim Form under penalty of perjury.

If you have any questions relating to the claim form, you may call __ to have any questions answered.

You must mail the Claim Form **postmarked no later than** _____ to the following address:

[insert settlement administrator address]

Do not send a copy of the Claim Form to the Court, the Judge, or the Defendants.

**2.      To Submit Your Claim Electronically at [website]:** To make a claim on the website, you must go to the website [WEBSITE] and click the "Electronic Claim Form" button. You then will be asked to enter your CLAIMANT ID and your last name or the last name of the USAA member if you are not the USAA member. Your CLAMANT ID is at the top of the printed Claim Form enclosed in your mailing. Your CLAIMANT ID also has been emailed to you at your last known email address. If you cannot find your CLAIMANT ID, you can call [TOLL FREE] for assistance.

After you enter your CLAIMANT ID and your last name (or the last name of the USAA member, if you are not the USAA member), you will be able to sign and submit an Electronic Claim Form electronically from the website. You should read the instructions on the Electronic Claim Form carefully and verify or fill out the entire Claim Form. You also must sign your Electronic Claim Form with your electronic signature under penalty of perjury.

If you have any questions relating to the claim form, you may call __ to have any questions answered.

The deadline to submit the Electronic Claim Form is 11:59 p.m. on _____. After that point in time, the Electronic Claim Form will be deactivated.

Please note that, with a few exceptions, only a Class Member can submit a Claim Form. The only exceptions are that Claim Forms may be submitted on behalf of an individual Class Member by his or her "Legally Authorized Representative." A Legally Authorized Representative means an administrator/administratrix, personal representative, or executor/executrix of a deceased Class Member's estate; a guardian, conservator, or next friend of an incapacitated Class Member; or any other legally appointed person or entity responsible for handling the business affairs of a Class

Member. If you have a personal lawyer, your lawyer may assist you with your Claim Form, but you must sign the Claim Form, unless the lawyer is your Legally Authorized Representative.

Claim Forms or Electronic Claim Forms submitted as part of a group effort, or by or on behalf of a class of persons, are invalid and ineffective.

| **17. When will I get my payment?** |
| --- |

The payments will be mailed to eligible Class Members who send in valid claim forms on time, after the Court grants "final approval" of the settlement, any appeals are resolved, and the claims administration process described in Paragraphs 76-77 of the Settlement Agreement is completed.

The Court will hold a hearing on _____, **at ___.m.** to decide whether to approve the settlement. If the Court approves the settlement (see the section "The Court's Fairness Hearing" below), there may be appeals. If there is an appeal, resolving it can take time. Please be patient. Please check the settlement website, _____, for updates and other important information about the settlement, or call _____ toll-free or send an e-mail to _____.

| **18. What if I disagree with the amount of my payment?** |
| --- |

There is a process in the settlement to resolve disagreements between you and Defendants over whether you are eligible and how much money you should get. You will get further details in the letter you receive about your claim in the settlement. See Paragraphs 76-77 of the Settlement Agreement (available at [website]) for more information, or you can contact the Settlement Administrator at _____ or [e-mail address].

| **19. What am I giving up to get a payment or stay in the Class?** |
| --- |

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue or be part of any other lawsuit against Defendants about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you submit a Claim Form, or simply stay in the Class, you will agree to "release and discharge" USAA for any claims relating to any insufficiency in the amount of any payment for sales tax on your insured (damaged) vehicle, as described in Paragraphs 32-34, 39 and 63-64 of the Settlement Agreement.

A complete copy of the Settlement Agreement can be obtained at [website]. The Settlement Agreement specifically describes the Released Claims in necessarily accurate legal terminology. Talk to Class Counsel (see the section on "The Lawyers Representing You") or your own lawyer if you have questions about the Released Claims or what they mean.

| **EXCLUDING YOURSELF FROM THE SETTLEMENT** |
| --- |

If you don't want a payment from this settlement, but you want to keep the right to sue Defendants on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as "opting out" of the Class.

| **20. How do I get out of the settlement?** |
| --- |

To exclude yourself from the settlement, you must send a letter to the Settlement Administrator by first-class mail with a clear statement that you want to be excluded from the *Bastian v. United Services Automobile Association* settlement.

Be sure to include your name, address, telephone number, and your signature. If you are sending the request to be excluded as the "Legally Authorized Representative" of a Class Member (see Question 16 above for the definition of "Legally Authorized Representative"), you must include any information or documents that confirm your

appointment or status as a Legally Authorized Representative. Requests for exclusion must be submitted individually by a Class Member or his or her Legally Authorized Representative, and not on behalf of a group or class of persons. If you have a personal lawyer, your lawyer may assist you with your exclusion request, but you must sign the exclusion request, unless the lawyer is also your Legally Authorized Representative.

You must mail your exclusion request **postmarked no later than _____,** to:

[insert address]

You can't exclude yourself on the phone, by e-mail, or on the website. If you ask to be excluded, you will not get any money from the settlement, and you cannot object to the settlement or intervene in the case. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) the Defendants.

**21.  If I don't exclude myself, can I sue the Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Defendants with respect to any insufficiency in the amount of sales tax included in any payment made on your insured (damaged) vehicle. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately.

Remember, the exclusion deadline is _____.

**22.  If I exclude myself, can I get a payment from this settlement?**

No. If you exclude yourself, do not send in a Claim Form or Electronic Claim Form to ask for any money.

**THE LAWYERS REPRESENTING YOU**

**23.  Do I have a lawyer in this case?**

The Court has appointed the following law firms to represent you and other Class Members:

Christopher B. Hall
Hall & Lampros, LLP
1230 Peachtree Street, NE
Suite 950
Atlanta, GA 30309
Tel. 404-876-8100

Tracy L. Markham
Avolio & Hanlon, P.C.
2800 N 5th Street, Suite 302
St. Augustine, FL 32084
Tel. 904-794-7005

These lawyers are called Class Counsel. You will not be charged for services performed by Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

**24.  How will the lawyers be paid?**

Class Counsel will ask the Court to approve a payment of up to $5,100,000.00 for attorneys' fees and expenses. Class Counsel will also ask for a payment of up to $10,000 each to Chantal Bastian, William Laker, and

Oliver Sutton, and up to $8,000 each to Ryann Love and Terry Smith, for their services as Class Representatives. The Court may award less than these amounts. Defendants have agreed not to oppose the request for fees and expenses up to these amounts. Defendants will also pay all costs to administer the settlement and the fees and costs of the Neutral Evaluator. None of these amounts will reduce the amounts distributed to eligible Class Members.

---

## OBJECTING TO THE SETTLEMENT

If you are a Class Member and do not exclude yourself, you can tell the Court that you don't agree with the settlement or some part of it.

---

### 25.  How do I tell the Court that I don't like the settlement?

---

If you're a Class Member (or a Class Member's Legally Authorized Representative), and you haven't excluded yourself from the settlement, you can object to the proposed settlement if you don't like it, or try to intervene in the case. However, you cannot object if you have excluded yourself. In other words, you must stay in the case as a Class Member in order to object or to intervene in the case.

You can give reasons why you think the Court should not approve the settlement. The Court will consider your views. To object, you must (a) **mail** your objection to the Settlement Administrator **and** (b) **file** it with the Court. To be timely, your objection must be mailed to the Settlement Administrator so that it is **postmarked** by _____, and must be **filed** with the Court by no later than _____, at the following addresses:

**Address of Settlement Administrator:**    **Address of Court:**

[insert]                                      Clerk
                                              U.S. District Court
                                              300 N. Hogan St.
                                              Jacksonville, FL 32202

Note: You may mail your objection to the Court, but it must be **received** by the Court **and filed** by _____. See Paragraphs 101-107 of the Settlement Agreement for more information on how to object to or intervene in the settlement.

Your objection must include all of the following: (a) contain a heading which includes the name of the case and case number *(Bastian v. United Services Automobile Association,* Case No. 3:13-cv-001454-J-32MCR); (b) provide your full name, address, telephone number, and signature; (c) indicate the specific reasons why you object to the settlement; (d) contain the name, address, bar number, and telephone number of your counsel, if you're represented by an attorney; if you are represented by an attorney, he/she or it must comply with all applicable rules of the Court; and (e) state whether you intend to appear at the Fairness Hearing, either in person or through counsel.

If you do intend to appear at the Fairness Hearing to object to the settlement, you must also provide with your written objection a detailed statement of the specific legal and factual basis for each objection, a list of any witnesses you may seek to call at the hearing with each witness' address and summary of the witness' testimony, a detailed description of all evidence you may seek to offer at the hearing with copies of the exhibits attached, and documentary proof of your membership in the Class. You or your lawyer may appear at the Fairness Hearing if you have filed a written objection as provided above. (See the section on the "Court's Fairness Hearing" below). If you have a lawyer file an objection for you, he or she must follow all rules of Court and you must list the attorney's name, address, bar number, and telephone number in the written objection filed with the Court.

Unless you submit a proper and timely written objection, according to the above requirements, you may not be allowed to object or appear at the Fairness Hearing, in the discretion of the Court. Furthermore, if you want to intervene as a party to the case, you must file a motion to intervene with the Court by _____. If you fail to do so, you won't be able to intervene in the case.

---

Please note that any objections or motions must be submitted by an individual Class Member or his or her attorney, not as a member of a group, class, or subclass. The only exception is that an objection may be submitted on behalf of an individual Class Member by his or her Legally Authorized Representative (see Question 16 above for a definition of that term).

## 26. What's the difference between objecting and excluding yourself?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object, because the case no longer affects you. If you object, and the Court approves the settlement anyway, you will still be legally bound by the result.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing called a "Fairness Hearing" to decide whether to approve the settlement. If you have not excluded yourself from the settlement, you may attend the Fairness Hearing and you may ask to speak, but you don't have to.

## 27. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing to decide whether to finally approve the proposed settlement. You may attend and you may ask to speak, but you don't have to do either one.

The Fairness Hearing will be on _____, at _____.m. before Judge Timothy J. Corrigan, United States District Court for the Middle District of Florida, 300 N. Hogan Street, Jacksonville, Florida 32202.

At this hearing, the Court will consider whether the proposed settlement and all of its terms are adequate, fair, and reasonable. If there are objections, the Court will consider them. The Court may listen to people who have asked for permission to speak at the hearing and complied with the other requirements for objections explained in Question 25 above, and may also listen to others who wish to speak, in the Court's discretion. The Court may also decide how much to award Class Counsel for fees and expenses for representing the Class and whether and how much to award the Class Representatives for representing the Class.

At or after the hearing, the Court will decide whether to finally approve the proposed settlement. There may be appeals after that. We do not know how long these decisions will take.

The Court may change deadlines listed in this Notice without further notice to the Class. To keep up on any changes in the deadlines, please contact the Settlement Administrator or review the website.

## 28. Do I have to come to the Hearing?

No. Class Counsel will answer any questions asked by the Court. But, you are welcome to come at your own expense. If you intend to have a lawyer appear on your behalf at the final approval hearing, your lawyer must enter a written notice of appearance of counsel with the Clerk of the Court no later than _____, and must comply with all of the requirements explained in Question 25.

If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time and complied with the other requirements for a proper objection, the Court will consider it.

## 29. May I speak at the Hearing?

If you submitted a proper written objection to the settlement, you or your lawyer acting on your behalf may speak at the Hearing. To do so, you must send a Notice of Intention to Appear and follow the procedures set out in

Question 25. Your Notice of Intention to Appear must be mailed to the Settlement Administrator so that it is **postmarked no later than** _____, and it must be **filed** with the Clerk of the Court by that same date. See Question 25 for the addresses. You cannot speak at the hearing if you excluded yourself.

<div style="border:1px solid black; text-align:center">

**IF YOU DO NOTHING**

</div>

| **30.  What happens if I do nothing at all?** |
|---|

      If you do nothing, you will get no money from this settlement. And unless you exclude yourself, you won't be able to sue or be part of any other lawsuit against Defendants about the legal issues in this case, ever again.

<div style="border:1px solid black; text-align:center">

**GETTING MORE INFORMATION**

</div>

| **31.  How do I get more information about the settlement?** |
|---|

      You may obtain additional information by

- Calling the Settlement Administrator toll-free at _____ to ask questions and receive copies of documents, or e-mailing the Settlement Administrator at _____.

- Writing to the Settlement Administrator at the following address:

  [insert address]

- Visiting the settlement website, where you will find answers to common questions about the settlement, a Claim Form, plus other information to help you.

- Reviewing legal documents that have been filed with the Clerk of Court in this lawsuit at the Court offices stated in Question 25 above during regular office hours, and also available through the Public Access to Court Electronic Records system at www.pacer.gov.

- Contacting Class Counsel listed in Question 23 above.

**PLEASE DO NOT CALL THE JUDGE, THE COURT CLERK, OR USAA TO ASK QUESTIONS ABOUT THIS LAWSUIT OR NOTICE.**

**THE COURT WILL NOT RESPOND TO LETTERS OR TELEPHONE CALLS. IF YOU WISH TO ADDRESS THE COURT, YOU MUST FILE AN APPROPRIATE PLEADING OR MOTION WITH THE CLERK OF THE COURT IN ACCORDANCE WITH THE COURT'S USUAL PROCEDURES.**

# EXHIBIT 3

To: Jane Doe
Subject: USAA Auto Insurance Sales Tax Class Action Settlement

Claimant ID: 1234567
This Summary Notice is for: Jane Doe

USAA's records indicate that you made a total loss auto claim between October 17, 2008 and October 15, 2016, and that you may be eligible to receive a payment from a class action settlement.  To learn more, read the rest of this email, visit [WEBSITE], or call [TOLL FREE number]. **Please do not contact the Court or USAA regarding the settlement or the Claim Form. If you contact USAA regarding the settlement, they will refer you to the Settlement Administrator at [toll-free number] or [email address].**

LEGAL NOTICE: Your legal rights are affected.  Read this Summary Notice carefully.  The United States District Court for the Middle District of Florida ordered this Notice after it preliminarily approved a Class Action Settlement in the case of Chantal Bastian et al. v. United Services Automobile Association et al., Case No. 3:13-cv-001454-J-32MCR

A settlement has been reached in a lawsuit filed against USAA auto insurance companies that provide auto insurance in Florida.  The USAA insurance companies that are Defendants and that reached this settlement are United Services Automobile Association, USAA Casualty Insurance Company, USAA General Indemnity Company and Garrison Property and Casualty Insurance Company.

The lawsuit alleges that Defendants breached their Florida Automobile Insurance Policies in resolving claims of some policyholders for Total Losses, by improperly failing to include what Plaintiffs contend is the correct amount of sales tax required to be paid under the terms of the insurance policies and applicable Florida law. Defendants have maintained throughout the lawsuit that they have properly paid for sales tax on such claims consistent with their position regarding the terms of the applicable insurance policies and Florida law, and have denied that they have engaged in any wrongful or unlawful conduct. However, to avoid the cost of a trial, and potential risks for both sides, the Parties have reached a Class Action Settlement, which was preliminarily approved by the United States District Court for the Middle District of Florida on __.

**What Does the Settlement Provide?**

Defendants have agreed to settle this matter by providing payment of up to approximately $34 million in potential claims, as well as changing their practice of paying sales tax, as well as for the costs of notice and administration of the Settlement, Incentive Awards to the Named Plaintiffs and Attorneys' Fees and Costs. More information regarding your potential claim can be found in the Long Form Notice [WEBSITE PAGE] available at [WEBSITE]

Plaintiffs' Counsel has calculated that approximately 70% of claimants did not receive the full sales tax amount and has estimated that for those claimants, the average amount that may be claimed in this settlement is more than $450 per claim. Plaintiffs' Counsel has further calculated that approximately 30% of claimants already

received the full sales tax amount from USAA and will not be eligible to recover any payment in this settlement.

Eligible Class Members will receive a payment calculated by determining the full amount of sales tax that would be paid upon purchase of a comparable vehicle, subtracting any amount of sales tax that was included in any prior payment made by USAA on the claim, and then adding an additional amount of eight percent (8%) of the amount of unpaid sales tax, if any. For example, if the full sales tax amount was $600.00 and a prior payment included $200.00 for sales tax, the Eligible Class Member will receive a payment of $432.00, calculated as follows:

Full sales tax amount = $600

Prior sales tax payment = $200

$600 - $200 = $400

$400 x 8% = $32

Amount paid to Eligible Class Member = $400 + $32 = $432.

Not every person receiving this notice and submitting a completed a claim form will receive a payment. If USAA already paid the full amount of sales tax on your claim, you will not receive any payment as a result of this settlement. In order to determine whether you have a valid claim, you must submit a Claim Form.

**How Do You Submit A Claim?**

To qualify for payment, you must complete and submit the appropriate Claim Form, signed by you under penalty of perjury. You can complete a Claim Form electronically by clicking HERE [link to website] and clicking the "Make A Claim" button on the website. In the next several days, paper Claim Forms and instructions also are being mailed to you at your last known address provided to USAA. Paper Claim Forms also can be obtained by calling [TOLL FREE] or visiting [website].

**What Are Your Other Options?**

If you do not want to be legally bound by the Settlement, you must "opt out" or exclude yourself by mailing a note signed by you that lists: your full name, signature, address and the statement: "I wish to be excluded from the Bastian v. USAA Class Action Settlement." Opt-Out statements must be postmarked no later than _____ and mailed to [insert address]. If you properly exclude yourself, you will not get any Settlement payment and you cannot object to the Settlement. However, you will retain any legal claims you may have against the Defendants and may be able to sue on your own in the future. You cannot exclude yourself by phone, e-mail or on the website.

If you are a Class Member, you can object to any part of the Settlement you do not like and the Court will consider your views. If you object, you will remain a Class Member, you will be bound by any final decision made by the Court, and you will not be able to "opt out" of the settlement. Your objection must be timely, in writing, and contain certain specific information as described in more detail in the mailed notice, which is also

available at [WEBSITE] or by calling [TOLL FREE]. Objections must be received by the Court and the Settlement Administrator by [DATE].

If you do nothing, you will get no money from this settlement. And unless you exclude yourself, you won't be able to sue or be part of any other lawsuit against Defendants about the legal issues in this case, ever again.

The Court will hold a Fairness Hearing at [TIME] on [DATE], at the U.S. District Court, 300 N. Hogan St., Jacksonville, Florida 32202. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate and whether to approve the Named Plaintiffs' Incentive Awards and the Attorneys' Fees and Costs requested by Class Counsel. You may attend the hearing, and you may hire your own lawyer, but you are not required to do either. The Court will consider timely written objections and may listen to objectors who request to speak at the hearing.

**What to Do If You Have Questions**

This Notice is just a summary. A more detailed notice, as well as the Settlement Agreement and other documents related to this lawsuit, can be found online at [WEBSITE]. For more information, you may call or write to the Settlement Administrator at [TOLL FREE] or [ADDRESS]. **Please do not contact the Court or USAA to ask questions about this Settlement. If you contact USAA regarding the settlement, they will refer you to the Settlement Administrator.**

# EXHIBIT 4

# Please read this Claim Form <u>and</u> the enclosed Notice carefully.

- USAA's records indicate that you are a class member who may be eligible for payment.
- To be eligible to receive a payment, you must either (1) sign and mail this Claim Form to the Settlement Administrator; or (2) electronically make your claim on the website www.USAAFloridaSalesTaxSettlement.com. You are not required to do both.
- This is a printed Claim Form that allows you to make a claim by mail. If you would like to submit an electronic claim form online, go to www.USAAFloridaSalesTaxSettlement.com and (1) click on the "Make a Claim" button; (2) enter your Claimant ID (set out at the top of this page) and the USAA member's last name; and (3) follow the instructions. If you choose to submit a Claim Form online, you <u>do not</u> need to complete and mail this printed Claim Form.

**DEADLINE:** To be timely and considered for payment, you must either (1) submit a completed Electronic Claim Form online at the Settlement website, www.USAAFloridaSalesTaxSettlement.com, at any time on or before **[DATE] (the website will provide detailed instructions for submitting the claim online)**; OR (2) submit a Claim by mail by completing and mailing this printed Claim Form to the Claims Administrator so that it is <u>postmarked</u> by **[DATE]** to USAA Sales Tax Settlement, c/o Dahl Administration LLC, P.O. Box 3614, Minneapolis, MN 55403-0614.

## To submit a Claim by mail, follow these 3 steps:

### STEP 1:    CLAIM INFORMATION

If any of the claimant information below is incorrect, or needs to be updated, please correct the information in the space below.

*Additions or Corrections if known to you*

| | | | |
| --- | --- | --- | --- |
| **Class Member Name:** | | [PRE-FILLED BY USAA] | _____ |
| **Mailing address:** | | [PRE-FILLED BY USAA] | _____ |
| | | [PRE-FILLED BY USAA] | _____ |
| **USAA Member Number or Policy Number applicable to the Class Member's claim:** | | [PRE-FILLED BY USAA] | _____ |
| **Total Loss Vehicle** | **Make:** | [PRE-FILLED BY USAA] | _____ |
| | **Model:** | [PRE-FILLED BY USAA] | _____ |
| | **Model year:** | [PRE-FILLED BY USAA] | _____ |
| **Approximate Date of Loss:** | | [PRE-FILLED BY USAA] Month/Day/Year | _____ |

### STEP 2:    READ THE CERTIFICATION BELOW.  IF TRUE, SIGN AND DATE THE

## CERTIFICATION

By signing below you are only attesting that you believe that you may have a claim (not that you are certain that you have a claim). If you have any questions, please call [toll-free number] toll-free, visit [website], or e-mail [email address]. There will be no penalty if you submit a Claim Form that is true and correct to the best of your knowledge and it is later determined that you are not eligible to be included. Please do NOT contact USAA with questions regarding this settlement or the claim form. If you contact USAA regarding the settlement, they will refer you to the Settlement Administrator at [toll-free number] or [email address].

### CERTIFICATION IF YOU ARE SUBMITTING THIS FORM FOR YOUR OWN CLAIM:

I certify under penalty of perjury that I have read this Claim Form; I am the person who made the insurance claim identified above.  All of the information on this Claim Form is true and correct to the best of my knowledge; and I request a review of my claim for potential payment.

DATE: _____  SIGNATURE: _____

PRINTED NAME: _____

### CERTIFICATION IF YOU ARE SUBMITTING THIS FORM
### ON BEHALF OF SOMEONE ELSE OR A DECEASED CLASS MEMBER:

I certify under penalty of perjury that I have read this Claim Form; I am the legally authorized personal representative, guardian, or trustee of a deceased, incapacitated, or otherwise policyholder or class member who made the insurance claim identified above.

My name is _____.  My address is _____.  My phone number is _____.  My email is _____.

I have attached the legal documents appointing me as personal representative, guardian, or trustee to this form.  All of the information on this Claim Form and submitted in connection with this claim form is true and correct to the best of my knowledge; and I request a review of this claim for potential payment.

DATE: _____  SIGNATURE: _____

PRINTED NAME: _____

## STEP 3:     MAIL THIS COMPLETED FORM

If you are submitting your claim by mail (and not online), you must mail this signed Claim Form **postmarked by [DATE]** and mailed to:

USAA Sales Tax Settlement
c/o Dahl Administration, LLC
PO Box 3614
Minneapolis, MN 55403-0614

Please be patient. You will receive a letter telling you whether the Class Member identified above is eligible for a payment and, if the Class Member is determined to be eligible, the amount of the payment. The letter will also explain the process and deadlines to resolve any disagreement you may have with this determination.

**PLEASE DO <u>NOT</u> CALL THE COURT, THE JUDGE, THE CLERK OF COURT, OR USAA REGARDING THIS MATTER.**

# EXHIBIT 5

# Please read this Electronic Claim Form and the Notice [link] carefully.

- USAA's records indicate that you are a class member who may be eligible for payment.

- To be eligible to receive a payment, you must either (1) sign and mail a Printed Claim Form to the Settlement Administrator; or (2) electronically submit an Electronic Claim form on the website www.USAAFloridaSales TaxSettlement.com.  You are not required to do both.

- This is an Electronic Claim Form that allows you to submit a claim electronically on this website www.USAAFloridaSalesTaxSettlement.  If you choose to submit an Electronic Claim Form by following these instructions, you do not need to complete and mail a printed Claim Form.

**DEADLINE:**  To make a timely claim, you must either (1) complete and submit this Electronic Claim Form at any time on or before **[DATE]**; OR  (2) complete and mail a printed Claim Form to the Claims Administrator so that it is **postmarked by [DATE]** to USAA Sales Tax Settlement, c/o Dahl Administration LLC, P.O. Box 3614, Minneapolis, MN 55403-0614.

## To Submit this Electronic Claim Form, follow these 3 steps:

## STEP 1:      CLAIM INFORMATION

If any of the claimant information below is incorrect, or needs to be updated, please correct the information in the space below.

*Additions or Corrections if known to you*

| | | |
| --- | --- | --- |
| **Class Member Name:** | [PRE-FILLED BY USAA] | _____ |
| **Mailing address:** | [PRE-FILLED BY USAA] | _____ |
| | [PRE-FILLED BY USAA] | _____ |
| **USAA Member Number or Policy Number applicable to the Class Member's claim:** | [PRE-FILLED BY USAA] | _____ |
| **Total Loss Vehicle**   Make: | [PRE-FILLED BY USAA] | _____ |
| Model: | [PRE-FILLED BY USAA] | _____ |
| Model year: | [PRE-FILLED BY USAA] | _____ |
| **Approximate Date of Loss:** | [PRE-FILLED BY USAA] **Month/Day/Year** | _____ |

## STEP 2:  READ THE CERTIFICATION BELOW.  IF TRUE, SIGN AND DATE THE CERTIFICATION

By electronically signing below you are only attesting that you believe that you may have a claim (not that you are certain that you have a claim). If you have any questions, please call [toll-free number] toll-free, visit [website], or e-mail [email address]. There will be no penalty if you submit a Claim Form that is true and correct to the best of your knowledge and it is later determined that you are not eligible to be included. Please do NOT contact USAA with questions regarding this settlement or the claim form. If you contact USAA regarding the settlement, they will refer you to the Settlement Administrator at [toll-free number] or [email address].

<u>CERTIFICATION IF YOU ARE SUBMITTING THIS FORM FOR YOUR OWN CLAIM</u>:

I certify under penalty of perjury that I have read this Claim Form; I am the person who made the insurance claim identified above.  All of the information on this Claim Form is true and correct to the best of my knowledge; and I request a review of my claim for potential payment.

DATE: _[automatically generated by computer system]_____

SIGNATURE     (please     type     your     name     in     the     box     as     your     signature):     _
_____

<u>CERTIFICATION IF YOU ARE SUBMITTING THIS FORM
ON BEHALF OF SOMEONE ELSE OR A DECEASED CLASS MEMBER</u>:

I certify under penalty of perjury that I have read this Claim Form; I am the legally authorized personal representative, guardian, or trustee of a deceased, incapacitated, or otherwise policyholder or class member who made the insurance claim identified above.

My name is _[to be typed in by person submitting claim]_____. My address is _[to be typed in by person submitting claim]_____.  My phone number is _[to be typed in by person submitting claim]_____.  My     email     is     _[to     be     typed     in     by     person     submitting claim]_____.

I have attached the legal documents appointing me as personal representative, guardian, or trustee to this form.  All of the information on this Claim Form and submitted in connection with this claim form is true and correct to the best of my knowledge; and I request a review of this claim for potential payment.

DATE:  [automatically generated by computer system]_____

SIGNATURE     (please     type     your     name     in     the     box     as     your     signature):
_____

**STEP 3:**     SUBMIT THE CLAIM FORM

To submit your Claim Form click "submit" below:

[SUBMIT]

PLEASE DO <u>NOT</u> CALL THE COURT, THE JUDGE, THE CLERK OF
COURT, OR USAA REGARDING THIS MATTER.

# EXHIBIT 6

CHANTAL BASTIAN, et al. on behalf of   :
themselves and all others similarly situated,   :
  :
      Plaintiffs,   :    CASE NO.: 3:13-cv-001454-J-32MCR
  :
vs.   :
  :
UNITED SERVICES AUTOMOBILE   :
ASSOCIATION, et al.,   :
  :
      Defendants.   :

**PROPOSED FINAL ORDER AND JUDGMENT
CERTIFYING CLASS FOR SETTLEMENT PURPOSES,
APPROVING CLASS ACTION SETTLEMENT, AWARDING CLASS
COUNSEL ATTORNEYS' FEES, AWARDING CLASS REPRESENTATIVE
INCENTIVE FEES, AND DISMISSING ACTION WITH PREJUDICE**

The Court has considered the Joint Motion for Final Approval of Class Action Settlement ("Joint Motion for Final Approval"), Plaintiffs' Brief in Support of the Joint Motion for Final Approval, Class Counsel's Application for Attorneys' Fees and Reimbursement of Costs and for Class Representative Incentive Awards ("Class Counsel's Application for Fees and Incentive Awards"), and Plaintiffs' Submission of Evidence in Support of Joint Motion for Final Approval and Class Counsel's Application for Fees and Incentive Awards ("Plaintiffs' Submission of Evidence"), and the other submissions relating to final approval of the settlement.

The Joint Motion for Final Approval requests (a) certification of the Settlement Class for settlement purposes only; (b) final approval of the Proposed Settlement that was the subject of the Court's prior Order Preliminarily Approving Class Settlement; and (c) dismissal with prejudice of Plaintiffs' claims against Defendants in accordance with the terms of the settlement. Class Counsel's Application for Fees and Incentive Awards requests that this Court award attorneys'

fees and reimbursement of expenses to Class Counsel and class representative incentive awards to the Class Representatives in connection with this Action. In connection with the Joint Motion for Final Approval and Class Counsel's Application for Fees and Incentive Awards, the Court considered all documents filed with the Court pertaining to the Proposed Settlement, all objections filed with the Court, any documents which were admitted into evidence at the Fairness Hearing, Defendants' submissions in support of Joint Motion for Final Approval, the Court's record in this matter, and arguments of counsel.

WHEREAS Plaintiffs and Defendants have executed and filed a Class Action Settlement Agreement (the "Agreement") with the Court on _____, 2017; and

WHEREAS the Agreement is hereby incorporated by reference in this Order and all terms defined in the Agreement will have the same meanings in this Order; and

WHEREAS the Court, on _____, 2017, entered an Order Preliminarily Approving Class Settlement ("Preliminary Approval Order"), preliminarily certifying, for settlement purposes only, this Action as a class action, and scheduling a hearing for _____ at ____ _.m. the ("Fairness Hearing") (a) to determine whether the Proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be finally approved by the Court; (b) to determine whether a final judgment should be entered herein; and (c) to consider Class Counsel's Application for Fees and Incentive Awards; and

WHEREAS, the Court ordered that the Mailed Notice and Claim Form and Emailed Notice with link to the settlement website containing the Electronic Claim Form, in the forms attached to the Agreement as Exhibits 2, 3, 4 and 5, be mailed and emailed (as applicable) by the Settlement Administrator, Dahl Administration, LLC, by first-class mail, postage prepaid, on or before

_____ (the "Mailed Notice Date") and the Emailed Notice also sent to all potential Settlement Class Members whose names were ascertained by Defendants through a reasonable search of their electronic records at their last-known email address and last-known physical mailing address with physical mailing address updating and verification where reasonably available, and that the Internet website and toll-free number be implemented on or before the Notice Mailing Date; and

WHEREAS, the Parties have satisfactorily demonstrated that such Mailed and Emailed Notice was given in accordance with the terms of the Preliminary Approval Order; and

WHEREAS, in accordance with the Mailed and Emailed Notice, the Fairness Hearing was duly held before this Court on _____; and

WHEREAS, at the Fairness Hearing, the Court considered (a) whether certification for settlement purposes only was appropriate under Fed. R. Civ. P. 23; (b) the fairness, reasonableness, and the adequacy of the Agreement; and (c) the fairness and reasonableness of Class Counsel's application for attorneys' fees and class representative incentive awards under applicable law; and

WHEREAS, the Court has fulfilled its duty to independently evaluate the fairness, reasonableness, and adequacy of the Agreement and Class Counsel's Application for Attorneys' Fees by considering not only the filings and arguments of Plaintiffs, Class Counsel, and Defendants, but also by rigorously and independently evaluating the Agreement and Class Counsel's Application for Fees and Incentive Awards; and

WHEREAS, by performing this independent analysis of the Joint Motion for Final Approval and Class Counsel's Application for Fees and Incentive Awards, and carefully considering any objections made, the Court has considered and protected the interests of all absent Settlement Class Members under Fed. R. Civ. P. 23; and

WHEREAS, the Mailed Notice and Emailed Notice advised Settlement Class Members of the method by which a Settlement Class Member could request exclusion from the Proposed Settlement and pursue an independent legal remedy against Defendants; and

WHEREAS, all Settlement Class Members had the absolute right to opt out and pursue an individual lawsuit against Defendants; and

WHEREAS, any Settlement Class Member who failed to request exclusion under the terms of the Mailed Notice and Emailed Notice voluntarily waived the right to pursue an independent remedy against Defendants; and

WHEREAS, the Mailed Notice and Emailed Notice advised Settlement Class Members of the method by which a Settlement Class Member could properly file objections and request to be heard at the Fairness Hearing; and

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Joint Motion for Final Approval and Class Counsel's Application for Fees and Incentive Awards, and having reviewed and considered the files and records herein, and all other evidence submitted, finds and concludes as follows:

1.      The definitions and terms set forth in the Agreement are hereby adopted and incorporated into this Order.

2.      The Second Amended Complaint filed in this Action alleges that Defendants breached their Florida Automobile Insurance Policies in resolving claims of some policyholders for Total Losses, by improperly failing to include what Plaintiffs contend is the correct amount of sales tax required to be paid under the terms of the insurance policies and applicable Florida law. Defendants have maintained throughout this Litigation that they have properly paid for sales tax on such claims consistent with their position regarding the terms of the applicable insurance

policies and Florida law, and have denied that they have engaged in any wrongful or unlawful conduct. In its order on the parties' cross-motions for summary judgment, the Court disagreed with Defendants' position. The Court, however, subsequently certified that order for an interlocutory appeal, concluding that there was a substantial ground for difference of opinion. If this Litigation were to continue, Defendants would have the right to appeal the Court's order on the cross-motions for summary judgment, and the outcome of that appeal would be uncertain.

3.      On or about _____, Plaintiffs and Defendants applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Order and Judgment. In support of that application, Plaintiffs submitted, among other things, evidence concerning the dissemination and adequacy of the notice, evidence regarding the names of potential Settlement Class Members who have submitted requests for exclusion from the Settlement Class, evidence regarding the negotiation of the Agreement, evidence regarding the fairness, reasonableness, and adequacy of the substantive terms of the Agreement, and evidence regarding the fairness, reasonableness, and adequacy of Class Counsel's Application for Fees and Incentive Awards. The parties submitted a Joint Motion for Final Approval, setting forth extensive argument and authority along with various exhibits attached thereto. Class Counsel's Application for Fees and Incentive Awards contained both extensive argument and authority and various exhibits attached thereto. Defendants have made submissions, as well.

4.      As part of its Preliminary Approval Order, the Court certified for settlement purposes only a Settlement Class defined as follows:

Each and every Person who:

(a)     was insured by a Defendant under a Florida Automobile Insurance Policy;

(b)     during the Class Period suffered a Covered Total Loss; and

(c)     received from a Defendant an Actual Cash Value Payment for the Covered Total Loss.

(d)     excluding:

     (i)     claims that were the subject of any individual (non-class action) lawsuit filed during the Class Period alleging causes of action related to any Released Claims, except for the Named Plaintiffs' claims;

     (ii)     claims for which Defendants received an executed release during the Class Period; and

     (iii)     Defendants, all present or former officers and/or directors of Defendants, the Neutral Evaluator, Class Counsel, a Judge of this Court, and Defendants' counsel of record.

5.     The Court hereby reaffirms this definition of the Settlement Class for purposes of this Final Order and Judgment and certifies this Action, for settlement purposes only, as a Class Action. In so doing, the Court finds, for settlement purposes only, that the Action meets all the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process requirements, and can therefore be certified as a settlement class action, for the reasons set forth more fully below.

6.     The Court finds that the Settlement Class as defined above is ascertainable. The Parties have demonstrated that the Settlement Class Members can be identified through a search of Defendants' records.

7.     The Court finds that the numerosity requirement has been satisfied. The evidence presented establishes that there are approximately _____ members of the Settlement Class.

8.     The Court finds that the commonality requirement has been satisfied. There is a common question of law regarding whether Defendants were required to pay sales tax based on the cost of a vehicle comparable to the total loss vehicle, or were permitted to pay sales tax when

incurred under Fla. Stat. § 626.9743(9). This issue applies to all of the claims of the Settlement Class Members and would be a central issue on an appeal if the case were further litigated.

9. The Court finds that the typicality requirement is satisfied. The Named Plaintiffs have demonstrated that their claims are typical of those of the putative class members in that they were not paid the amount of sales tax that is claimed to be owed.

10. The Court finds that the adequacy of representation requirement is satisfied. The Named Plaintiffs' affidavits demonstrate that they have adequately performed their duties as class representatives. There is no evidence that the Named Plaintiffs have any conflict of interest with the Proposed Class.

11. With respect to the requirements of Fed. R. Civ. P. 23(b)(3), the Court finds that, for purposes of this settlement, common questions of law or fact predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Given that Defendants have, by agreeing to the Proposed Settlement, agreed to make payments of additional sales tax amounts based upon the vehicle valuations that were previously performed, and have effectively waived any opportunity they may have to present evidence with regard to vehicle valuations, individualized questions do not predominate and a class action is superior to other available methods of adjudication. The Parties have represented that the settlement can be managed in a manner that is efficient, and the Court is satisfied from the terms of the Agreement that that is the case.

Plaintiffs and Defendants have entered into the Agreement, which has been filed with the Court and is incorporated herein by reference. The Agreement provides for the settlement of this Action with Defendants on behalf of the Named Plaintiffs and Settlement Class Members, subject to final approval by the Court. The Agreement provides that Defendants continue to  include Actual Cash

Value Sales Tax in Actual Cash Value Payments under Florida Automobile Insurance Policies, unless and until the earlier of the following occurs: (1) Defendants implement a change in their Florida Automobile Insurance Policies specifying that sales tax on total loss vehicles will be paid as incurred, at which point the new policy language will be followed if and when it becomes effective; or (2) a Florida District Court of Appeal, the Florida Supreme Court or the U.S. Court of Appeals for the Eleventh Circuit issues a decision on a contested issue as to the payment of sales tax, and permits sales tax to be paid as incurred after purchase of a replacement vehicle under automobile insurance policy language that, in Defendants' judgment, is reasonably equivalent to Defendants' Florida Automobile Insurance Policies. In the event that Defendants commit a breach of this paragraph of this Agreement that is an isolated breach and constitutes a violation with respect to 50 or less claims, any individual claimant may pursue any rights they have under applicable law but such breach shall not entitle any person to any further remedy under the Agreement.

12.     The Agreement further provides that, in exchange for the Release described in the Agreement and this Final Order and Judgment, Defendants will provide Claim Payments to all qualifying Settlement Class Members who submit timely and approved claims, as set forth in the Agreement.

13.     On _____, the Court approved the Mailed and Emailed Notice and method of notification for potential Settlement Class Members, and directed that Mailed and Emailed Notice of the Proposed Settlement and of the Fairness Hearing be disseminated in accordance with the terms of the Agreement and the Preliminary Approval Order.

14.     On _____, the Parties provided evidence that the Mailed and Emailed Notice and establishment of the settlement website ([website address]), which informed members

of the Settlement Class of the terms of the Proposed Settlement, of their opportunity to request exclusion from the Settlement Class, and of their opportunity to object to the terms of the Agreement, were disseminated and posted in accordance with the Preliminary Approval Order.

15. Specifically, the Court received an affidavit from _____, an employee of the Settlement Administrator, setting forth the scope and results of the notice campaign.

16. Based on the Court's review of the evidence and arguments of counsel, the Court finds and concludes that the Mailed and Emailed Notice as disseminated to members of the Settlement Class in accordance with provisions of the Preliminarily Approval Order, together with the posting of the Agreement, Mailed and Emailed Notice, Claim Form, Preliminary Approval Order, and frequently asked questions on the settlement website, (i) constituted the best practicable notice; (ii) were reasonably calculated to apprise potential Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the Proposed Settlement and to appear at the Fairness Hearing, and their right to seek monetary relief; and (iii) were reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice.

17. Accordingly, the Mailed and Emailed Notice as disseminated is finally approved as fair, reasonable, and adequate. The Court finds and concludes that due and adequate notice of the pendency of this Action and of the Agreement has been provided to Settlement Class Members, and the Court further finds and concludes that the notice program described in the Preliminary Approval Order and completed by the Parties complied fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, and the requirements of due process under the Florida and United States Constitutions. The Court further finds that the notice campaign undertaken concisely and clearly states in plain, easily understood language, among other things:

(a)     the nature of the Action;

(b)     the definition of the Settlement Class certified;

(c)     the class claims, issues, and defenses;

(d)     that a Settlement Class Member may object to the Proposed Settlement;

(e)     that a Settlement Class Member may move to intervene and participate in person or through counsel if he or she so desires;

(f)     that the Court will exclude from the Settlement Class any Settlement Class Member who timely and properly requests exclusion, stating when and how members may elect to be excluded; and

(g)     the binding effect of the class judgment on Settlement Class Members.

18.     Having reviewed the Affidavit of _____ concerning the success of the notice campaign, the Court finds that it is unnecessary to afford a new opportunity to request exclusion to individual Settlement Class Members who had an earlier opportunity to request exclusion, but did not do so.

19.     The Court further finds that the Class Action Fairness Act Notice provided by the Settlement Administrator on behalf of Defendants was in compliance with 28 U.S.C. § 1715(b), and that the Class Action Fairness Act Notice was given more than 90 days prior to any order of final approval, in accordance with 28 U.S.C. § 1715(d).

20.     The Fairness Hearing and the evidence before the Court clearly support a finding that the Agreement was entered into in good faith between the Plaintiffs and Defendants.

21.     The Court finds that the Agreement is the result of a good-faith, arm's-length negotiation by the Parties hereto. In addition, the Court finds that approval of the Agreement and the Proposed Settlement embodied therein will result in substantial savings in time and resources

to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Agreement is fair, reasonable, and adequate to Settlement Class Members based on discovery, due diligence, and the absence of material objections sufficient to deny approval.

22.     The settlement of the Action on the terms and conditions set forth in the Agreement is approved and confirmed in all respects as fair, reasonable, and adequate and in the best interest of the Settlement Class, especially in light of the benefits to the Settlement Class and the costs and risks associated with the continued prosecution, trial, and possible appeal of this complex litigation.

23.     The Eleventh Circuit has instructed district courts to consider the following factors when deciding whether to approve a proposed class action settlement: "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, expense, and duration of litigation; (5) the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011); *see also Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

24.     With respect to the first factor, the Court believes, based on its order on the parties' cross-motions for summary judgment, that the plaintiffs have a strong likelihood of success at trial, if class certification were granted after contested proceedings, and the case were taken to trial. In this case, however, what is most pertinent to evaluating the proposed settlement is the likelihood of success on appeal, and the likelihood of class certification being granted (and affirmed on an appeal). The central legal issue presented by this case is one on which the Court has previously found that there is a substantial ground for difference of opinion and, while the outcome of an appeal can be difficult to predict, the Settlement Class Members have a significant risk that they

would not prevail on appeal. Defendants have also indicated that, in opposition to any motion for class certification, they would present evidence that, based on expert review of valuations of the vehicles of some of the Named Plaintiffs and some Settlement Class Members, Defendants could show that nothing more is owed on those claims notwithstanding the Court's ruling on the sales tax issue. There is thus a substantial question as to whether class certification would be granted in this case, and the plaintiffs bear a significant risk on that issue.

25.     With respect to the second factor, the range of possible recovery, Plaintiffs' Counsel has calculated that the potential cash recovery is approximately $34 million. If Defendants were to prevail on class certification, or on appeal with respect to the central legal issue, the plaintiffs and Settlement Class Members would recover nothing. There is thus a wide range of possible recovery.   Defendants changed their procedure with regard to the payment of sales tax on first party Total Loss claims in Florida, and, on or about October 15, 2016, began paying sales tax for those claims calculated based on the cost of a comparable vehicle, without requirement that the insured incur sales tax on a replacement vehicle.   The third factor is the range of possible recovery at which a settlement is fair, adequate, and reasonable. *Faught*, 668 F.3d at 1240. The proposed settlement provides 108% of any previously-unpaid sales tax to Settlement Class Members who submit timely claim forms, which is roughly equivalent to full relief. The proposed settlement also provides that Defendants have agreed to continue to include in payments for total loss vehicles and amount for sales tax based on the sales tax that would be due upon purchase of a comparable replacement vehicle without requiring that the sales tax be incurred, unless and until they implement a change in the insurance policy forms specifying that sales tax on total loss vehicles will be paid as incurred, or a Florida District Court of Appeal, the Florida Supreme Court or the U.S. Court of Appeals for the Eleventh Circuit issues a decision in a case where the payment

of sales tax is contested and the decision is favorable to Defendants' position on the issue previously presented by Defendants' summary judgment motion in this Court. Plaintiffs' Counsel has also calculated that Defendants' agreement to change their practice, which varies based on claim volume, is valued at approximately $600,000 per month. Such a settlement is thus fair, adequate and reasonable considering the range of possible recovery.

26.     The fourth factor is the anticipated complexity, expense, and duration of litigation. *Faught*, 668 F.3d at 1240. If this case were not settled, the parties would need to complete discovery, class action-related motion practice and, if a class were certified, there would need to be a trial and then, if the plaintiffs prevailed, the defendants would appeal. All of this would require substantial expense, and it is unlikely that the proceedings, including the appeal, would conclude until 2018 or 2019. The Court finds that this weighs in favor of approving the settlement.

27.     With respect to the fifth factor, the opposition to the settlement, the Court has considered the objections to the settlement and finds them to be without merit for the following reasons: _____.

28.     With respect to the sixth factor, the stage of proceedings at which the settlement was achieved, the parties have had a substantial opportunity to evaluate the strengths and weaknesses of their positions in the case through the motion practice and the Court's ruling on the cross-motions for summary judgment, as well as the discovery that was subsequently completed on class certification-related issues. The Court thus finds that this factor weighs in favor of approving the settlement.

29.     The notice campaign was highly successful and resulted in notice being mailed to more than _____ potential Settlement Class Members. [____] Settlement Class Members filed objections to either the Agreement or Class Counsel's Application for Fees. The

lack of opposition by a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Agreement and Class Counsel's Application for Fees.

NOW, THEREFORE, GOOD CAUSE APPEARING THEREFORE, IT IS ORDERED THAT:

30.     The Court possesses jurisdiction over the subject matter of this Action and to approve the Agreement, and has personal jurisdiction over all Settlement Class Members.

31.     The Court finds that all requirements for certification of a settlement class under Rule 23 of the Federal Rules of Civil Procedure have been met. The Court certifies the Settlement Class, for settlement purposes only.

32.     The Court finds that the terms of the Agreement are fair, reasonable, and adequate to Settlement Class Members; consistent with and in compliance with requirements of due process; and in the best interests of the Settlement Class. All provisions and terms of the Agreement are hereby finally approved in all respects. The Parties to the Agreement are hereby directed to consummate the Agreement in accordance with its terms.

33.     The Court finds that Class Counsel and the Named Plaintiffs adequately, appropriately, and fairly represented and protected the interests of the Settlement Class for the purposes of entering into and implementing the Proposed Settlement. Accordingly, Plaintiffs Chantal Bastian, William Laker, Oliver Sutton, Ryann Love and Terry Smith are appointed as representatives of the Settlement Class, and the following Class Counsel are appointed as counsel for the Settlement Class:

Christopher B. Hall
Hall & Lampros, LLP
1230 Peachtree Street, NE
Suite 950
Atlanta, GA 30309
Tel. 404-876-8100

Tracy L. Markham
Avolio & Hanlon, P.C.
2800 N 5th Street, Suite 302
St. Augustine, FL 32084
Tel. 904-794-7005

34.     The Court approves the Opt-Out List submitted by the Settlement Administrator (attached hereto as Exhibit 1). Timely requests for exclusion were submitted by _____ potential Settlement Class Members, and those potential Settlement Class Members are excluded from the Settlement Class and shall neither share in nor be bound by the Final Order and Judgment. All other potential Settlement Class Members are adjudged to be members of the Settlement Class and are bound by this Final Order and Judgment and by the Agreement, including the Release provided for in the Agreement and this Final Order and Judgment.

35.     This Action is dismissed in its entirety on the merits, with prejudice and without leave to amend, and without fees or costs except as expressly provided in this Final Order and Judgment.

36.     Upon the entry of this Final Order and Judgment, each Settlement Class Member (except those who have been excluded by the Court as set forth in Exhibit 1), as well as their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have submitted a Claim Form, and regardless of whether they have received actual notice of the Proposed Settlement, shall be conclusively deemed to have fully released and discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, and are bound by the provisions of the Agreement, including but not limited to the Release. The provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend

15

to claims, demands, injuries, and/or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and/or approved by a court are expressly, knowingly, and voluntarily waived by and on behalf of the Named Plaintiffs and all Settlement Class Members who have not been excluded from the Settlement Class, as set forth in Paragraphs 63-64 of the Agreement.

37. All Settlement Class Members (other than those excluded by the Court as set forth in Exhibit 1), as well as their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have submitted a Claim Form, and regardless of whether they have received actual notice of the Proposed Settlement, are forever barred from (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims and (ii) organizing Settlement Class Members who have not been excluded from the Settlement class into a separate class for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims. Any person in violation of this order may be subject to sanctions, including payment of reasonable attorneys' fees incurred to seek enforcement of this order.

38.     "Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether *ex contractu* or *ex delicto*, statutory, common law or equitable, including but not limited to breach of contract, bad faith, or extracontractual claims, and claims for punitive or exemplary damages, or prejudgment or postjudgment interest, arising from or relating in any way to any insufficiency in the amount of any payment made to a Settlement Class Member for sales tax with respect to any Covered Total Loss under an Automobile Insurance Policy occurring during the Class Period. Released Claims do not include any claim for enforcement of the Agreement and/or this Final Order and Judgment. In addition, each of the Named Plaintiffs also releases any claims arising from or relating in any way to any automobile insurance claim made by him or her for any Covered Total Loss under an Automobile Insurance Policy occurring during the Class Period.

39.     "Unknown Claim" means any claim and its related relief and/or damages arising out of newly discovered facts and/or facts found hereafter to be other than or different from the facts now believed to be true. The Released Claims include any and all Unknown Claims arising from or relating in any way to any insufficiency in the amount of any payment made to a Settlement Class Member for sales tax with respect to any Covered Total Loss under an Automobile Insurance Policy occurring during the Class Period. Upon the final approval of the Final Settlement, each Settlement Class Member who has not timely and properly excluded himself or herself from the Settlement Class shall be deemed to have expressly waived and released any and all Unknown Claims that he or she has or might have arising from or in any way related to the Released Claims. In addition, with respect to each of the Named Plaintiffs, the Released Claims also include any Unknown Claim arising from or relating in any way to any automobile insurance claim made by

him or her  for any Covered Total Loss under an Automobile Insurance Policy occurring during the Class Period.

40.	"Released Persons" means (a) Defendants United Services Automobile Association, USAA Casualty Insurance Company, Garrison Property and Casualty Insurance Company and USAA General Indemnity Company; (b) all of the past and present divisions, parent entities, affiliates, and subsidiaries, of the entities listed in (a) above; (c) all past and present officers, directors, agents, attorneys, employees, stockholders, successors, assigns, insurers, reinsurers, independent contractors, and legal representatives of the entities and/or Persons listed in (a) and (b) above; and (c) all of the heirs, estates, successors, assigns, and legal representatives of any of the entities or Persons listed in this Paragraph.

41.	The following constitutes highly confidential and proprietary business information of Defendants (the "Confidential Information"): (a) the names, addresses, policy and/or member numbers, and other data concerning potential Settlement Class Members compiled by Defendants and/or the Settlement Administrator in effectuating the Proposed Settlement; and (b) the electronic data processing and other record keeping procedures and materials to be utilized by Defendants and/or the Settlement Administrator in identifying the potential Settlement Class Members and effectuating Defendants' other obligations under the Agreement and/or the Proposed Settlement. The confidentiality of all Confidential Information shall be protected from disclosure by Class Counsel and/or other attorneys for Plaintiffs in this Action to any Persons other than those described in Paragraph 42 below.

42.	No Persons other than Defendants, Defendants' counsel and clerical/administrative personnel employed by them, Class Counsel and clerical/administrative personnel employed by Class Counsel, the Settlement Administrator, the Neutral Evaluator and any clerical/administrative

personnel employed by him, and such other Persons as the Court may order, after hearing on notice to all counsel of record, shall be allowed access to any Confidential Information.

43.     Within 30 days after the Effective Date, Class Counsel and/or other attorneys for Plaintiffs in this Action shall return to Defendants all Confidential Information, and all confidential documents, data, or information, and all copies thereof in their possession, custody, or control, and any other confidential documents (exclusive of documents filed with the Court) provided by Defendants to Class Counsel or anyone they employed or retained in this Action or any other similar action either in discovery or in connection with settlement negotiations and/or the Agreement. Within 45 days after the Effective Date, Class Counsel shall deliver an affidavit to Defendants certifying their compliance with this paragraph. Further, the Parties agree that neither Class Counsel, nor any one employed with, retained by, or otherwise associated with Class Counsel's firms shall use any of this Confidential Information or confidential material in any other litigation, current or future, unless independently obtained through discovery or other procedures in such other litigation. In the event that any Confidential Information or confidential documents have already been destroyed, Class Counsel will include in that affidavit the name and address of the Person(s) who destroyed the Confidential Information and/or documents.

44.     The Agreement, Proposed Settlement, and this Final Order and Judgment are not deemed admissions of liability or fault by Defendants, or a finding of any wrongdoing or violation of law by Defendants. The Agreement and Proposed Settlement are not a concession by the Parties and neither this Final Order and Judgment nor the Agreement or any other documents, exhibits, or materials submitted in furtherance of the settlement, shall be offered, received, or construed as evidence in any action or proceeding in any court, administrative panel or proceeding, or other

tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of Defendants, or for any other purpose.

45.     Neither the Agreement, nor the negotiations of the settlement, nor the settlement procedures, nor any act, statement, or document related in any way to the settlement negotiations or settlement procedures, nor any pleadings, or other document or action related in any way to the Agreement shall be (a) offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party of liability or of the certifiability of a litigation class or (b) otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class against Defendants; provided, however, that reference may be made to the Agreement and the settlement provided for therein in such proceedings as may be necessary to effectuate the provisions of the Agreement, as further set forth in the Agreement.

46.     Pursuant to Class Counsel's Application for Attorneys' Fees and Reimbursement of Costs, the Court awards Class Counsel jointly the sum of _____ in attorneys' fees and costs. In addition, the Court awards each of the Class Representatives the sum of $_____ as an Incentive Award. The Court hereby finds that these amounts are fair and reasonable. Defendants shall pay the Attorneys' Fee Award to Class Counsel and the Incentive Awards to the Class Representatives, pursuant to the terms of the Agreement.

47.     The Court reaffirms its appointment of Dahl Administration, LLC as the Settlement Administrator.

48.     The Court reaffirms its appointment of Michael T. Callahan as Neutral Evaluator to carry out the duties and responsibilities set forth in the Agreement. Neither Plaintiffs, nor Defendants, nor the Parties' counsel shall be liable for any act or omission of the Neutral Evaluator. The Parties to the Agreement, the Neutral Evaluator, the Settlement Administrator, counsel in any

capacity in which they may act under the authority of this Agreement, and any employees, representatives, or agents of such Persons or entities shall not be liable for anything done or omitted in connection with this Agreement and/or the claims administration process.

49.     Any Settlement Class Member who receives a check in connection with a claim submitted under the Agreement and does not cash that check within 180 days of its date is deemed to have withdrawn that claim, and Defendants have no obligation to pay that claim.

50.     Without in any way affecting the finality of this Final Judgment, and without affecting the proper jurisdiction of any other court to enforce the Agreement and the settlement, this Court shall retain continuing jurisdiction over this Action for purposes of:

A.     Enforcing the Agreement and the settlement;

B.     Hearing and determining any application by any Party to the Agreement for a settlement bar order; and

C.     Any other matters related or ancillary to any of the foregoing.

51.     The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments and modifications of the Agreement and all Exhibits thereto as (i) shall be consistent in all material respects with this Final Order and Judgment and (ii) do not limit the rights of Settlement Class Members.

52.     In accordance with Fed. R. Civ. P. 23, this Final Order and Judgment is a final and appealable order. There is no just reason to delay the entry of final judgment in this matter and the Clerk is directed to file this order as the final judgment in this matter.

IT IS SO ORDERED.

Dated:_____          _____
                                      Timothy J. Corrigan
                                      United States District Judge

# EXHIBIT 7

PRESS RELEASE

[DATE]

HALL & LAMPROS, LLP AND AVOLIO & HANLON, P.C.  ANNOUNCE CLASS ACTION
SETTLEMENT IN THE BASTIAN V. USAA FLORIDA SALES TAX LITIGATION

A settlement has been reached in a class action lawsuit against USAA insurance companies
brought in 2013 on behalf of over 70,000 Florida auto policyholders. The lawsuit claims that
USAA failed to pay its policyholders the full amount of sales tax owed on their first party total
loss vehicle claims in the State of Florida. USAA maintained that its procedures at all times
complied with applicable Florida law and the terms of its insurance policies, but USAA has agreed
to settle the lawsuit in order to avoid the costs and disruption of further litigation of the dispute.
The settlement provides for payments of up to approximately $34 million based on calculations by
Plaintiffs' attorneys. The lawsuit alleges that USAA improperly withheld payment of sales tax on
total loss claims until the policyholder provided proof of payment of sales tax on a replacement
vehicle.  The lawsuit alleges that USAA's practices resulted in some policyholders receiving no
sales tax payment because policyholders did not replace the vehicle or submit documentation, and
some policyholders received sales tax that was less than the sales tax claimed to be due. Some
policyholders were paid the full amount of sales tax prior to the lawsuit being filed, and will not
be entitled to payment under the settlement.

Under the settlement, United Services Automobile Association, USAA Casualty Insurance
Company, Garrison Property and Casualty Insurance Company and USAA General Indemnity
Company (together USAA) agreed to:

For each class member who submits a timely claim, USAA will determine whether sales tax is
owed under the terms of the settlement and make payment to the class member in the amount of
108% of any past sales tax amount that was not previously paid and is due under the terms of the
settlement. Not all class members are entitled to back sales tax under the settlement.  To find out
whether they are entitled to sales tax under the settlement, the class member must submit the claim
form.

USAA also agreed to no longer condition the payment of sales tax on the policyholder first
purchasing a replacement vehicle, even though USAA maintains that a Florida statute allows for
that option. As part of the settlement, USAA agrees to continue to pay sales tax on total loss
vehicles at the time of settlement of the total loss claims based on the actual cash value of the
vehicle, without requiring the policyholder to provide proof that the policyholder purchased a
replacement vehicle. USAA reserves the right to change its practice in the event of a change in
Florida law or in the terms of the applicable insurance policies.

Members of the class include present and former USAA policyholders who had auto insurance
with a USAA company and who were paid by USAA for a total loss for their automobile between
October 13, 2008 and October 15, 2016 in the State of Florida.  The name of the lawsuit is Chantal
Bastian et al. v. United Services Automobile Association et al., Case No. 3:13-cv-001454-J-
32MCR, United States District Court for the Middle District of Florida (Judge Timothy Corrigan).

Plaintiffs calculate that approximately 70% of class members can recover funds under the Settlement if they timely submit claim forms, with the average settlement payment to each of them estimated to be more than $450. Plaintiffs further calculate that approximately 30% of class members will not be eligible to recover because they were paid the full sales tax on their total loss vehicle. Any amounts owed will vary based upon the particular vehicles and prior payments by USAA. The USAA member must make a timely claim in order for USAA to determine whether they are owed back sales tax under the settlement, and to receive payment.

In this dispute over when sales tax should be paid during the total loss process, USAA changed its policy, before final settlement was reached, to no longer require members to replace a vehicle before receiving a sales tax payment.

USAA believed that its prior procedure, under which sales tax was paid based on the purchase price of the replacement vehicle, was consistent with a Florida statute and the terms of USAA's insurance policies. Although the court in this case disagreed, USAA intended to appeal that ruling until a settlement was reached.

USAA states that it agreed to settle because litigation is inherently unpredictable, extremely expensive, and disruptive of USAA's day-to-day operations.

USAA further states that sometimes it is better for USAA's membership as a whole to settle class actions so we can remain focused on serving our members.

More information relating to the settlement can be found at USAAFloridaAutoSalesTaxSettlement.com. Mailed and emailed notices to class members will be sent explaining the agreement.

Plaintiffs are represented by the law firms Hall & Lampros, LLP out of Atlanta, Georgia, and Avolio & Hanlon, PC out of St. Augustine, Florida.