## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CHANTAL BASTIAN, on behalf of
herself and all others similarly
situated, WILLIAM LAKER, and
OLIVER SUTTON,

     Plaintiffs,

v.                                                          Case No. 3:13-cv-1454-J-32MCR

UNITED SERVICES AUTOMOBILE
ASSOCIATION, USAA CASUALTY
INSURANCE COMPANY, GARRISON
PROPERTY AND CASUALTY
INSURANCE COMPANY, and USAA
GENERAL INDEMNITY COMPANY,

     Defendants.

---

## ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT AND SETTING FAIRNESS HEARING FOR OCTOBER 24, 2017

WHEREAS Plaintiffs Chantal Bastian, William Laker, Oliver Sutton, Ryann Love and Terry Smith (the "Named Plaintiffs"), individually and as Class Representatives on behalf of a proposed Settlement Class (collectively, "Plaintiffs"), and Defendants United Services Automobile Association, USAA Casualty Insurance Company, Garrison Property and Casualty Insurance Company and USAA General Indemnity Company (collectively, "Defendants"), all acting by and through their respective counsel, have agreed, subject to Court approval, to settle this Action upon the terms and conditions stated in the Class Action Settlement Agreement filed with the Court on April 25, 2017 (the "Agreement");

NOW, THEREFORE, based upon the Agreement, upon all of the files, records, and proceedings herein, including the record of the hearing held on May 18, 2017 (Doc. 132), and it appearing that a hearing should be held to determine whether the Proposed Settlement described in the Agreement should be finally approved as fair, reasonable, and adequate;

**IT IS HEREBY ORDERED THAT:**

1.      The Agreement (including Exhibits) is hereby incorporated by reference in this Order, and all terms defined in the Agreement will have the same meanings in this Order.

2.      This Court has personal jurisdiction over all Settlement Class Members (as defined in Paragraph 10 below) because the Settlement Class Members are defined as persons to whom Florida Automobile Insurance Policies were issued by Defendants. This Court has subject matter jurisdiction over this case under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because there is diversity of citizenship between at least some Settlement Class Members and the Defendants, and the amount in controversy for the proposed class exceeds $5 million.

3.      The Court preliminarily approves the Agreement (including Exhibits, as modified), finding that the Proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the Settlement Class.

4.      In deciding whether to grant preliminary approval, this Court has made a preliminary inquiry into whether the requirements of Fed. R. Civ. P. 23 for

certification of a class for settlement purposes are satisfied. Each of those requirements are satisfied here for settlement purposes.

5.      The numerosity requirement is satisfied for purposes of settlement because Defendants have produced records demonstrating that they determined that there are more than 75,000 members (policyholders) during the class period who had total loss auto claims in Florida and may be entitled to additional payment for sales tax as members of the proposed settlement class.

6.      The commonality requirement is satisfied for purposes of settlement because there is a common question of law that either Plaintiffs or Defendants might prevail on at the appellate level, regarding whether Defendants were required to pay sales tax at the time that Defendants made payment of the actual cash value of the vehicle, based on the cost of a vehicle comparable to the total loss vehicle, or were permitted to pay sales tax only when incurred under Fla. Stat. § 626.9743. This issue applies to all of the claims of the proposed settlement class, and would be a central issue on an appeal if the case were further litigated.

7.      The typicality requirement is satisfied for purposes of settlement because the Named Plaintiffs' claims are typical of those of the putative class members in that they were not paid the amount of sales tax that is claimed to be owed.

8.      The adequacy of representation requirement is satisfied for purposes of settlement. Class Counsel's declaration demonstrates that Named Plaintiffs have adequately performed their duties as class representatives. There is no evidence that the Named Plaintiffs have any conflict of interest with the Proposed Class. The

3

declaration of Class Counsel demonstrate that they have competently represented the proposed class to date, and are qualified to represent the settlement class.

9.      With respect to the requirements of Fed. R. Civ. P. 23(b)(3), for purposes of this settlement, common questions of law or fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Given that Defendants have, by agreeing to the proposed settlement, agreed to make payments of additional sales tax amounts based only upon the vehicle valuations that were previously performed, and have effectively waived, for purposes of settlement, any opportunity they may have to present evidence with regard to vehicle valuations, individualized questions do not predominate and a class action is superior to other available methods of adjudication.

10.      For purposes of determining whether the terms of the Proposed Settlement should be finally approved as fair, reasonable and adequate, the following Settlement Class is preliminarily certified for settlement purposes only:

Each and every Person who during the Class Period of October 17, 2008 through October 15, 2016:

      a.  was insured by a Defendant under a Florida Automobile Insurance Policy;

      b.  during the Class Period suffered a Covered Total Loss; and

      c.  received from a Defendant an Actual Cash Value Payment for the Covered Total Loss;

    d. excluding:

        i. claims that were the subject of any individual (non-class action) lawsuit filed during the Class Period alleging causes of action related to any Released Claims, except for the Named Plaintiffs' claims;

        ii. claims for which Defendants received an executed release during the Class Period; and

        iii. Defendants, all present or former officers and/or directors of Defendants, the Neutral Evaluator, Class Counsel, a Judge of this Court, and Defendants' counsel of record.

The term "Florida Automobile Insurance Policy" means a Florida policy of insurance issued by a Defendant, in effect during the Class Period, providing first-party physical damage coverage for a private passenger automobile. The term "Actual Cash Value Payment" means a payment made by a Defendant that was based on an estimate of the amount it would cost, at the time of loss, to buy a comparable vehicle, i.e., a vehicle of the same make, model, model year, body type, and options with substantially similar mileage and physical condition, minus any applicable deductible. An Actual Cash Value Payment made by a Defendant may or may not have included sales tax. The term "Covered Total Loss" means a vehicle that sustained damage that occurred within the Class Period, was determined by a Defendant or by a court or arbitrator of competent jurisdiction to be covered by a Florida Automobile Insurance Policy issued by a Defendant, resulting in an Actual Cash Value Payment by the Defendant.

Defendants shall retain all rights to assert that the Action may not be certified as a class action except for settlement purposes.

11.    The Named Plaintiffs are preliminarily appointed as representatives of the Settlement Class ("Class Representatives"), and the following attorneys for Plaintiffs are preliminarily appointed as counsel for the Settlement Class ("Class Counsel"):

> Christopher B. Hall
> Hall & Lampros, LLP
> 1230 Peachtree Street, NE
> Suite 950
> Atlanta, GA 30309
> Tel. 404-876-8100
>
> Tracy L. Markham
> Avolio & Hanlon, P.C.
> 2800 N 5th Street, Suite 302
> St. Augustine, FL 32084
> Tel. 904-794-7005

12.    The Parties have prepared the Mailed Notice, Emailed Notice, Claim Form and Electronic Claim Form, which have been submitted to the Court as Exhibits 2 through 5, respectively, to the Agreement. Certain changes were made to the Mailed Notice at the Court's request, and minor changes were made to the Emailed Notice to insert applicable dates. The Court has carefully reviewed and hereby approves, as revised, the Mailed Notice (redline version of Doc. 134-1 at 18-34 attached to this Order), Emailed Notice (Doc. 134-1 at 36-38), Claim Form (Doc. 129-1 at 80-82), and Electronic Claim Form (Doc. 129-1 at 84-86) as to form and content and directs that they be disseminated without material alteration (and, with respect to the functionality of the Electronic Claim Form, as further described in Paragraph 73 of

6

the Agreement), unless otherwise modified by agreement of the Parties and approved by the Court. The Settlement Administrator may make nonsubstantive changes to the formatting of the Mailed Notice, Emailed Notice, Claim Form and Electronic Claim Form that in the judgment of the Settlement Administrator enhance the readability of those documents. The Court directs that the Mailed and Emailed Notice and Claim Form be sent to the Persons described and in the manner set forth in Paragraph 53 of the Agreement and, for Mailed Notices returned, directs the Settlement Administrator to follow the procedures set out in Paragraph 54 of the Agreement.

13.     Specifically, as soon as practicable after the preliminary approval of the Proposed Settlement, Defendants shall make a reasonable search of their computer/electronic databases to ascertain the name and last-known physical mailing address and email address of each potential Settlement Class Member. Before mailing and emailing the Mailed and Emailed Notice and Claim Form, the Settlement Administrator shall run these physical mailing addresses once through the National Change of Address Database ("NCOA") to attempt to obtain a more current name and/or address for each potential Settlement Class Member. The Settlement Administrator may also perform such further reasonable search for a more current name and/or physical mailing address for the potential Settlement Class Member, including potentially a search of the Experian database and skip tracing, in the discretion of the Settlement Administrator. The Settlement Administrator shall not be required to perform any searches for additional e-mail addresses, but shall use only those e-mail addresses provided by Defendants. The Settlement Administrator shall

send a copy of the Mailed Notice and a Claim Form by first-class mail, and shall send the Emailed Notice by email, to each potential Settlement Class Member identified as a result of the above search(es). Defendants and the Settlement Administrator shall use their best efforts to complete the mailing of the Mailed and Emailed Notice and Claim Form to potential Settlement Class Members by June 30, 2017.

14.     If any Mailed Notice and/or Claim Form mailed to any potential Settlement Class Member is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall promptly log each Mailed Notice and/or Claim Form that is returned as undeliverable and provide copies of the log to Defendants and Class Counsel as requested. If the mailing is returned to the Settlement Administrator with a forwarding address, the Settlement Administrator shall forward the mailing to that address. For the remaining returned mailings, if an Experian search and/or skip tracing was not previously conducted for those mailings, such a search shall be conducted by the Settlement Administrator and those mailings shall be forwarded to any new address obtained through such a search. The Settlement Administrator shall not be required to log any e-mail notices returned by any e-mail system or automated reply. In the event that any Mailed Notice is returned as undeliverable a second time, no further mailing shall be required. The Court finds that the procedures set forth herein constitute reasonable and the best practicable notice under the circumstances and an appropriate and sufficient effort to locate current addresses of Settlement Class Members. Defendants and the Settlement

Administrator shall provide Class Counsel such reasonable access to the notice process as they may request to monitor compliance with the notice campaign.

15.    To be timely, Claim Forms must be postmarked on or before the Claims Submission Deadline, which is November 23, 2017 (30 days after the Fairness Hearing). Any Claim Form postmarked after the Claims Submission Deadline shall be deemed untimely. The Electronic Claim Form must be submitted electronically on or before 11:59 pm Eastern Standard Time on the date of the Claim Submission Deadline, after which point the Settlement Administrator shall deactivate the Electronic Claim Form.

16.    Dahl Administration, LLC is preliminarily appointed as the third-party Settlement Administrator.

17.    Michael T. Callahan is preliminarily appointed as the Neutral Evaluator.

18.    In addition to the Mailed and Emailed Notice mailed in accordance with Paragraphs 12-14 above, the Settlement Administrator shall establish a website as described in Paragraph 56 of the Agreement and post the Agreement, Mailed Notice, Claim Form, Electronic Claim Form (with the functionality provided for in the Agreement), Preliminary Approval Order, frequently asked questions, and other information agreed to by the Parties; the website shall be maintained for at least 180 days after the Claims Submission Deadline. The website shall also contain Spanish translations of the Mailed Notice and Claim Form. Furthermore, the Settlement Administrator shall maintain a toll-free VRU telephone system containing recorded answers to frequently asked questions, along with an option permitting potential

Settlement Class Members to speak to live operators or to leave messages in a voicemail box, as provided in the Agreement.

19.     The costs of providing the dissemination of notice as required by Paragraphs 13-14 above shall be borne by Defendants as provided in the Agreement.

20.     The Court preliminarily finds that the notice provided to potential Settlement Class Members (including the Mailed and Emailed Notice and the settlement website) (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and of their right to object or to exclude themselves from the Proposed Settlement; and (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice.

21.     The Court further finds that the Class Action Fairness Act Notice provided by the Settlement Administrator on behalf of Defendants pursuant to Paragraph 59 of the Agreement, as verified in the Declaration of Kimberly N. Ness, was in compliance with 28 U.S.C. § 1715(b), and that the Class Action Fairness Act Notice was given more than 90 days prior to any order of final approval, in accordance with 28 U.S.C. § 1715(d).

22.     Potential Settlement Class Members who wish to exclude themselves from the Settlement Class must submit timely, written requests for exclusion as set forth in the Agreement and Mailed and Emailed Notice. To be effective, such a request must include the Settlement Class Member's name and address, a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from

the Settlement Class, and the signature of the Settlement Class Member or his or her Legally Authorized Representative. The request must be mailed to the Administrator at the address provided in the Mailed and Emailed Notice and must be postmarked no later than August 30, 2017 (60 days after the Mailed Notice Date). Requests for exclusion must be filed individually by the Settlement Class Member or his or her Legally Authorized Representative. This does not prevent an attorney from representing more than one individual who wants to be excluded.

23.     No later than 7 days before the Fairness Hearing, the Settlement Administrator shall file proof of mailing of the Mailed and Emailed Notice, along with the Opt-Out List, which shall be a list of all Persons who timely and properly requested exclusion from the Settlement Class, and an affidavit or declaration attesting to the accuracy of the Opt-Out List.

24.     Potential Class Members who submit timely and valid requests for exclusion in the manner set forth in the Mailed and Emailed Notice and the Agreement shall be excluded from the Settlement Class. Such Persons shall have no rights under the Proposed Settlement, shall not share in any distribution of funds under the Proposed Settlement, and shall not be bound by the Proposed Settlement or by any Final Order and Judgment approving the Proposed Settlement.

25.     All Settlement Class Members who do not submit a timely, written request for exclusion in the manner set forth in the Mailed and Emailed Notice and Agreement shall be bound by any Final Order and Judgment entered, even if such Settlement Class Member never submitted a claim pursuant to the Proposed

Settlement, and if final approval of the Proposed Settlement is granted, they shall be barred, now and in the future, from asserting any of the Released Claims, as defined in the Agreement, against any Released Persons, as defined in the Agreement. If a Final Order and Judgment is entered approving the Proposed Settlement, all Settlement Class Members who have not made timely, written requests for exclusion shall be conclusively deemed to have fully and finally released all of the Released Persons from any and all Released Claims.

26.   Settlement Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement. Settlement Class Members who choose to object to the Proposed Settlement must file written notices of intent to object or intervene, as described in the Agreement and below. Any Settlement Class Member who has timely filed an objection in compliance with the Agreement and this Order may appear at the Fairness Hearing, in person or by counsel, and be heard to the extent allowed by the Court. The objection to the Proposed Settlement must be filed individually by the Settlement Class Member or his or her attorney or his or her Legally Authorized Representative. This does not prevent an attorney from representing more than one individual who wants to object to the Proposed Settlement.

27.   To be timely, any objection or motion to intervene must be postmarked and mailed to the Settlement Administrator, and filed with the Court, no later than August 30, 2017, which is sixty (60) days after the Mailed Notice Date. Any untimely objection or motion to intervene may not be considered, in the discretion of the Court.

28.     A notice of intent to object to the Proposed Settlement should also:

    a.  Contain a heading which includes the name of the case and case number;

    b.  Provide the name, address, telephone number, and signature of the Settlement Class Member filing the objection;

    c.  Indicate the specific reasons why the Settlement Class Member objects to the Proposed Settlement;

    d.  Contain the name, address, bar number, and telephone number of the objecting Settlement Class Member's counsel, if represented by an attorney. If the Settlement Class Member is represented by an attorney, he or she must comply with all applicable rules of the Court; and

    e.  State whether the objecting Settlement Class Member intends to appear at the Fairness Hearing, either in person or through counsel.

A lack of substantial compliance with these requirements may result in the objection not being considered by the Court.

29.     In addition, a notice of intent to object should contain the following additional information, if the Settlement Class Member or his/her or its attorney requests permission to speak at the Fairness Hearing:

    a.  A statement of the specific legal and factual basis for each objection;

    b.  A list of any and all witnesses whom the Settlement Class Member may seek to call at the Fairness Hearing, with the address of each witness and a summary of his or her proposed testimony;

    c.  A description of any and all evidence the Settlement Class Member may seek to offer at the Fairness Hearing, including photocopies of any and all exhibits which the objector may seek to introduce at the Fairness Hearing;

    d.  A list of any legal authority the Settlement Class Member will present at the Fairness Hearing; and

    e.  Documentary proof of membership in the Settlement Class.

A lack of substantial compliance with these requirements may result in the Court declining the Settlement Class Member or his/her or its attorney permission to speak or present evidence or testimony at the Fairness Hearing. The scope of any presentation, evidence or testimony allowed at the Fairness Hearing will be in the discretion of the Court, consistent with the rules of court and this Order.

30.     Settlement Class Members have the right to exclude themselves from the Proposed Settlement and pursue a separate and independent remedy against Defendants by complying with the exclusion provisions set forth herein. Settlement Class Members who object to the Proposed Settlement shall remain Settlement Class Members, and have voluntarily waived their right to pursue an independent remedy against Defendants. To the extent any Settlement Class Member objects to the Proposed Settlement, and such objection is overruled in whole or in part, such

Settlement Class Member will be forever bound by the Final Order and Judgment of the Court.

31.     The Court directs the Settlement Administrator to rent a post office box to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications, and provides that only the Settlement Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise expressly provided in the Agreement or by further order of the Court. The Court also directs the Settlement Administrator promptly to furnish Class Counsel and Counsel for Defendants copies of any and all objections, written requests for exclusion, motions to intervene, notices of intention to appear, or other communications that come into its possession, as set forth in the Agreement.

32.     Class Counsel agree, and the Court finds, that any representation, encouragement, solicitation, or other assistance, including but not limited to referral to other counsel, to any Person seeking exclusion from the Settlement Class, or any other Person seeking to litigate with the Released Persons over any of the Released Claims in this matter, prior to the Fairness Hearing, could place Class Counsel in a conflict of interest with the Settlement Class. Accordingly, Class Counsel and their respective firms shall not represent, encourage, solicit, or otherwise assist, in any way whatsoever, including but not limited to referrals to other counsel, any Person requesting exclusion from the Settlement Class or seeking to litigate with the Released Persons over any of the Released Claims.

33.     The Proposed Settlement is not to be deemed an admission of liability or fault by Defendants or by any other Person, or a finding of any wrongdoing or of any violation of law by Defendants, or an admission by Defendants that the Action is or should be certified as a litigation class. The fact of this Proposed Settlement, the Agreement (including Exhibits), and any documents, attachments, or other materials submitted to the Court in furtherance of this proposed settlement shall not be offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal as an admission or concession by Defendants of any liability or fault by Defendants, or of any wrongdoing or violation of law by Defendants, or that the Action is or should be certified as a class action. If final approval of the Proposed Settlement is not granted, or if the Agreement and Proposed Settlement are terminated or disapproved in whole or in part by this Court, and/or any other court of review, or if the agreement to settle is revoked by any Party pursuant to Paragraphs 92-95 of the Agreement, then this Order and all actions associated with preliminary certification, including but not limited to the above description and preliminary certification of the Settlement Class and the preliminary appointment of the Class Representatives and Class Counsel, shall be vacated upon motion and Order of the Court. In such event, the Agreement and the fact that it was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including the "certifiability" of any class, as discussed in Paragraphs 47, 94, and 108-110 of the Agreement; and Defendants shall retain the right to object to the

16

maintenance of the Action and/or any other case as a class action and to contest the Action and/or any other case on any grounds.

34.     **The Court will hold a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the Proposed Settlement on October 24, 2017 at 2:00 p.m., at the Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202.** During the Fairness Hearing, the Court will consider whether the proposed settlement described in the Agreement should be approved as fair, reasonable, and adequate, and whether the Court should enter the proposed Final Order and Judgment approving the Proposed Settlement and dismissing this Action on the merits, with prejudice. The Court will also consider the amount of any Attorneys' Fee Award and whether to make and the amount of any Incentive Awards to the Named Plaintiffs. The Fairness Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to Settlement Class Members other than on the settlement website, and the Court's docket.

35.     Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

36.     The Court **GRANTS** the Joint Motion for Preliminary Approval of Class Action Settlement. (Doc. 129).

37.     The Court stays all proceedings in this Action until further Order of the Court, except that the Parties may conduct such limited proceedings as may be necessary to implement the Proposed Settlement or to effectuate the term of the Agreement.

17

**DONE AND ORDERED** in Jacksonville, Florida the 5th day of June, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA**

**A class action settlement
involving USAA automobile insurance
may provide payments to those who qualify.**

*A court authorized this Notice.
This is not a solicitation from a lawyer.
You are not being sued.*

**If you are a Class Member, your legal rights are affected whether you act or don't                                                                        act.**

**PLEASE READ THIS NOTICE AND THE ENCLOSED CLAIM FORM CAREFULLY. You may be eligible for a payment if you qualify and timely submit a valid Claim Form or Electronic Claim Form. You were sent this Notice because USAA's records show that you may have been insured by USAA and had at least one total loss auto insurance claim during the period October 17, 2008 through October 15, 2016, and you may not have received the full amount of sales tax due under the terms of this settlement.** If you are eligible for payment, the settlement will provide payment to you of the amount of sales tax that would be due upon purchase of a comparable vehicle minus the amount paid to you for sales tax (if any) by USAA. Florida sales tax during the relevant time period has been between 6-7.5% of the actual cash value of the vehicle. **If you have questions, please contact the Settlement Administrator at [toll-free number] or [email address] or [web address].  Please do not contact USAA regarding this settlement. If you contact USAA regarding the settlement, they will refer you to the Settlement Administrator.**

This Notice provides information about a proposed settlement in a class action lawsuit concerning whether USAA insurance companies United Services Automobile Association, USAA Casualty Insurance Company, Garrison Property and Casualty Insurance Company and USAA General Indemnity Company (collectively, "USAA") have properly included sales tax when paying claims for Total Losses under Automobile Insurance Policies in the State of Florida. USAA denies any wrongdoing.

---

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT [website].
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR [website].
-1-

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment under the settlement. |
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you to ever be a part of any other lawsuit against the Defendants about the legal claims in this case. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no payment. Give up rights. |

These rights and options, and the deadlines to exercise them, are explained in this Notice.

The Court in charge of this case still has to decide whether to approve this settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**

1.  Why was this Notice issued?
2.  Which USAA Companies are part of the settlement?
3.  What is this lawsuit about?
4.  What is a Total Loss?
5.  What is an Actual Cash Value Payment?
6.  What is a Florida Automobile Insurance Policy?
7.  Why is this a class action?
8.  Why is there a settlement?

**WHO IS IN THE SETTLEMENT**

9.  How do I know if I am part of the settlement?
10. Are there exceptions to being included?
11. Understanding Class membership.
12. I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY**

13. What does the settlement provide?
14. How do I qualify for a payment?
15. How much will payments be?

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM**

16. How can I get a payment?
17. When will I get my payment?
18. What if I disagree with the amount of my payment?
19. What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

20. How do I get out of the settlement?
21. If I don't exclude myself, can I sue the Defendants for the same thing later?
22. If I exclude myself, can I get a payment from this settlement?

**THE LAWYERS REPRESENTING YOU**

23. Do I have a lawyer in the case?
24. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**

25. How do I tell the Court that I don't like the settlement?
26. What's the difference between objecting and excluding yourself?

**THE COURT'S FAIRNESS HEARING**

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT [website].
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR [website].

27.  When and where will the Court decide whether to approve the settlement?
28.  Do I have to come to the Hearing?
29.  May I speak at the Hearing?

**IF YOU DO NOTHING**

30.  What happens if I do nothing at all?

**GETTING MORE INFORMATION**

31.  How do I get more information about the settlement?

| BASIC INFORMATION |
|---|

| 1.  Why was this Notice issued? |
|---|

The Court authorized this Notice because you have a right to know about a proposed settlement of this class action, including the right to make a claim for monetary payment, and about all of your options, before the Court decides whether to give "final approval" to the settlement. If the Court approves the parties' Class Action Settlement Agreement ("Settlement Agreement"), and after any objections and appeals are resolved, payments will be made to those who qualify and submit a valid claim.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available under the settlement, who is eligible for them, and how to get them.

Judge Timothy J. Corrigan of the United States District Court for the Middle District of Florida is overseeing this class action. This case is known as *Chantal Bastian et al. v. United Services Automobile Association et al.,* Case No. 3:13-cv-001454-J-32MCR. The persons who sued are called the Plaintiffs, and the companies they sued are called the Defendants.

| 2.  Which USAA companies are part of the settlement? |
|---|

This settlement includes United Services Automobile Association, USAA Casualty Insurance Company, Garrison Property and Casualty Insurance Company and USAA General Indemnity Company. This Notice also sometimes refers to these USAA companies as "USAA" or "Defendants."

| 3.  What is this lawsuit about? |
|---|

The lawsuit claims that USAA or persons acting on its behalf improperly failed to include the appropriate amount of sales tax when making some Actual Cash Value Payments, in adjusting claims for Total Losses under Florida Automobile Insurance Policies, during the period from October 17, 2008 through October 15, 2016.

USAA maintains that it complied with the terms of the insurance policies and applicable law. USAA has denied all allegations that it acted wrongfully or unlawfully.

| 4.  What is a Total Loss? |
|---|

A Total Loss is a vehicle damaged in an accident that USAA has determined to be a total loss and for which it has issued an Actual Cash Value Payment. One reason why USAA determines that a vehicle is a total loss is if the cost to repair the vehicle would be greater than its actual cash value minus its salvage value after the loss. A vehicle that is a Total Loss often is referred to as a "totaled vehicle."

| 5.  What is an Actual Cash Value Payment? |
|---|

An Actual Cash Value Payment means a payment made by USAA under a Florida Automobile Insurance Policy that was based on an estimate of the amount that it would cost, at the time of loss, to buy a comparable vehicle, i.e., a vehicle of the same make, model, model year, body type, and options with substantially similar mileage and physical condition, minus any applicable deductible. USAA's records reflect that you likely received an Actual Cash Value Payment on a Total Loss vehicle, but the records maintained by USAA on your claim have not yet been reviewed to determine whether USAA included or did not include payment for sales tax.

| 6.  What is a Florida Automobile Insurance Policy? |
|---|

A Florida Automobile Insurance Policy is a Florida policy of insurance issued by a Defendant, in effect during the Class Period, providing first-party physical damage coverage for a private passenger automobile.

| 7.  Why is this a class action? |
|---|

In a class action lawsuit, one or more people called "Class Representatives" (in this case, Chantal Bastian, William Laker, Oliver Sutton, Ryann Love and Terry Smith) sue on behalf of people who have similar claims. The people together are a "Class" or "Class Members." One court resolves the issues for everyone in the Class, except for those people who choose to exclude themselves from the Class.

| 8.  Why is there a settlement? |
|---|

**_The Court did not reach a judgment in favor of Plaintiffs or Defendants._** Instead, both sides agreed to a settlement. That way, they avoid the risk and cost of a trial, and the people affected will get compensation. The Class Representatives and Class Counsel think that the settlement is in the best interests of the Class and that the settlement is fair, adequate, and reasonable.

| WHO IS IN THE SETTLEMENT |
|---|

To see if you are eligible under this settlement, you first have to decide if you are a member of the Class explained below.

| 9.  How do I know if I am an eligible Class Member and part of the settlement? |
|---|

USAA's records indicate that you likely are a member of the class and that you may be eligible for payment. The Class includes everyone who is, or was, insured under a Florida Automobile Insurance Policy issued by USAA that:

- suffered one or more Total Losses to their vehicles during the period from October 17, 2008 through October 15, 2016 that was determined to be covered by USAA; and

- received from USAA an Actual Cash Value Payment(s); and

See Question 10, below, for exceptions to the Class definition. Also, a complete definition of the Settlement Class can be found at Paragraph 36 of the Settlement Agreement (available at [website]).

| 10.  Are there exceptions to being included? |
|---|

You are not included in the settlement if (i) you filed a lawsuit against USAA relating to payment or handling of the Total Loss claim that would otherwise be the subject of your claim in this settlement; (ii) you asserted any claims relating to your Total Loss claim that would otherwise be the subject of your claim in this settlement, for which USAA received an executed release; or (iii) you are a present or former officer and/or director of USAA, the Neutral Evaluator, Class Counsel, a Judge of the Court, or Defendants' counsel of record.

| 11.  Understanding Class Membership |
|---|

USAA's general practice with respect to paying claims for Total Losses of vehicles in Florida during the applicable time period was to pay sales tax on the claim only if the USAA member (policyholder) purchased a replacement vehicle and paid sales tax on the replacement vehicle. USAA would pay the lesser of the sales tax on the insured (damaged) vehicle as compared to the sales tax paid on the replacement vehicle.  If you purchased a replacement vehicle that was equal to or greater than the value of your insured (damaged) vehicle, and notified USAA of that purchase and submitted information concerning the amount of tax paid, USAA may have paid you the full amount of sales tax, and you may not be entitled to any payment in this settlement. Otherwise, if you had a claim for a Total Loss of your vehicle and you did not replace your vehicle or you did not tell USAA you replaced your vehicle, or you replaced your vehicle with a vehicle that was less expensive than the Actual Cash Value of your damaged vehicle, you may be entitled to payment for sales tax, in whole or in part, in this settlement. If you are unsure or do not remember whether sales tax was paid on your claim, you may submit a Claim Form and USAA will review its records to determine what, if any, amounts you are entitled to under this settlement.

This series of questions may also help you determine if you are a Class Member. Please answer all of the questions in order.

| Question | Yes or Not Sure | No |
|---|---|---|
| Do you or did you have a Florida Automobile Insurance Policy from United Services Automobile Association, USAA Casualty Insurance Company or USAA General Indemnity Company? | Continue to next question. | You are not a Class Member. |
| Did you have a Total Loss of a vehicle that was covered under a Florida Automobile Insurance Policy issued by one of the USAA | Continue to next question. | You are not a Class Member. |

| | | |
|---|---|---|
| companies listed above, and occurred during the period from October 17, 2008 through October 15, 2016? | | |
| Did you receive an Actual Cash Value Payment from USAA for your claim? | Continue to next question. | You are not a Class Member. |
| **Question** | **Yes** | **No or Not Sure** |
| Did you file a lawsuit against USAA relating to payment or handling of the Total Loss claim that would be the subject of your claim in this settlement? | You are not a Class Member. | Continue to next question. |
| Did you provide an executed release to USAA for your claim that would be the subject of your claim in this settlement? | You are not a Class Member | You could be a Class Member. |

**12. I'm still not sure if I am included?**

   If you are still not sure whether you are included, you can get free help. You can call the Settlement Administrator toll-free at _____; send an e-mail to _____; or visit [website] for more information. Or you can fill out and return the Claim Form enclosed with this Notice or the Electronic Claim Form available at [wesite] to see if you qualify. **Questions about the settlement should be directed to the Settlement Administrator. You should NOT contact USAA to ask questions about the settlement or about the payments made on your claim.**

   There will be no penalty if you submit a Claim Form or Electronic Claim Form in good faith and it is later determined that you are not eligible to be included.

**THE SETTLEMENT BENEFITS – WHAT YOU GET IF YOU QUALIFY**

**13. What does the settlement provide?**

The settlement will pay to compensate eligible Class Members for Defendants' alleged improper failure, in making some Actual Cash Value Payments on Total Loss vehicles, to include the full amount of sales tax that would be paid if purchasing a vehicle comparable to the damaged vehicle, plus 8% of that amount . See Question 15 below for further details. The total cash

benefit available to Settlement Class Members exceeds $34 million. Defendants also have agreed to additional relief from which you may benefit. The Settlement benefits are described in further detail in the Settlement Agreement, which is available at [website].

| 14.  How do I qualify for a payment? |
| --- |

If you submit a Claim Form, USAA will review its records to determine whether you qualify for a payment. You may qualify for a payment if (i) you suffered a Total Loss to your vehicle during the period from October 17, 2008 through October 15, 2016 that resulted in an Actual Cash Value Payment by USAA under a Florida Automobile Insurance Policy; and (ii) you did not receive, as part of your payment(s) from USAA, an amount equal to the amount of sales tax that you would have paid if you had purchased a vehicle comparable to your damaged vehicle.

| 15.  How much will payments be? |
| --- |

Eligible Class Members will receive a payment calculated by: (1) determining the Full ACV Sales Tax for the vehicle that was a Total Loss; subtracting (2) any amount of sales tax that was included in any prior payment made by USAA on the claim; and then adding (3) an additional amount of eight percent (8%) of the amount calculated by subtracting the amount in part (2) from the amount in subpart (1). For example, if the Full ACV Sales Tax was $600.00 and a prior payment included $200.00 for sales tax, the Eligible Class Member will receive a payment of $432.00, calculated as follows:

Full ACV Sales Tax = $600

Prior sales tax payment = $200

$600 - $200 = $400

$400 x 8% = $32

Amount paid to Eligible Class Member = $400 + $32 = $432.

Not every person receiving this Notice and submitting a completed a Claim Form or Electronic Claim Form will receive a payment.  If USAA already paid the Full ACV Sales Tax on your claim, you will not receive any payment as a result of this settlement.

Plaintiffs' Counsel has calculated that approximately 70% of claimants did not receive the full sales tax amount and for those claimants has estimated that the average amount that may be claimed in this settlement is more than $450. Plaintiffs' Counsel has further calculated that approximately 30% of claimants may have already received the full sales tax amount from USAA and may not be eligible to recover any payment in this settlement.

"Full ACV Sales Tax" means the amount of sales tax that would be paid upon purchase, in the state and county where you had your principal residence at the time of the Total Loss, of a comparable vehicle, i.e., a vehicle of the same make, model, model year, body type, and options

with substantially similar mileage and physical condition as the vehicle which suffered the Total Loss. Where the Actual Cash Value Payment made by USAA was based upon a market valuation report prepared by CCC Information Services, Inc., the amount of sales tax shown on that report will be the Full ACV Sales Tax for purposes of this settlement, unless the amount of sales tax shown on that report is clearly erroneous.

---

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**

---

**16.  How can I get a payment?**

To be eligible to receive a payment, you must mail in a valid and timely Claim Form or submit an Electronic Claim Form on the Internet at [website].

**1.     To Submit Your Claim by Mail:**

A paper Claim Form is included in this mailing and titled "CLAIM FORM." You may also get a paper Claim Form on the Internet at [website], or by calling _____, or by sending an e-mail to _____ and asking for one.

You should read the instructions on the Claim Form carefully and fill out the entire Claim Form. You also must sign your Claim Form under penalty of perjury.

If you have any questions relating to the claim form, you may call __ to have any questions answered.

You must mail the Claim Form **postmarked no later than November 23, 2017** to the following address:

[insert settlement administrator address]

Do not send a copy of the Claim Form to the Court, the Judge, or the Defendants.

**2.     To Submit Your Claim Electronically at [website]:**To make a claim on the website, you must go to the website [WEBSITE] and click the "Electronic Claim Form" button. You then will be asked to enter your CLAIMANT ID and your last name or the last name of the USAA member if you are not the USAA member.  Your CLAMANT ID is at the top of the printed Claim Form enclosed in your mailing.   Your CLAIMANT ID also has been emailed to you at your last known email address.  If you cannot find your CLAIMANT ID, you can call [TOLL FREE] for assistance.

After you enter your CLAIMANT ID and your last name (or the last name of the USAA member, if you are not the USAA member), you will be able to sign and submit an Electronic Claim Form electronically from the website. You should read the instructions on the Electronic Claim Form carefully and verify or fill out the entire Claim Form. You also must sign your Electronic Claim Form with your electronic signature under penalty of perjury.

---

If you have any questions relating to the claim form, you may call __ to have any questions answered.

The deadline to submit the Electronic Claim Form is 11:59 p.m. Eastern Standard Time on November 23, 2017. After that point in time, the Electronic Claim Form will be deactivated.

Please note that, with a few exceptions, only a Class Member can submit a Claim Form. The only exceptions are that Claim Forms may be submitted on behalf of an individual Class Member by his or her "Legally Authorized Representative." A Legally Authorized Representative means an administrator/administratrix, personal representative, or executor/executrix of a deceased Class Member's estate; a guardian, conservator, or next friend of an incapacitated Class Member; or any other legally appointed person or entity responsible for handling the business affairs of a Class Member. If you have a personal lawyer, your lawyer may assist you with your Claim Form, but you must sign the Claim Form, unless the lawyer is your Legally Authorized Representative.

Claim Forms or Electronic Claim Forms submitted as part of a group effort, or by or on behalf of a class of persons, are invalid and ineffective.

| **17.  When will I get my payment?** |
|---|

The payments will be mailed to eligible Class Members who send in valid claim forms on time, after the Court grants "final approval" of the settlement, any appeals are resolved, and the claims administration process described in Paragraphs 76-77 of the Settlement Agreement is completed.

The Court will hold a hearing on **October 24, 2017, at 2:00 p.m.** to decide whether to approve the settlement. If the Court approves the settlement (see the section "The Court's Fairness Hearing" below), there may be appeals. If there is an appeal, resolving it can take time. Please be patient. Please check the settlement website, _____, for updates and other important information about the settlement, or call _____ toll-free or send an e-mail to _____.

| **18.  What if I disagree with the amount of my payment?** |
|---|

There is a process in the settlement to resolve disagreements between you and Defendants over whether you are eligible and how much money you should get. You will get further details in the letter you receive about your claim in the settlement. See Paragraphs 76-77 of the Settlement Agreement (available at [website]) for more information, or you can contact the Settlement Administrator at _____ or [e-mail address].

| **19.  What am I giving up to get a payment or stay in the Class?** |
|---|

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue or be part of any other lawsuit against Defendants about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you submit a Claim

Form, or simply stay in the Class, you will agree to "release and discharge" USAA for any claims relating to any insufficiency in the amount of any payment for sales tax on your insured (damaged) vehicle, as described in Paragraphs 32-34, 39 and 63-64 of the Settlement Agreement.

A complete copy of the Settlement Agreement can be obtained at [website]. The Settlement Agreement specifically describes the Released Claims in necessarily accurate legal terminology. Talk to Class Counsel (see the section on "The Lawyers Representing You") or your own lawyer if you have questions about the Released Claims or what they mean.

| **EXCLUDING YOURSELF FROM THE SETTLEMENT** |
| --- |

If you don't want a payment from this settlement, but you want to keep the right to sue Defendants on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as "opting out" of the Class.

| **20.  How do I get out of the settlement?** |
| --- |

To exclude yourself from the settlement, you must send a letter to the Settlement Administrator by first-class mail with a clear statement that you want to be excluded from the *Bastian v. United Services Automobile Association* settlement.

Be sure to include your name, address, telephone number, and your signature. If you are sending the request to be excluded as the "Legally Authorized Representative" of a Class Member (see Question 16 above for the definition of "Legally Authorized Representative"), you must include any information or documents that confirm your appointment or status as a Legally Authorized Representative. Requests for exclusion must be submitted individually by a Class Member or his or her Legally Authorized Representative, and not on behalf of a group or class of persons. If you have a personal lawyer, your lawyer may assist you with your exclusion request, but you must sign the exclusion request, unless the lawyer is also your Legally Authorized Representative.

You must mail your exclusion request **postmarked no later than August 30, 2017,** to:

[insert address]

You can't exclude yourself on the phone, by e-mail, or on the website. If you ask to be excluded, you will not get any money from the settlement, and you cannot object to the settlement or intervene in the case. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) the Defendants.

| **21.  If I don't exclude myself, can I sue the Defendants for the same thing later?** |
| --- |

No. Unless you exclude yourself, you give up any right to sue Defendants with respect to any insufficiency in the amount of sales tax included in any payment made on your insured (damaged) vehicle. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately.

Remember, the exclusion deadline is August 30, 2017.

| **22.  If I exclude myself, can I get a payment from this settlement?** |
|---|

No. If you exclude yourself, do not send in a Claim Form or Electronic Claim Form to ask for any money.

| **THE LAWYERS REPRESENTING YOU** |
|---|

| **23.  Do I have a lawyer in this case?** |
|---|

The Court has appointed the following law firms to represent you and other Class Members:

> Christopher B. Hall
> Hall & Lampros, LLP
> 1230 Peachtree Street, NE
> Suite 950
> Atlanta, GA 30309
> Tel. 404-876-8100

> Tracy L. Markham
> Avolio & Hanlon, P.C.
> 2800 N 5th Street, Suite 302
> St. Augustine, FL 32084
> Tel. 904-794-7005

These lawyers are called Class Counsel. You will not be charged for services performed by Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **24.  How will the lawyers be paid?** |
|---|

Class Counsel will ask the Court to approve a payment of up to $5,100,000.00 for attorneys' fees and expenses. Class Counsel will also ask for a payment of up to $10,000 each to Chantal Bastian, William Laker, and Oliver Sutton, and up to $8,000 each to Ryann Love and Terry Smith, for their services as Class Representatives. The Court may award less than these amounts. Defendants have agreed not to oppose the request for fees and expenses up to these amounts. Defendants will also pay all costs to administer the settlement and the fees and costs of the Neutral Evaluator. None of these amounts will reduce the amounts distributed to eligible Class Members.

| **OBJECTING TO THE SETTLEMENT** |
|---|

If you are a Class Member and do not exclude yourself, you can tell the Court that you don't agree with the settlement or some part of it.

| **25.  How do I tell the Court that I don't like the settlement?** |
| --- |

If you're a Class Member (or a Class Member's Legally Authorized Representative), and you haven't excluded yourself from the settlement, you can object to the proposed settlement if you don't like it, or try to intervene in the case. However, you cannot object if you have excluded yourself. In other words, you must stay in the case as a Class Member in order to object or to intervene in the case.

You can give reasons why you think the Court should not approve the settlement. The Court will consider your views. To object, you must (a) **mail** your objection to the Settlement Administrator **and** (b) **file** it with the Court. To be timely, your objection must be mailed to the Settlement Administrator so that it is **postmarked** by August 30, 2017, and must be **filed** with the Court by no later than August 30, 2017, at the following addresses:

| **Address of Settlement Administrator:** | **Address of Court:** |
| --- | --- |
| [insert] | Clerk |
| | U.S. District Court |
| | 300 N. Hogan St. |
| | Jacksonville, FL 32202 |

Note: You may mail your objection to the Court, but it must be **received** by the Court **and filed** by August 30, 2017. See Paragraphs 101-107 of the Settlement Agreement for more information on how to object to or intervene in the settlement.

Your objection must include all of the following: (a) contain a heading which includes the name of the case and case number *(Bastian v. United Services Automobile Association,* Case No. 3:13-cv-001454-J-32MCR); (b) provide your full name, address, telephone number, and signature; (c) indicate the specific reasons why you object to the settlement; (d) contain the name, address, bar number, and telephone number of your counsel, if you're represented by an attorney; if you are represented by an attorney, he/she or it must comply with all applicable rules of the Court; and (e) state whether you intend to appear at the Fairness Hearing, either in person or through counsel.

If you do intend to appear at the Fairness Hearing to object to the settlement, you must also provide with your written objection a detailed statement of the specific legal and factual basis for each objection, a list of any witnesses you may seek to call at the hearing with each witness' address and summary of the witness' testimony, a detailed description of all evidence you may seek to offer at the hearing with copies of the exhibits attached, and documentary proof of your membership in the Class. You or your lawyer may appear at the Fairness Hearing if you have filed a written objection as provided above. (See the section on the "Court's Fairness Hearing" below). If you have a lawyer file an objection for you, he or she must follow all rules of Court and you must list the attorney's name, address, bar number, and telephone number in the written objection filed with the Court.

Unless you submit a proper and timely written objection, according to the above requirements, you may not be allowed to object or appear at the Fairness Hearing, in the discretion of the Court. Furthermore, if you want to intervene as a party to the case, you must file a motion to intervene with the Court by August 30, 2017. If you fail to do so, you won't be able to intervene in the case.

Please note that any objections or motions must be submitted by an individual Class Member or his or her attorney, not as a member of a group, class, or subclass. The only exception is that an objection may be submitted on behalf of an individual Class Member by his or her Legally Authorized Representative (see Question 16 above for a definition of that term).

| **26.  What's the difference between objecting and excluding yourself?** |
| --- |

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object, because the case no longer affects you. If you object, and the Court approves the settlement anyway, you will still be legally bound by the result.

| **THE COURT'S FAIRNESS HEARING** |
| --- |

The Court will hold a hearing called a "Fairness Hearing" to decide whether to approve the settlement. If you have not excluded yourself from the settlement, you may attend the Fairness Hearing and you may ask to speak, but you don't have to.

| **27.  When and where will the Court decide whether to approve the settlement?** |
| --- |

The Court will hold a Fairness Hearing to decide whether to finally approve the proposed settlement. You may attend and you may ask to speak, but you don't have to do either one.

The Fairness Hearing will be on **October 24, 2017, at 2:00 p.m.** before Judge Timothy J. Corrigan, United States District Court for the Middle District of Florida, 300 N. Hogan Street, Jacksonville, Florida 32202.

At this hearing, the Court will consider whether the proposed settlement and all of its terms are adequate, fair, and reasonable. If there are objections, the Court will consider them. The Court may listen to people who have asked for permission to speak at the hearing and complied with the other requirements for objections explained in Question 25 above, and may also listen to others who wish to speak, in the Court's discretion. The Court may also decide how much to award Class Counsel for fees and expenses for representing the Class and whether and how much to award the Class Representatives for representing the Class.

At or after the hearing, the Court will decide whether to finally approve the proposed settlement. There may be appeals after that. We do not know how long these decisions will take.

The Court may change deadlines listed in this Notice without further notice to the Class. To keep up on any changes in the deadlines, please contact the Settlement Administrator or review the website.

| **28. Do I have to come to the Hearing?** |
|---|

No. Class Counsel will answer any questions asked by the Court. But, you are welcome to come at your own expense. If you intend to have a lawyer appear on your behalf at the final approval hearing, your lawyer must enter a written notice of appearance of counsel with the Clerk of the Court no later than August 30, 2017, and must comply with all of the requirements explained in Question 25.

If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time and complied with the other requirements for a proper objection, the Court will consider it.

| **29. May I speak at the Hearing?** |
|---|

If you submitted a proper written objection to the settlement, you or your lawyer acting on your behalf may speak at the Hearing. To do so, you must send a Notice of Intention to Appear and follow the procedures set out in Question 25. Your Notice of Intention to Appear must be mailed to the Settlement Administrator so that it is **postmarked no later than August 30, 2017**, and it must be **filed** with the Clerk of the Court by that same date. See Question 25 for the addresses. You cannot speak at the hearing if you excluded yourself.

| **IF YOU DO NOTHING** |
|---|

| **30. What happens if I do nothing at all?** |
|---|

If you do nothing, you will get no money from this settlement. And unless you exclude yourself, you won't be able to sue or be part of any other lawsuit against Defendants about the legal issues in this case, ever again.

| **GETTING MORE INFORMATION** |
|---|

| **31. How do I get more information about the settlement?** |
|---|

You may obtain additional information by

- Calling the Settlement Administrator toll-free at _____ to ask questions and receive copies of documents, or e-mailing the Settlement Administrator at _____.

- Writing to the Settlement Administrator at the following address:

[insert address]

- Visiting the settlement website, where you will find answers to common questions about the settlement, a Claim Form, plus other information to help you.

- Reviewing legal documents that have been filed with the Clerk of Court in this lawsuit at the Court offices stated in Question 25 above during regular office hours, and also available through the Public Access to Court Electronic Records system at www.pacer.gov.

- Contacting Class Counsel listed in Question 23 above.

**PLEASE DO NOT CALL THE JUDGE, THE COURT CLERK, OR USAA TO ASK QUESTIONS ABOUT THIS LAWSUIT OR NOTICE.**

**THE COURT WILL NOT RESPOND TO LETTERS OR TELEPHONE CALLS. IF YOU WISH TO ADDRESS THE COURT, YOU MUST FILE AN APPROPRIATE PLEADING OR MOTION WITH THE CLERK OF THE COURT IN ACCORDANCE WITH THE COURT'S USUAL PROCEDURES.**

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT [website].
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR [website].