## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CHANTAL BASTIAN, on behalf of
herself and all others similarly
situated, WILLIAM LAKER, and
OLIVER SUTTON,

     Plaintiffs,

v.

UNITED SERVICES
AUTOMOBILE ASSOCIATION,
USAA CASUALTY INSURANCE
COMPANY, GARRISON
PROPERTY AND CASUALTY
INSURANCE COMPANY, and
USAA GENERAL INDEMNITY
COMPANY,

     Defendants.

Case No. 3:13-cv-1454-J-32MCR

_____

## FINAL ORDER AND JUDGMENT CERTIFYING CLASS FOR SETTLEMENT PURPOSES, APPROVING CLASS ACTION SETTLEMENT, AWARDING CLASS COUNSEL ATTORNEYS' FEES, AWARDING CLASS REPRESENTATIVE SERVICE FEES, AND DISMISSING ACTION WITH PREJUDICE

The Court has considered the Joint Motion for Final Approval of Class

Action Settlement ("Joint Motion for Final Approval"), Class Counsel's Motion

for Approval of Attorneys' Fees and Named Plaintiff Service Awards ("Class

Counsel's Motion for Fees and Service Awards"), and Plaintiffs' Declarations in

Support of Joint Motion for Final Approval and Class Counsel's Application for Fees and Service Awards, and the other submissions relating to final approval of the settlement.

The Joint Motion for Final Approval requests (a) certification of the Settlement Class for settlement purposes only; (b) final approval of the Proposed Settlement that was the subject of the Court's prior Order Preliminarily Approving Class Settlement; and (c) dismissal with prejudice of Plaintiffs' claims against Defendants in accordance with the terms of the settlement. Class Counsel's Motion for Fees and Service Awards requests that this Court award attorneys' fees and reimbursement of expenses to Class Counsel and class representative incentive awards to the Class Representatives in connection with this Action. In connection with the Joint Motion for Final Approval and Class Counsel's Motion for Fees and Service Awards, the Court considered all documents filed with the Court pertaining to the Proposed Settlement, all objections filed with the Court or submitted to the Settlement Administrator, any documents which were admitted into evidence at the Fairness Hearing, the parties' submissions in support of Joint Motion for Final Approval, the Court's record in this matter, and arguments of counsel.

WHEREAS Plaintiffs and Defendants have executed and filed a Class Action Settlement Agreement (the "Agreement") with the Court on April 25, 2017; and

WHEREAS Plaintiffs and Defendants filed a Notice of filing amended exhibits 1-3 to the Settlement Agreement with the Court on May 22, 2017; and

WHEREAS the Agreement is hereby incorporated by reference in this Order and all terms defined in the Agreement will have the same meanings in this Order; and

WHEREAS the Court, on June 5, 2017, entered an Order Preliminarily Approving Class Settlement ("Preliminary Approval Order"), requiring modifications to exhibit 2 of the Settlement Agreement (Long Form Notice) and preliminarily certifying, for settlement purposes only, this Action as a class action, and scheduling a hearing for October 24, 2017 at 2:00 p.m. the ("Fairness Hearing") (a) to determine whether the Proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be finally approved by the Court; (b) to determine whether a final judgment should be entered herein; and (c) to consider Class Counsel's Motion for Fees and Service Awards; and

WHEREAS, the Court ordered that the Mailed Notice and Claim Form and Emailed Notice with link to the settlement website containing the Electronic Claim Form, in the forms attached to the Agreement as Exhibits 2, 3, 4 and 5, be mailed and emailed (as applicable) by the Settlement Administrator, Dahl Administration, LLC, by first-class mail, postage prepaid, on or before June 30, 2017 (the "Mailed Notice Date") and the Emailed Notice

also sent to all potential Settlement Class Members whose names were ascertained by Defendants through a reasonable search of their electronic records, with the notices to be sent to their last-known email address and last-known physical mailing address, with physical mailing address updating and verification where reasonably available, and that the Internet website and toll-free number be implemented on or before the Notice Mailing Date; and

WHEREAS, the Parties have satisfactorily demonstrated that such Mailed and Emailed Notice was given in accordance with the terms of the Preliminary Approval Order; and

WHEREAS, in accordance with the Mailed and Emailed Notice, the Fairness Hearing was duly held before this Court on October 24, 2017; and

WHEREAS, at the Fairness Hearing, the Court considered (a) whether certification for settlement purposes only was appropriate under Fed. R. Civ. P. 23; (b) the fairness, reasonableness, and the adequacy of the Agreement; and (c) the fairness and reasonableness of Class Counsel's motion for attorneys' fees and class representative incentive awards under applicable law; and

WHEREAS, the Court has fulfilled its duty to independently evaluate the fairness, reasonableness, and adequacy of the Agreement and Class Counsel's Motion for Attorneys' Fees and Service Awards by considering not only the filings and arguments of Plaintiffs, Class Counsel, and Defendants, but also by

independently evaluating the Agreement and Class Counsel's Motion for Fees and Service Awards; and

WHEREAS, by performing this independent analysis of the Joint Motion for Final Approval and Class Counsel's Motion for Fees and Service Awards, and carefully considering any objections made, the Court has considered and protected the interests of all absent Settlement Class Members under Fed. R. Civ. P. 23; and

WHEREAS, the Mailed Notice and Emailed Notice advised Settlement Class Members of the method by which a Settlement Class Member could request exclusion from the Proposed Settlement and pursue an independent legal remedy against Defendants; and

WHEREAS, all Settlement Class Members had the absolute right to opt out and pursue an individual lawsuit against Defendants; and

WHEREAS, any Settlement Class Member who failed to request exclusion under the terms of the Mailed Notice and Emailed Notice voluntarily waived the right to pursue an independent remedy against Defendants; and

WHEREAS, the Mailed Notice and Emailed Notice advised Settlement Class Members of the method by which a Settlement Class Member could properly file objections and request to be heard at the Fairness Hearing; and

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Joint Motion for Final Approval and

Class Counsel's Motion for Fees and Service Awards, and having reviewed and considered the files and records herein, and all other evidence submitted, finds and concludes as follows:

1.     The definitions and terms set forth in the Agreement are hereby adopted and incorporated into this Order.

2.     The Second Amended Complaint filed in this Action alleges that Defendants breached their Florida Automobile Insurance Policies in resolving claims of some policyholders for Total Losses, by improperly failing to include what Plaintiffs contend is the correct amount of sales tax required to be paid under the terms of the insurance policies and applicable Florida law. Defendants have maintained throughout this Litigation that they have properly paid for sales tax on such claims consistent with their position regarding the terms of the applicable insurance policies and Florida law, and have denied that they have engaged in any wrongful or unlawful conduct. In its order on the parties' cross-motions for summary judgment, the Court disagreed with Defendants' position. The Court, however, subsequently certified that order for an interlocutory appeal, concluding that there was a substantial ground for difference of opinion. If this Litigation were to continue, Defendants would have the right to appeal the Court's order on the cross-motions for summary judgment, and the outcome of that appeal would be uncertain.

3.      On or about September 19, 2017, Plaintiffs and Defendants moved the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Order and Judgment. In support of that motion, the parties submitted, among other things, evidence concerning the dissemination and adequacy of the notice, evidence regarding the names of potential Settlement Class Members who have submitted requests for exclusion from the Settlement Class, evidence regarding the negotiation of the Agreement, evidence regarding the fairness, reasonableness, and adequacy of the substantive terms of the Agreement, and Class Counsel submitted evidence regarding the fairness, reasonableness, and adequacy of Class Counsel's Motion for Fees and Service Awards. The parties submitted a Joint Motion for Final Approval, setting forth extensive argument and authority along with various exhibits attached thereto. Class Counsel's Motion for Fees and Service Awards contained both extensive argument and authority and various exhibits attached thereto.

4.      As part of its Preliminary Approval Order, the Court certified for settlement purposes only a Settlement Class defined as follows:

Each and every Person who:

(a)     was insured by a Defendant under a Florida Automobile Insurance Policy;

(b)     during the Class Period suffered a Covered Total Loss; and

7

(c)     received from a Defendant an Actual Cash Value Payment for the Covered Total Loss.

(d)     excluding:

(i)     claims that were the subject of any individual (non-class action) lawsuit filed during the Class Period alleging causes of action related to any Released Claims, except for the Named Plaintiffs' claims;

(ii)     claims for which Defendants received an executed release during the Class Period; and

(iii)     Defendants, all present or former officers and/or directors of Defendants, the Neutral Evaluator, Class Counsel, a Judge of this Court, and Defendants' counsel of record.

5.     The Court hereby reaffirms this definition of the Settlement Class for purposes of this Final Order and Judgment and certifies this Action, for settlement purposes only, as a Class Action. In so doing, the Court finds, for settlement purposes only, that the Action meets all the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process requirements, and can therefore be certified as a settlement class action, for the reasons set forth more fully below.

6.     The Court finds that the Settlement Class as defined above is ascertainable. The Parties have demonstrated that the Settlement Class Members can be identified through a search of Defendants' records.

8

7.     The Court finds that the numerosity requirement has been satisfied. The evidence presented establishes that there are approximately 84,441 members of the Settlement Class.

8.     The Court finds that the commonality requirement has been satisfied. There is a common question of law regarding whether Defendants were required to pay sales tax based on the cost of a vehicle comparable to the total loss vehicle, or were permitted to pay sales tax when incurred under Fla. Stat. § 626.9743(9). This issue applies to all of the claims of the Settlement Class Members and would be a central issue on an appeal if the case were further litigated.

9.     The Court finds that the typicality requirement is satisfied. The Named Plaintiffs have demonstrated that their claims are typical of those of the putative class members in that they were not paid the amount of sales tax that is claimed to be owed.

10.     The Court finds that the adequacy of representation requirement is satisfied. Class Counsel's declarations demonstrate that the Named Plaintiffs have adequately performed their duties as class representatives. There is no evidence that the Named Plaintiffs have any conflict of interest with the Proposed Class.

11.     With respect to the requirements of Fed. R. Civ. P. 23(b)(3), the Court finds that, for purposes of this settlement, common questions of law or

fact predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Given that Defendants have, by agreeing to the Proposed Settlement, agreed to make payments of additional sales tax amounts based upon the vehicle valuations that were previously performed, and have effectively waived any opportunity they may have to present evidence with regard to vehicle valuations, individualized questions do not predominate and a class action is superior to other available methods of adjudication. The Parties have represented that the settlement can be managed in a manner that is efficient, and the Court is satisfied from the terms of the Agreement and the progress of the settlement process to date that that is the case.

Plaintiffs and Defendants have entered into the Agreement, which has been filed with the Court and is incorporated herein by reference. The Agreement provides for the settlement of this Action with Defendants on behalf of the Named Plaintiffs and Settlement Class Members, subject to final approval by the Court. The Agreement provides that Defendants continue to include Actual Cash Value Sales Tax in Actual Cash Value Payments under Florida Automobile Insurance Policies, unless and until the earlier of the following occurs: (1) Defendants implement a change in their Florida Automobile Insurance Policies specifying that sales tax on total loss vehicles

will be paid as incurred, at which point the new policy language will be followed if and when it becomes effective; or (2) a Florida District Court of Appeal, the Florida Supreme Court or the U.S. Court of Appeals for the Eleventh Circuit issues a decision on a contested issue as to the payment of sales tax, and permits sales tax to be paid as incurred after purchase of a replacement vehicle under automobile insurance policy language that, in Defendants' judgment, is reasonably equivalent to Defendants' Florida Automobile Insurance Policies. In the event that Defendants commit an inadvertent breach of this paragraph of the Agreement, any individual claimant may pursue any rights they have under applicable law but such breach shall not entitle any person to any further remedy under the Agreement. However, if Defendants breach the obligations under this paragraph of the Agreement as to 50 or more claims, relief may be sought in this Court.

12.     The Agreement further provides that, in exchange for the Release described in the Agreement and this Final Order and Judgment, Defendants will provide Claim Payments to all qualifying Settlement Class Members who submit timely and approved claims, as set forth in the Agreement.

13.     On June 5, 2017, the Court approved the Mailed and Emailed Notice and method of notification for potential Settlement Class Members, and directed that Mailed and Emailed Notice of the Proposed Settlement and of the

11

Fairness Hearing be disseminated in accordance with the terms of the Agreement and the Preliminary Approval Order.

14. On September 19, 2017, the Parties provided evidence that the Mailed and Emailed Notice and establishment of the settlement website (usaafloridasalestaxsettlement.com), which informed members of the Settlement Class of the terms of the Proposed Settlement, of their opportunity to request exclusion from the Settlement Class, and of their opportunity to object to the terms of the Agreement, were disseminated and posted in accordance with the Preliminary Approval Order.

15. Specifically, the Court received an affidavit from Kimberly Ness, an employee of the Settlement Administrator, setting forth the scope and results of the notice campaign.

16. Based on the Court's review of the evidence and arguments of counsel, the Court finds and concludes that the Mailed and Emailed Notice as disseminated to members of the Settlement Class in accordance with provisions of the Preliminarily Approval Order, together with the posting of the Agreement, Mailed and Emailed Notice, Claim Form, Preliminary Approval Order, and frequently asked questions on the settlement website, (i) constituted the best practicable notice; (ii) were reasonably calculated to apprise potential Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the Proposed Settlement and to appear at the

Fairness Hearing, and their right to seek monetary relief; and (iii) were reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice.

17.    Accordingly, the Mailed and Emailed Notice as disseminated is finally approved as fair, reasonable, and adequate. The Court finds and concludes that due and adequate notice of the pendency of this Action and of the Agreement has been provided to Settlement Class Members, and the Court further finds and concludes that the notice program described in the Preliminary Approval Order and completed by the Parties complied fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, and the requirements of due process under the Florida and United States Constitutions. The Court further finds that the notice campaign undertaken concisely and clearly states in plain, easily understood language, among other things:

(a)    the nature of the Action;

(b)    the definition of the Settlement Class certified;

(c)    the class claims, issues, and defenses;

(d)    that a Settlement Class Member may object to the Proposed Settlement;

(e)    that a Settlement Class Member may move to intervene and participate in person or through counsel if he or she so desires;

13

(f)     that the Court will exclude from the Settlement Class any Settlement Class Member who timely and properly requests exclusion, stating when and how members may elect to be excluded; and

(g)     the binding effect of the class judgment on Settlement Class Members.

18.     Having reviewed the Affidavit of Kimberly Ness concerning the success of the notice campaign, the Court finds that it is unnecessary to afford a new opportunity to request exclusion to individual Settlement Class Members who had an earlier opportunity to request exclusion, but did not do so.

19.     The Court further finds that the Class Action Fairness Act Notice provided by the Settlement Administrator on behalf of Defendants was in compliance with 28 U.S.C. § 1715(b), and that the Class Action Fairness Act Notice was given more than 90 days prior to any order of final approval, in accordance with 28 U.S.C. § 1715(d). None of the numerous agencies to which notice was given under the Class Action Fairness Act have objected to the settlement, supporting the fairness and reasonableness of the settlement.

20.     The Fairness Hearing and the evidence before the Court support a finding that the Agreement was entered into in good faith between the Plaintiffs and Defendants.

21.     The Court finds that the Agreement is the result of a good-faith, arm's-length negotiation by the Parties hereto. In addition, the Court finds that

14

approval of the Agreement and the Proposed Settlement embodied therein will further the interests of justice. Further, the Court finds that the Agreement is fair, reasonable, and adequate to Settlement Class Members based on discovery, due diligence, and the absence of material objections sufficient to deny approval.

22.     The settlement of the Action on the terms and conditions set forth in the Agreement is approved and confirmed in all respects as fair, reasonable, and adequate and in the best interest of the Settlement Class, especially in light of the benefits to the Settlement Class and the costs and risks associated with the continued prosecution, trial, and possible appeal of this complex litigation.

23.     The Eleventh Circuit has instructed district courts to consider the following factors when deciding whether to approve a proposed class action settlement: "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, expense, and duration of litigation; (5) the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." Faught v. Am. Home Shield Corp., 668 F.3d 1233, 1240 (11th Cir. 2011); see also Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984).

24.     With respect to the first factor, the Court believes, based on its order on the parties' cross-motions for summary judgment, that the plaintiffs

have a strong likelihood of success at trial, if class certification were granted after contested proceedings, and the case were taken to trial. In this case, however, what is most pertinent to evaluating the proposed settlement is the likelihood of success on appeal, and the likelihood of class certification being granted (and affirmed on an appeal). The central legal issue presented by this case is one on which the Court has previously found that there is a substantial ground for difference of opinion and, while the outcome of an appeal can be difficult to predict, the Settlement Class Members have a significant risk that they would not prevail on appeal. Defendants have also indicated that, in opposition to any motion for class certification, they would present evidence that, based on expert review of valuations of the vehicles of some of the Named Plaintiffs and some Settlement Class Members, Defendants could show that nothing more is owed on those claims notwithstanding the Court's ruling on the sales tax issue. There is thus a substantial question as to whether class certification would be granted in this case, and the plaintiffs bear a significant risk on that issue.

25.    With respect to the second factor, the range of possible recovery, Plaintiffs' Counsel has calculated that the potential cash recovery is approximately $34 million. If Defendants were to prevail on class certification, or on appeal with respect to the central legal issue, the plaintiffs and Settlement Class Members would recover nothing. There is thus a wide range of possible

16

recovery. Defendants changed their procedure with regard to the payment of sales tax on first party Total Loss claims in Florida, and, on or about October 15, 2016, began paying sales tax for those claims calculated based on the cost of a comparable vehicle, without requirement that the insured incur sales tax on a replacement vehicle.   The third factor is the range of possible recovery at which a settlement is fair, adequate, and reasonable. Faught, 668 F.3d at 1240. The proposed settlement provides 108% of any previously-unpaid sales tax to Settlement Class Members who submit timely claim forms, which is roughly equivalent to full relief. The proposed settlement also provides that Defendants have agreed to continue to include in payments for total loss vehicles and amount for sales tax based on the sales tax that would be due upon purchase of a comparable replacement vehicle without requiring that the sales tax be incurred, unless and until they implement a change in the insurance policy forms specifying that sales tax on total loss vehicles will be paid as incurred, or a Florida District Court of Appeal, the Florida Supreme Court or the U.S. Court of Appeals for the Eleventh Circuit issues a decision in a case where the payment of sales tax is contested and the decision is favorable to Defendants' position on the issue previously presented by Defendants' summary judgment motion in this Court. Plaintiffs' Counsel has also calculated that Defendants' agreement to change their practice, which varies based on claim volume, is

valued at approximately $600,000 per month. Such a settlement is thus fair, adequate and reasonable considering the range of possible recovery.

26.     The fourth factor is the anticipated complexity, expense, and duration of litigation. <u>Faught</u>, 668 F.3d at 1240. If this case were not settled, the parties would need to complete discovery, class action-related motion practice and, if a class were certified, there would need to be a trial and then, if the plaintiffs prevailed, the defendants would appeal. All of this would require substantial expense, and it is unlikely that the proceedings, including the appeal, would conclude until 2018 or 2019. The Court finds that this weighs in favor of approving the settlement.

27.     This settlement should also be approved because the class has overwhelmingly accepted it. Of the approximately 84,441 members of the class, only two objected, representing just 0.002% of the Notices mailed. "A low percentage of objections demonstrates the reasonableness of a settlement." <u>Perez v. Asurion Corp.</u>, 501 F. Supp. 2d 1360, 1381 (S.D. Fla. 2007) (citation omitted). Although all objectors had the opportunity to appear in person or through counsel and present objections at the Fairness Hearing, no objectors availed themselves of that opportunity. However, the Court received written objections from class members Jennifer Hinojosa (Doc. 139) and Bentley James Bradley (Doc. 140-5). Neither objector requested to be excluded from the settlement agreement, indicating that they wish to receive benefits from the

settlement if approved. <u>See</u> <u>Borcea v. Carnival Corp.</u>, 238 F.R.D. 664, 674 (S.D. Fla. 2006) (granting motion for final approval of class action settlement and noting that five of the eight objectors did not opt out).

Both Hinojosa and Bradley object to the amount of attorneys' fees as excessive. For the reasons set forth in paragraph 46, the Court finds the requested attorneys' fees and costs to be reasonable and consistent with awards of attorneys' fees and costs in other class action settlements in the Eleventh Circuit, and therefore overrules their objections.

In addition, Hinojosa raises a number of other objections, including: the Notice to class members is unacceptable and deficient; there is no need for a claims made settlement; there is a strong case against USAA; and the release is too broad. For the following reasons, the Court overrules each of these objections.

First, Hinojosa states that the Notice to class members is "unacceptable and deficient" because the call center representative informed her that she was "likely a member of the class" and directed her to contact the Settlement Administrator to answer further questions but could not provide her with the phone number. (Doc. 139 at 1). She further objects to the language in the email and the Sales Tax Long Form Notice, subparagraph "11 Understanding Class Membership," as "not understandable," "incorrect and misleading, if not

outright false" because she was unable to obtain answers to her questions after calling the phone number listed.

The Court reviewed the Notice the class members received at the preliminary approval stage of the case, found it to be clear, and therefore approved it, with minor revisions. Upon review, the Notice sent to the class complies with the Court's preliminary approval order. As Class Counsel points out, the Notice informs potential class members that it they were unsure of whether they were entitled to a benefit under the settlement, they could submit a claim form and not incur a penalty if found not to be eligible. (Doc. 140-4 at 8). Moreover, Hinojosa did not contact Class Counsel or Defense Counsel regarding her concerns about the Notice, though their contact information was provided. The parties submit that no other class members have complained that paragraph 11 of the Notice was not understandable, and the Court overrules Hinojosa's objection on this point.

Second, Hinojosa states that there is "no need for [a] claims made settlement," because "Defendants have all the information they need to send monies directly to class members without filing forms." (Doc. 139 at 2). She contends that "this is a way to avoid a payout of all monies due to class members." Id. Hinojosa presents no evidence to support these contentions. Moreover, Class Counsel explain that they could not rely on data produced in discovery to determine which class members had valid claims because

Defendants do not require adjusters to itemize in an electronic data field every sales tax payment. (Doc. 140 at 10; Doc. 140-2 at 10). Under such circumstances, a claims made settlement is appropriate. See Poertner v. Gillette Co., 618 F. App'x 624, 628 (11th Cir. 2015); Faught, 668 F.3d at 1238 (settlement permitting class members to resubmit home warranty contracts that previously had been rejected); Hinson v. AT&T Services, Inc., No. 3:13-cv-00029-TJC-JRK (M.D. Fla. Dec. 16, 2016) (approving claims-made settlement); Bd. of Trustees of the City of Lake Worth Employees' Ret. Sys. v. Lynch, No. 3:10-CV-845-J-32MCR, 2012 WL 12903095, at *3 (M.D. Fla. Apr. 24, 2012).

Third, Hinojosa opines that this is a "strong case against USAA" and highlights the Order denying Defendants' motion for summary judgment. (Doc. 139 at 2). For the reasons already identified in paragraph 24, the Court finds that, even considering its summary judgment ruling, the risks are sufficient on both sides to militate in favor of a settlement that provides the class immediate relief, amounting to 108% of claimed actual damages. This objection is overruled.

Finally, Hinojosa claims "the release is too broad."[1] Her objection is conclusory in that it fails to specify what aspect of the release she deems too

---

[1] The language in the Notice regarding the release states "[i]f you submit a Claim Form, or simply stay in the Class, you will agree to 'release and discharge' USAA for any claims relating to any insufficiency in the amount of any payment for sales tax on your insured (damaged vehicle) . . . ." (Doc. 140-4

broad or provide any additional explanation. Regardless, the Court finds that "[u]pon review, the release is tailored to prevent the relitigation of settled questions at the core of this class action" and overrules this objection. <u>Demsheck v. Ginn Dev. Co., LLC</u>, No. 3:09-CV-335-J-25TEM, 2014 WL 11370089, at *4 (M.D. Fla. Mar. 5, 2014), <u>aff'd sub nom. Greco v. Ginn Dev. Co., LLC</u>, 635 F. App'x 628 (11th Cir. 2015); <u>In re Checking Account Overdraft Litig.</u>, 830 F. Supp. 2d 1330, 1352 (S.D. Fla. 2011) (release was tailored to claims that relate to or arise out of conduct that was the subject matter of the complaints).

In light of the foregoing, the objections do not identify problems sufficient to justify rejecting the proposed Settlement and are overruled.

28.     With respect to the sixth factor, the stage of proceedings at which the settlement was achieved, the parties have had a substantial opportunity to evaluate the strengths and weaknesses of their positions in the case through the motion practice and the Court's ruling on the cross-motions for summary judgment, as well as the discovery that was subsequently completed on class certification-related issues. The Court thus finds that this factor weighs in favor of approving the settlement.

29.     The notice campaign was highly successful and resulted in notice being mailed to more than 84,000 potential Settlement Class Members. Two (2)

———————————

at 12).

th

Settlement Class Members filed objections to either the Agreement or Class Counsel's Motion for Fees. The lack of opposition by a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Agreement and Class Counsel's Application for Fees.

**NOW, THEREFORE, GOOD CAUSE APPEARING THEREFORE, IT IS ORDERED THAT:**

30.     The Court possesses jurisdiction over the subject matter of this Action and to approve the Agreement, and has personal jurisdiction over all Settlement Class Members. The Joint Motion for Final Approval of Class Action Settlement (Doc. 140) is **GRANTED**.

31.     The Court finds that all requirements for certification of a settlement class under Rule 23 of the Federal Rules of Civil Procedure have been met. The Court certifies the Settlement Class, for settlement purposes only.

32.     The Court finds that the terms of the Agreement are fair, reasonable, and adequate to Settlement Class Members; consistent with and in compliance with requirements of due process; and in the best interests of the Settlement Class. All provisions and terms of the Agreement are hereby finally approved in all respects. The Parties to the Agreement are hereby directed to consummate the Agreement in accordance with its terms.

33.    The Court finds that Class Counsel and the Named Plaintiffs adequately, appropriately, and fairly represented and protected the interests of the Settlement Class for the purposes of entering into and implementing the Proposed Settlement. Accordingly, the Court reconfirms its appointment of Plaintiffs Chantal Bastian, William Laker, Oliver Sutton, Ryann Love and Terry Smith as representatives of the Settlement Class, and reconfirms its appointment of the following Class Counsel as counsel for the Settlement Class:

Christopher B. Hall
Hall & Lampros, LLP
1230 Peachtree Street, NE
Suite 950
Atlanta, GA 30309
Tel. 404-876-8100


Tracy L. Markham
Avolio & Hanlon, P.C.
2800 N 5th Street, Suite 302
St. Augustine, FL 32084
Tel. 904-794-7005


34.    The Court approves the Opt-Out List submitted by the Settlement Administrator (attached hereto as Exhibit 1). Timely requests for exclusion were submitted by twenty-two (22) potential Settlement Class Members, and those potential Settlement Class Members are excluded from the Settlement Class and shall neither share in nor be bound by the Final Order and Judgment. All other potential Settlement Class Members are adjudged to be members of

the Settlement Class and are bound by this Final Order and Judgment and by the Agreement, including the Release provided for in the Agreement and this Final Order and Judgment.

35.     This Action is dismissed in its entirety on the merits, with prejudice and without leave to amend, and without fees or costs except as expressly provided in this Final Order and Judgment.

36.     Upon the entry of this Final Order and Judgment, each Settlement Class Member (except those who have been excluded by the Court as set forth in Exhibit 1), as well as their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have submitted a Claim Form, shall be conclusively deemed to have fully released and discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, and are bound by the provisions of the Agreement, including but not limited to the Release. The provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, and/or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and/or approved by a court are expressly, knowingly, and voluntarily waived by and on behalf of the Named Plaintiffs and all Settlement Class Members who have

not been excluded from the Settlement Class, as set forth in Paragraphs 63-64 of the Agreement. However, this waiver does not expand the claims that are released under the Agreement and this Order.

37.    All Settlement Class Members (other than those excluded by the Court as set forth in Exhibit 1), as well as their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have submitted a Claim Form, are forever barred from (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims and (ii) organizing Settlement Class Members who have not been excluded from the Settlement class into a separate class for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims. Any person in violation of this order may be subject to

sanctions, including payment of reasonable attorneys' fees incurred to seek enforcement of this order.

38.    "Released Claims" means and includes any and all known and Unknown Claims (as defined by ¶ 39), rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether ex contractu or ex delicto, statutory, common law or equitable, including but not limited to breach of contract, bad faith, or extracontractual claims, and claims for punitive or exemplary damages, or prejudgment or postjudgment interest, arising from or relating in any way to any insufficiency in the amount of any payment made to a Settlement Class Member for sales tax with respect to any Covered Total Loss under an Automobile Insurance Policy occurring during the Class Period. Released Claims do not include any claim for enforcement of the Agreement and/or this Final Order and Judgment. In addition, each of the Named Plaintiffs also releases any claims arising from or relating in any way to any automobile insurance claim made by him or her for any Covered Total Loss under an Automobile Insurance Policy occurring during the Class Period.

39.    "Unknown Claim" means any claim and its related relief and/or damages arising out of newly discovered facts and/or facts found hereafter to be other than or different from the facts now believed to be true.  The Released Claims include any and all Unknown Claims arising from or relating in any way to any insufficiency in the amount of any payment made to a Settlement

Class Member for sales tax with respect to any Covered Total Loss under an Automobile Insurance Policy occurring during the Class Period. Upon the final approval of the Final Settlement, each Settlement Class Member who has not timely and properly excluded himself or herself from the Settlement Class shall be deemed to have expressly waived and released any and all Unknown Claims that he or she has or might have arising from or in any way related to the Released Claims. In addition, with respect to each of the Named Plaintiffs, the Released Claims also include any Unknown Claim arising from or relating in any way to any automobile insurance claim made by him or her for any Covered Total Loss under an Automobile Insurance Policy occurring during the Class Period.

40.   "Released Persons" means (a) Defendants United Services Automobile Association, USAA Casualty Insurance Company, Garrison Property and Casualty Insurance Company and USAA General Indemnity Company; (b) all of the past and present divisions, parent entities, affiliates, and subsidiaries, of the entities listed in (a) above; (c) all past and present officers, directors, agents, attorneys, employees, stockholders, successors, assigns, insurers, reinsurers, independent contractors, and legal representatives of the entities and/or Persons listed in (a) and (b) above; and (d) all of the heirs, estates, successors, assigns, and legal representatives of any of the entities or Persons listed in this Paragraph.

41.    The following constitutes highly confidential and proprietary business information of Defendants (the "Confidential Information"): (a) the names, addresses, policy and/or member numbers, and other data concerning potential Settlement Class Members compiled by Defendants and/or the Settlement Administrator in effectuating the Proposed Settlement; and (b) the electronic data processing and other record keeping procedures and materials utilized or to be utilized by Defendants and/or the Settlement Administrator in identifying the potential Settlement Class Members and effectuating Defendants' other obligations under the Agreement and/or the Proposed Settlement. The confidentiality of all Confidential Information shall be protected from disclosure by Class Counsel and/or other attorneys for Plaintiffs in this Action to any Persons other than those described in Paragraph 42 below.

42.    No Persons other than Defendants, Defendants' counsel and clerical/administrative personnel employed by them, Class Counsel and clerical/administrative personnel employed by Class Counsel, the Settlement Administrator, the Neutral Evaluator and any clerical/administrative personnel employed by him, and such other Persons as the Court may order, after hearing on notice to all counsel of record, shall be allowed access to any Confidential Information.

43.    Within 30 days after the Effective Date, Class Counsel and/or other attorneys for Plaintiffs in this Action shall return to Defendants all Confidential

Information, and all confidential documents, data, or information, and all copies thereof in their possession, custody, or control, and any other confidential documents (exclusive of documents filed with the Court) provided by Defendants to Class Counsel or anyone they employed or retained in this Action or any other similar action either in discovery or in connection with settlement negotiations and/or the Agreement. Within 45 days after the Effective Date, Class Counsel shall deliver an affidavit to Defendants certifying their compliance with this paragraph. Further, the Parties agree that neither Class Counsel, nor any one employed with, retained by, or otherwise associated with Class Counsel's firms shall use any of this Confidential Information or confidential material in any other litigation, current or future, unless independently obtained through discovery or other procedures in such other litigation. In the event that any Confidential Information or confidential documents have already been destroyed, Class Counsel will include in that affidavit the name and address of the Person(s) who destroyed the Confidential Information and/or documents.

44.     The Agreement, Proposed Settlement, and this Final Order and Judgment are not deemed admissions of liability or fault by Defendants, or a finding of any wrongdoing or violation of law by Defendants. The Agreement and Proposed Settlement are not a concession by the Parties and neither this Final Order and Judgment nor the Agreement or any other documents, exhibits,

or materials submitted in furtherance of the settlement, shall be offered, received, or construed as evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of Defendants, or for any other purpose.

45.    Neither the Agreement, nor the negotiations of the settlement, nor the settlement procedures, nor any act, statement, or document related in any way to the settlement negotiations or settlement procedures, nor any pleadings, or other document or action related in any way to the Agreement shall be (a) offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party of liability or of the certifiability of a litigation class or (b) otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class against Defendants; provided, however, that reference may be made to the Agreement and the settlement provided for therein in such proceedings as may be necessary to effectuate the provisions of the Agreement, as further set forth in the Agreement.

46.    Plaintiffs request that the Court approve attorneys' fees of $5 million and costs of $100,000, and service awards of $10,000 for Named Plaintiffs Chantal Bastian, William Laker, and Oliver Sutton; and $8,000 for

Named Plaintiffs Terry Smith and Ryan Love.[2] (Doc. 137). The Court, applying the teachings of the Eleventh Circuit in <u>Camden I Condominium Association, Inc. v. Dunkle</u>, 946 F.2d 768 (11th Cir. 1991), finds that these amounts are fair and reasonable. The requested fees are approximately 9.4% of the more than $53.2 million total monetary value of the settlement, a percentage well below the 25% benchmark established in <u>Camden I</u>. In addition, the amount of attorneys' fees and costs was separately negotiated from the settlement of the Class Claims, and the award of attorneys' fees and costs does not diminish the amount to be paid to Class Members under the Settlement Agreement. Finally, the Court has reviewed the Declaration of Michael G. Tanner as to Reasonableness of Attorneys' Fees and Expenses, in which he opines that the attorneys' fees and costs are reasonable, particularly given the "very significant benefit [conferred] on the class in this case." (Doc. 137-5 ¶ 13).

In light of these findings, Plaintiffs' Motion for Approval of Attorneys' Fees and Costs and Named Plaintiffs' Service Awards (Doc. 137) is **GRANTED**. The Court awards Class Counsel jointly the sum of $5 million in attorneys' fees and $100,000 in costs. In addition, the Court awards $10,000 to Class Representatives Chantal Bastian, William Laker, and Oliver Sutton, and $8,000 to Class Representatives Terry Smith and Ryann Love as service

---

[2] Pursuant to the Settlement Agreement, Defendants do not oppose Plaintiffs' request for attorneys' fees and costs. (Doc. 137 at 1).

awards. Defendants shall pay the attorneys' fee award to Class Counsel and the service awards to the Class Representatives, pursuant to the terms of the Agreement.

47.    The Court reaffirms its appointment of Dahl Administration, LLC as the Settlement Administrator.

48.    The Court reaffirms its appointment of Michael T. Callahan as Neutral Evaluator to carry out the duties and responsibilities set forth in the Agreement. Neither Plaintiffs, nor Defendants, nor the Parties' counsel shall be liable for any act or omission of the Neutral Evaluator. The Parties to the Agreement, the Neutral Evaluator, the Settlement Administrator, counsel in any capacity in which they may act under the authority of the Agreement, and any employees, representatives, or agents of such Persons or entities shall not be liable to any absent class member or third party for unintentional or ministerial mistakes in carrying out the terms of the Agreement and/or the claims administration process. Nothing in this paragraph shall limit the enforceability of the terms of the Agreement between the Parties.

49.    Any Settlement Class Member who receives a check in connection with a claim submitted under the Agreement and does not cash that check within 180 days of its date is deemed to have withdrawn that claim, and Defendants have no obligation to pay that claim.

50.     Without in any way affecting the finality of this Final Judgment, and without affecting the proper jurisdiction of any other court to enforce the Agreement and the settlement, this Court shall retain continuing jurisdiction over this Action for purposes of:

A.      Enforcing the Agreement and the settlement;

B.      Hearing and determining any application by any Party to the Agreement for a settlement bar order; and

C.      Any other matters related or ancillary to any of the foregoing.

51.     In accordance with Fed. R. Civ. P. 54, this Final Order and Judgment is a final and appealable order.

**DONE AND ORDERED** in Jacksonville, Florida the 1st day of November, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record

EXHIBIT 1

EXCLUSION REQUESTS

| | |
|---|---|
| 00272893 | MARY DORIS G LEE |
| 00038723 | LAWRENCE P SCHLERNITZAUER |
| 00242578 | KELLY BUNTYN |
| 00242585 | KELLY BUNTYN |
| 00084121 | KEVIN C BATTEN |
| 00439544 | TERRI LEE V TERRILL |
| 00024217 | JAMES C DRUYOR |
| 00754676 | STEVEN RANDOLPH GIBSON |
| 00764018 | PAUL CLIFFORD WEBER |
| 00349488 | HOLLY A KUS |
| 00057429 | KEVIN R COFFEY |
| 00232843 | TERESA M RYAN |
| 00030262 | EST OF EDWARD E SNOW |
| 00045508 | WILLIAM J DOUGHERTY |
| 00017026 | JOSEPH L ROSSI |
| 00578462 | BAHREDDINE HANNAT |
| 00307398 | JAMES B HOLLAND |
| 00303351 | DAWN B RIVERA |
| 00242836 | GRETTA L HOWELL |
| 00378541 | LINDA U SCHRADER |
| 00358522 | RICHARD J MILLER |
| 00648288 | RICHARD B HEIDEN |