**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| CHANTAL BASTIAN, et al. on behalf of themselves and all others similarly situated, : : : | |
| Plaintiffs, : : | CASE NO.: 3:13-cv-001454-J-32MCR |
| vs. : : | |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, et al., : : : | |
| Defendants. : | |

**PLAINTIFFS' MOTION TO ENFORCE FINAL ORDER AND JUDGMENT AND SETTLEMENT AGREEMENT AND FOR POST JUDGMENT DISCOVERY**

Plaintiffs Chantal Bastian, William Laker, Oliver Sutton, Ryann Love, and Terry Smith, pursuant to the Fed. R. Civ. P. 69(a)(2), 70(a) and (e), and the inherent authority of the Court to enforce its orders, file this Motion to Enforce Final Order and Judgment (Doc. 145) and Settlement Agreement, and for Post Judgment Discovery. Plaintiffs have identified breaches of the Final Order and Judgment and Settlement Agreement. Prior to filing this motion, the parties conferred and Defendants have confirmed that they do not oppose "reopening the *Bastian* case" and "will agree to an orderly remedy for any unpaid sales tax to be paid on Florida total loss claims during the applicable time period with judicial process/oversight." See Email of 5/24/19 from W. Ackerman to C. Hall, attached as Ex. F.

**CONCISE STATEMENT OF THE RELIEF REQUESTED**

Plaintiffs request:

(1) that discovery be permitted to identify all breaches of the Settlement Agreement and Final Order and Judgment;

(2) that the Court set deadlines for final and supplemental briefing (after discovery) on this Motion to Enforce; and

1

  (3)  that judgment be entered for all unpaid sales tax plus interest in favor of all total loss claimants for the period October 16, 2016 through the present who were not paid sales tax, and for payment of attorneys' fees and expenses pursuant Fla. Stat. § 627.428, the Court's Final Order and Judgment, and applicable law.

## STATEMENT OF THE BASIS FOR THE REQUEST

Plaintiffs file this Motion based on evidence that Defendants have violated the Settlement Agreement and Final Order and Judgment entered by this Court, which require Defendants to pay sales tax on all covered first-party total loss claims from October 16, 2016 through the present and future (so long as the auto policies have the same material language and the law does not change). Plaintiffs have discovered that Defendants have not paid sales tax on at least three (3) out of four (4) total loss claims involving leased vehicles that they have reviewed. Ex. A, Hall Decl. at ¶ 3.

Plaintiffs' counsel sent a letter to Defense counsel on May 17, 2019 informing Defendants that Plaintiffs believe Defendants are in breach of the Settlement Agreement and Final Order and Judgment. Ex. B, letter of 5/17/2019 from C. Hall to W. Ackerman. Plaintiffs' counsel stated in the letter that they had reviewed four (4) leased vehicle total loss claims, and that Defendants had withheld sales tax on three (3) of them in violation of the Settlement Agreement and Final Order and Judgment. Based on this 75% ratio of unpaid sales tax on leased vehicle claims, it appears that there may be over 400 annual violations, and that there very likely is over 50 violations per year. *Id.* at ¶ 4.

Plaintiffs' counsel asked Defendants to confirm or deny whether they have failed to pay sales tax on over 50 total loss claims covered under the Settlement Agreement and Final Order and

2

Judgment.[1]  *Id.* at ¶ 5.  Defendants responded that they would correct any errors relating to failure to pay and would pay all unpaid sales tax plus interest.  Defendants would neither confirm nor deny that there are over fifty (50) violations.  *Id.* ay ¶ 10.  Plaintiffs seek to reopen this case, take discovery, and enforce the Settlement Agreement and Final Order and Judgment.

Plaintiffs ultimately seek an orderly process to remedy the breaches of the Settlement Agreement and Judgment, and to ensure that all payments are properly made. This process is necessary because Defendants had the opportunity to make the proper payments without oversight, and, it appears, have failed to do so.

Defendants have communicated to Plaintiffs that they "intended and intend to comply with the Court's Order approving the prior settlement of this case." Further, Defendants have communicated that they "are committed to reviewing their Florida auto first-party total loss claims during the relevant period and correcting any mistakes that may have been made in paying sales tax on those claims." See Ex. F.

### MEMORANDUM OF LEGAL AUTHORITY IN SUPPORT

**I.     The Settlement Agreement and Final Order and Judgment Required Defendants to Pay Sales Tax on All First-Party Total Loss Claims.**

As the Court is aware, this case involves allegations that Defendants breached automobile insurance policies issued to Plaintiffs and members of the proposed class by failing to include in

---

[1] The Court's Final Order and Judgment provides that an isolated breach or violation of the Court's Final Order and Judgment that is with respect to 50 or less claims shall not entitle any person to any further remedy under this Agreement.  Plaintiffs have reviewed four (4) leased vehicle total loss claims and three (3) of them have no sales tax payment. Ex. A, Hall Declaration at ¶ 6. Plaintiffs believe that there are at minimum 12,000 covered total loss claims per year paid by Defendants. *Id.* at ¶ 7.  Plaintiffs believe that approximately 5% of those claims involve leased vehicles, making the total number of leased vehicle total losses over 600 per year. *Id.* at ¶ 8. Failures by Defendants to pay sales tax on 75% of those claims are 450 annual violations. *Id.* at ¶ 9.

3

payments for total loss vehicles an amount for sales tax calculated based on the sales tax that would be due upon purchase of a comparable vehicle. Ex. A, Hall Decl., at ¶ 11.  Defendants' practice and procedure was to pay sales tax when incurred, reimbursing their members (policyholders) for sales tax paid in purchasing a replacement vehicle, which Defendants asserted was appropriate under the language of their insurance policies and Fla. Stat. § 626.9743(9) ("If sales tax will necessarily be incurred by a claimant upon replacement of a total loss or upon repair of a partial loss, the insurer may defer payment of the sales tax unless and until the obligation has actually been incurred."). *Id.* at ¶ 12.  The Court denied Defendants' motion for summary judgment, but subsequently certified its order for interlocutory appeal to the Eleventh Circuit. *Id.* at ¶ 13.  The Eleventh Circuit denied permission to appeal. The parties subsequently conducted substantial discovery on class certification and damages issues, prior to reaching the settlement. *Id.* at ¶ 14.

The Settlement Agreement applied to all first-party total loss claims.  The Settlement Agreement and Final Order and Judgment require Defendants to pay sales tax going forward from October 16, 2016 on all total loss claims.  The Court's Final Order and Judgment applies equally to leased vehicles and non-leased (owned or financed) vehicles.  Defendants included leased and non-leased vehicles as members of the class in the class administration process, and paid leased and non-leased vehicle members on their *Bastian* claims.  The policies at issue provide that there is no difference under the policies between owned and leased vehicles: "For purposes of this policy, a vehicle is deemed to be owned by a person if leased under a written agreement to that person for a continuous period of at least six months." Policy Section E ("Ownership").

As part of the settlement agreement, Defendants represented to Plaintiffs and the Court that they had changed their practice and procedure on first-party total loss claims on or about October

15, 2016 to begin paying sales tax without requirement that the insured incur sales tax on a replacement vehicle.

> Defendants changed their procedure with regard to the payment of sales tax on first party Total Loss claims in Florida, and, on or about October 15, 2016, began paying sales tax for those claims calculated based on the cost of a comparable vehicle, without requirement that the insured incur sales tax on a replacement vehicle.

Final Order and Judgment (Doc. 145) at 17; *see also* Joint Motion for Preliminary Approval of Class Action Settlement ("Defendants began paying sales tax without the requirement that sales tax be incurred by October 15, 2016."); Joint Motion for Final Approval of Class Action Settlement and Supporting Memorandum (Doc. 140) at 2 ("Defendants began paying sales tax without the requirement that sales tax be incurred by October 15, 2016.").

> As part of the Settlement, Defendants agreed to the following:

> 112. While this proposed settlement is pending and if a Final Order and Judgment is entered and becomes Final, Defendants agree to continue to include Actual Cash Value Sales Tax in Actual Cash Value Payments under Florida Automobile Insurance Policies, unless and until the earlier of the following occurs: (1) Defendants implement a change in their Florida Automobile Insurance Policies specifying that sales tax on total loss vehicles will be paid as incurred, at which point the new policy language will be followed if and when it becomes effective; or (2) a Florida District Court of Appeal, the Florida Supreme Court or the U.S. Court of Appeals for the Eleventh Circuit issues a new decision after the execution of this Agreement on a contested issue as to the payment of sales tax, and permits sales tax to be paid as incurred after purchase of a replacement vehicle under automobile insurance policy language that, in Defendants' judgment, is reasonably equivalent to Defendants' Florida Automobile Insurance Policies. In the event that Defendants commit a breach of this paragraph of this Agreement that is an isolated breach and constitutes a violation with respect to 50 or less claims, any individual claimant may pursue any rights they have under applicable law but such breach shall not entitle any person to any further remedy under this Agreement. Nothing in this paragraph shall permit Defendants to breach its obligations to pay Class Members who timely submit Claim Forms under this Settlement Agreement based on any assertion that any court has issued a decision on a contested issue as to the payment of sales tax, and permits sales tax to be paid as incurred after purchase of a replacement vehicle under automobile insurance policy language that, in Defendants' judgment, is reasonably equivalent to Defendants' Florida Automobile Insurance Policies.

Settlement Agreement (Doc. 129-1; 134-1) at ¶ 112.

The Court's Final Order and Judgment approves and incorporates the terms of the Settlement Agreement, and provides:

> The Agreement provides that Defendants continue to include Actual Cash Value Sales Tax in Actual Cash Value Payments under Florida Automobile Insurance Policies, unless and until the earlier of the following occurs: (1) Defendants implement a change in their Florida Automobile Insurance Policies specifying that sales tax on total loss vehicles will be paid as incurred, at which point the new policy language will be followed if and when it becomes effective; or (2) a Florida District Court of Appeal, the Florida Supreme Court or the U.S. Court of Appeals for the Eleventh Circuit issues a decision on a contested issue as to the payment of sales tax, and permits sales tax to be paid as incurred after purchase of a replacement vehicle under automobile insurance policy language that, in Defendants' judgment, is reasonably equivalent to Defendants' Florida Automobile Insurance Policies. In the event that Defendants commit an inadvertent breach of this paragraph of the Agreement, any individual claimant may pursue any rights they have under applicable law but such breach shall not entitle any person to any further remedy under the Agreement. However, if Defendants breach the obligations under this paragraph of the Agreement as to 50 or more claims, relief may be sought in this Court.

Final Order and Judgment (Doc. 145) at 10-11; *see also*, *Id.* at ¶ 1 (Doc. 145) ("The definitions and terms set forth in the Agreement are hereby adopted and incorporated into this Order.")

Plaintiffs do not believe that there have been any changes to Defendants' "Florida Automobile Insurance Policies specifying that sales tax on total loss vehicles will be paid as incurred, at which point the new policy language will be followed if and when it becomes effective."

Plaintiffs do not believe that there is any decision issued by "a Florida District Court of Appeal, the Florida Supreme Court or the U.S. Court of Appeals for the Eleventh Circuit . . . on a contested issue as to the payment of sales tax, [that] permits sales tax to be paid as incurred after purchase of a replacement vehicle under automobile insurance policy language that, in Defendants' judgment, is reasonably equivalent to Defendants' Florida Automobile Insurance Policies."

As such Defendants are required to pay sales tax on all first-party total loss claims for the period October 16, 2016 through the present.

The Court retained jurisdiction over this matter to enforce the Settlement Agreement and Final Order and Judgment.

> 50. Without in any way affecting the finality of this Final Judgment, and without affecting the proper jurisdiction of any other court to enforce the Agreement and the settlement, this Court shall retain continuing jurisdiction over this Action for purposes of:
>
>   A.  Enforcing the Agreement and the settlement;
>
>   B.  Hearing and determining any application by any Party to the Agreement for a settlement bar order; and
>
>   C. Any other matters related or ancillary to any of the foregoing.

Final Order and Judgment at ¶ 50.

## II. Plaintiffs Allege Defendants Have Breached the Agreement on Hundreds of Claims.

Plaintiffs' counsel have monitored Defendants' claims payments when possible for purposes of ensuring compliance with the Settlement Agreement and Final Order and Judgment. As part of this effort, Plaintiffs reviewed total loss claims handling documents relating to four (4) leased vehicle total loss claims. On three (3) of those claims, Plaintiffs' counsel discovered that Defendants failed to pay sales tax. Plaintiffs informed Defendants by letter dated May 17, 2019 of the belief that Defendants had violated the Settlement Agreement and Final Order and Judgment. Plaintiffs asked for Defendants to confirm or deny whether they have violated the Settlement Agreement and Order on more than 50 claims:

> The Court's Final Order and Judgment provides that an isolated breach or violation of the Court's Final Judgment and Order that is with respect to 50 or less claims shall not entitle any person to any further remedy under this Agreement. Plaintiffs have reviewed four leased vehicle total loss claims and three of them have no sales tax payment. There are at minimum 12,000 covered total loss claims per year paid

>by Defendants. Plaintiffs believe that approximately 5% of those claims involve leased vehicles, making the total number of leased vehicle total losses over 600 per year. Failures by Defendant to pay sales tax on 75% of those claims are 450 annual violations.
>
>I request that Defendants respond in writing on or before May 23, 2019 to this letter and also provide responses to the following relating to Florida total loss claims:
>
>> (1)   Do Defendants dispute that it has not paid sales tax on more than 50 covered first-party total loss claims (including leased or non-leased vehicles) since October 15, 2016?
>>
>> (2)   If so, explain all reasons why such failures do not constitute breaches under the Settlement Agreement and Final Judgment and Order?

Ex. B, letter of 5/17/19 from C. Hall to W. Ackerman at 3.

Defendants' response did not dispute that violations had occurred, or that violations numbered in excess of 50, or that a change in law or change in policy permitted Defendants to withhold sales tax payments:

> I write in response to your letter of May 17, 2019 regarding three claims involving leased vehicles that you allege were improperly handled by USAA under the Settlement Agreement in *Bastian v. USAA*. Because you have not provided any information identifying any of the three claims that are mentioned in your letter, USAA has not had the opportunity to review those particular files. **USAA acknowledges that it has an obligation under the Settlement Agreement to pay sales tax on leased vehicles that are a total loss.** Whether a vehicle is leased or not is not a data field available in USAA's claims data, and thus USAA has not been able to quickly identify the universe of Florida total loss claims involving leased vehicles. USAA is working on identifying and reviewing that group of claims, and intends to make corrections and issue supplemental payments (with interest) on claims where errors are found.

Ex. C, email of 5/23/19 from W. Ackerman to C. Hall (emphasis added).[2]

---

[2] Defendants requested that Plaintiffs identify the three claims. Plaintiffs did not have permission to identify two of the claims, and agreed to identify the third claim if Defendants would provide a specific explanation for why the claim was not paid. Ex. D, emails between C. Hall and W. Ackerman of 5/17/19. Defendants refused to agree to provide a specific explanation.

Plaintiffs attach here as Exhibit E documents showing that Defendants did not pay sales tax on claim number 000302077 - 531.  See, Ex. E (Payment made for $33,031.22 (two separate payments of $26,740.02 and $6,291.20), which did not include the $2,034.88 in calculated sales tax).  Plaintiffs will supplement this filing when they get permission to identify the other two claims.

### III. The Court Should Reopen the Case, and Set a Discovery Schedule Permitting Abbreviated Discovery, and Set Deadlines for Final Briefing in Support of Motion to Enforce Final Order and Judgment.

The Court's Final Order and Judgment provides that is retains jurisdiction over this matter to effectuate the Settlement Agreement and Final Order and Judgment.  (Doc. 145 at ¶ 50).

Plaintiffs are encouraged that Defendants have agreed that they have a duty to pay sales tax on all total loss claims (including on leased vehicles), and that they are willing to issue payment of sales tax plus interest on those total loss claims where sales tax was not paid. Ex. C, email from W. Ackerman to C. Hall of 5/23/19.

Plaintiffs are concerned with Defendants' response that they do not have leased vehicle data fields.  Plaintiffs' counsel believes this response is in error.  Plaintiffs recall, from the data produced in this lawsuit, that Defendants in fact do have a leased vehicle data field.  Moreover, because there is a Court order that sales tax be paid on all claims, it should not be difficult for Defendants to confirm and provide proof that sales tax in fact was paid on all claims (leases and non-leases).

Plaintiffs therefore request that discovery be permitted to identify all breaches of the Settlement Agreement and Final Order and Judgment, that the Court set deadlines for final and supplemental briefing on this Motion to Enforce, and that judgment be entered for unpaid sales tax and interest in favor of those Defendants' insureds who were denied sales tax on their total loss

claims, and for payment of attorneys' fees and expenses pursuant Fla. Stat. § 627.428 and the Court's Final Order and Judgment.

## CONCLUSION

Plaintiffs respectfully request that the Court enter an Order reopening the lawsuit, and set a scheduling order for discovery, mediation, and supplemental briefing deadlines in support of this Motion to Enforce. Pursuant to Local Rule 3.01(g), counsel for Plaintiffs have conferred with defense counsel in good faith to resolve the issues raised in this motion.

This 24th day of May, 2019,

        CHANTAL BASTIAN, WILLIAM LAKER, OLIVER SUTTON, RYANN LOVE, and TERRY SMITH on behalf of themselves and all others similarly situated

By:/s/Christopher B. Hall
Christopher B. Hall
Appearing Pro Hac Vice
Hall & Lampros, LLP
400 Galleria Pkwy
Suite 1150
Atlanta, GA 30339
(404) 876-8100
(404) 876-3477 fax
chall@hallandlampros.com

Tracy L. Markham
Florida Bar No. 0040126
Southern Atlantic Law Group, PLLC
2800 N. 5th Street, Suite 302
St. Augustine, FL 32804
(904) 794-7005
(904) 794-7007 (fax)
tlm@southernatlanticlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 24, 2019, a copy of the foregoing *Plaintiffs' Motion to Enforce Final Order and Judgment and Settlement Agreement and For Post Judgment Discovery* was filed electronically. A copy of this filing will be sent by e-mail to all parties who have appeared in this action by operation of the Court's electronic filing system, and by first-class mail, postage prepaid, to any parties that do not have access to the Court's electronic filing system.

This 24th day of May, 2019,

/s/Christopher B. Hall
Christopher B. Hall