**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| CHANTAL BASTIAN, et al. on behalf of themselves and all others similarly situated, : : : | |
| Plaintiffs, : : | CASE NO.: 3:13-cv-001454-J-32MCR |
| vs. : : | |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, et al., : : : | |
| Defendants. : | |

## JOINT FINAL REPORT

Plaintiffs Chantal Bastian, William Laker, Oliver Sutton, Ryann Love, and Terry Smith and Defendants United Services Automobile Association, USAA Casualty Insurance Company, USAA General Indemnity Company, and Garrison Property and Casualty Insurance Company file this Joint Final Report pursuant to the Court's July 29, 2019 Order. The Parties inform the Court that they have worked together since the filing of the Motion to Enforce Settlement (Doc. 150) to cause $3.18 million in sales tax payments and interest to be made on Florida first-party automobile total loss claims since October 16, 2016. Defendants have also enhanced the automation of certain claims handling practices and procedures to ensure that sales tax is properly paid on all Florida first-party automobile total loss claims effective October 11, 2019. The Parties provide this Joint Final Report relating to these efforts.

### Background

As the Court is aware, this case originally involved allegations that Defendants breached Florida automobile insurance policies issued to Plaintiffs and members of a proposed

1

class by failing to include in payments for total loss vehicles on first-party claims an amount for sales tax calculated based on the sales tax that would be due upon the purchase of a comparable vehicle. Ex. 1, Hall Decl., at ¶ 4. Defendants' practice and procedure was to pay sales tax when incurred, reimbursing their members (policyholders) for sales tax paid in purchasing a replacement vehicle, which Defendants asserted was appropriate under the language of their insurance policies and Fla. Stat. § 626.9743(9) ("If sales tax will necessarily be incurred by a claimant upon replacement of a total loss or upon repair of a partial loss, the insurer may defer payment of the sales tax unless and until the obligation has actually been incurred."). *Id.* at ¶ 5. The Court denied Defendants' motion for summary judgment, but subsequently certified its order for interlocutory appeal to the Eleventh Circuit. *Id.* at ¶ 6. The Eleventh Circuit denied permission to appeal. *Id.* at ¶ 7. The Parties subsequently conducted substantial discovery on class certification and damages issues, prior to reaching the settlement. *Id.*

As part of the settlement agreement, Defendants represented to Plaintiffs and the Court that they had changed their practice and procedure on Florida first-party total loss claims on or about October 15, 2016 to begin paying sales tax without the requirement that the insured incur sales tax on a replacement vehicle. *Id.* at ¶ 8. Final Order and Judgment (Doc. 145) at 17; *see also* Joint Motion for Preliminary Approval of Class Action Settlement ("Defendants began paying sales tax without the requirement that sales tax be incurred by October 15, 2016."); Joint Motion for Final Approval of Class Action Settlement and Supporting Memorandum (Doc. 140) at 2 ("Defendants began paying sales tax without the requirement that sales tax be incurred by October 15, 2016.").

As part of the settlement agreement, Defendants agreed to continue to pay sales tax on all Florida first-party total loss claims until the earlier of the following occurs: (1) Defendants implement a change in their Florida Automobile Insurance Policies specifying that sales tax on total loss vehicles will be paid as incurred, at which point the new policy language will be followed if and when it becomes effective; or (2) a Florida District Court of Appeal, the Florida Supreme Court or the U.S. Court of Appeals for the Eleventh Circuit issues a new decision after the execution of this Agreement on a contested issue as to the payment of sales tax, and permits sales tax to be paid as incurred after purchase of a replacement vehicle under automobile insurance policy language that, in Defendants' judgment, is reasonably equivalent to Defendants' Florida Automobile Insurance Policies. Hall Decl. at ¶ 9; Settlement Agreement (Doc. 129-1; 134-1) at ¶ 112.  Neither of the two exceptions in the foregoing sentence has occurred.  Hall Decl. at ¶ 9.  As such Defendants are required to pay sales tax on all Florida first-party total loss claims for the period October 16, 2016 through the present. *Id.*

The Court retained jurisdiction over this matter to enforce the Settlement Agreement and Final Order and Judgment.  Final Order and Judgment at ¶ 50.

Plaintiffs monitored Defendants' total loss payment practices and uncovered evidence indicating that sales tax had not been paid on one Florida total loss claim involving a leased vehicle.  Hall Decl. at ¶ 11.  Plaintiffs' counsel then engaged in an extensive investigation to identify leased vehicles total loss claims (approximately 5% of all total losses) and determine whether sales tax was included in the claims.  *Id.* at ¶ 12.  After this investigation, Plaintiffs communicated the issue to Defendants and ultimately filed a Motion to Enforce the Settlement Agreement. *Id.* at ¶ 13.

**Corrective Payments and Action**

Defendants agreed to investigate and remedy any failure to comply with the Settlement Agreement and Judgment. *Id.* at ¶ 14. On July 26, 2019, the Parties provided a Joint Notice to the Court setting out methods and a timeline to identify Florida total loss claims with unpaid sales tax, to make payment on such claims, and to ensure that future claims are paid. (Doc. 154).

The Parties complied with the terms of the Joint Notice. To resolve this matter, Defendants:

1. Reviewed all Florida first-party total loss private passenger auto claims for the period October 16, 2016 through October 11, 2019;
2. Identified all sales tax underpayments (determining sales tax due based on the statewide 6% tax plus local discretionary sales tax);
3. Identified the statutory interest on any sales tax underpayments;
4. Paid 100% of underpaid sales tax plus all statutory interest to those insureds who did not receive full sales tax on their total loss claims;
5. Informed all pay recipients of the reasons for the payments;
6. Implemented corrective action effective October 11, 2019 to ensure that Defendants' claims representatives can no longer override sales tax payments on Florida first-party total loss claims – thus ensuring the payment of sales tax on claims going forward.

Hall Decl. at ¶ 15.

In addition to monitoring and investigating Defendants' practices for compliance with the Settlement Agreement and discovering the under payments, Plaintiffs' counsel was diligent in ensuring compliance of the above six items. *Id.* at ¶ 16. This was a fluid process that included substantial back and forth between counsel, independent review of Defendants' claims data to identify underpayments, review and confirmation of Defendants' underpayment calculations, review and confirmation of three declarations of remediation efforts, deposing Defendants' corporate representative relating to remediation efforts, ensuring that

communications to remediated insureds explained the purpose of the payments, ensuring proper processes were in place on returned checks, and ensuring that any and all gaps in remediation efforts were filled. Defendants fully cooperated with and responded to Plaintiffs' inquiries on these subjects. *Id.* The joint efforts of the Parties resulted in payment of $3.18 million on all amounts due on the claims at issue including all statutory interest for all insureds whose claims had been underpaid. *Id.* at ¶¶ 16-19.

After resolution of all of the above six issues was completed providing payment of all amounts due for all underpaid insureds, Plaintiffs' counsel and Defendants' counsel negotiated attorneys' fees of $315,000 and $10,000 in expenses at arms-length. This amount is 9.9% of the actual payments to class members and 3.7 % of the benefit to class members, which is below the percentages of attorneys' fees paid in the underlying class action. *Id.* at ¶ 20.

## Conclusion

The efforts and payments to insureds were on behalf of persons who were not part of the certified class of the underlying litigation (unless they fortuitously happened to have total loss claims with USAA both during the class period and after the class period), resulted in no compromise of any right or claim, and includes no release of any claims by these insureds. *Id.* at ¶ 21. The Parties therefore respectfully submit that there is no requirement for notice relating to the payments and remedies outlined above (the Parties are not aware of any case imposing such requirement). The Parties therefore respectfully request that the Court enter an Order approving the remediation efforts and fees and expenses negotiated by the Parties, and closing this matter.

This 10th day of January, 2020,

CHANTAL BASTIAN, WILLIAM LAKER, OLIVER SUTTON, RYANN LOVE, and TERRY SMITH on behalf of themselves and all others similarly situated

| | |
|---|---|
| By:/s/Christopher B. Hall<br>Christopher B. Hall<br>Appearing Pro Hac Vice<br>Hall & Lampros, LLP<br>400 Galleria Parkway<br>Suite 1150<br>Atlanta, GA 30339<br>Tel. (404) 876-8100<br>Fax (404) 876-3477<br>E-mail: chall@hallandlampros.com | Tracy L. Markham<br>Florida Bar No. 0040126<br>Southern Atlantic Law Group, PLLC<br>2800 N 5th Street, Suite 302<br>St. Augustine, Florida 32084<br>Tel. (904) 794-7005<br>Fax (904) 794-7007<br>E-mail: tlm@southernatlanticlaw.com.com |

UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, and USAA GENERAL INDEMNITY COMPANY,

| | |
|---|---|
| By /s/Wystan Ackerman<br>Wystan M. Ackerman<br>(pro hac vice)<br>Robinson & Cole LLP<br>280 Trumbull Street<br>Hartford, CT 06103<br>Tel. 860-275-8200<br>Fax 860-275-8299<br>E-mail: wackerman@rc.com | Kristen M. Van der Linde<br>Fla. Bar No. 0964573<br>Boyd & Jenerette<br>201 North Hogan Street, Suite 400<br>Jacksonville, FL 32202<br>Tel. 904-493-3766<br>Fax 904-493-3739<br>E-mail: kvanderlinde@boyd-jenerette.com |

## CERTIFICATE OF SERVICE

I hereby certify that, on January 10, 2020, a copy of the foregoing was filed electronically. A copy of this filing will be sent by e-mail to all parties who have appeared in this action by operation of the Court's electronic filing system, and by first-class mail, postage prepaid, to any parties that do not have access to the Court's electronic filing system.

/s/Christopher B. Hall